ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| FEDERACION DE TIRO CON ARMAS CORTAS Y RIFLE DE P.R., INC. REINALDO IRIZARRY, PRESIDENTE VICTOR GONZALEZ GARCIA, MIEMBRO DEL COMITÉ EJECUTIVO DE DICHA FEDERACION<br><br>DEMANDANTES<br><br>Vs.<br><br>POLICIA DE PUERTO RICO LCDO. PEDRO TOLEDO DÁVILA<br><br>CORONEL LUIS F. MIRANDA MORALES 1-10776 SUPERINTENDENTE AUXILIAR DE DROGAS, NARCÓTICOS Y CONTROL DE VICIOS Y ARMAS ILEGALES<br><br>ESTADO LIBRE ASOCIADO DE P. R. LCDO. ROBERTO J. SÁNCHEZ RAMOS SECRETARIO DE JUSTICIA<br><br>DEMANDADOS | CIVIL NÚM. KPE08 3950<br><br>SOBRE:<br><br>SOLICITUD DE SENTENCIA DECLARATORIA E INJUCTION, VIOLACION DE DERECHOS CIVILES |

## DEMANDA

**AL HONORABLE TRIBUNAL:**

Comparecen los demandantes de epígrafe quienes a través de su representación legal exponen, alegan y solicitan:

1. La Federación de Tiro de Puerto Rico con Armas Cortas y Rifle es una corporación sin fines de lucro, inscrita al amparo de las leyes de Puerto Rico que tiene como propósito representar los tiradores de armas cortas y rifles de Puerto Rico, representar los intereses de los tiradores al blanco ante el Comité Olímpico de Puerto Rico, que cumple una función acreditadora dentro de la Ley 404 de 11 de septiembre de 2000 " Ley de Armas" y representa los clubes de tiro que están aglutinados bajo su palio como también de sus socios, quien comparece ante este foro a través de su Presidente el Sr. Reinaldo Irizarry y del Sr. Víctor González, miembro del Comité Ejecutivo, también se conoce a la Federación como PRSA o Puerto Rico Shoting Association.

2. El demandado Pedro Toledo Dávila es el Superintendente de la Policía de Puerto Rico, y quien representa dicha agencia y tiene el deber de poner en función la Ley 404 de 11 de septiembre de 2000; Ley de Armas.

3. El Coronel Luis F. Miranda Morales, placa 1-10776 es el Superintendente Auxiliar de Drogas, Narcóticos, Control de Vicios y Armas Ilegales y quien tiene la responsabilidad de haber emitido el comunicado que se aneja; Re: 05-11-Dic-4-158; el cual se explica por sí solo (Anejo I).

4. Luego de haberse emitido el comunicado que se aneja la Policía de Puerto Rico comenzó un operativo dirigido a enviar agentes de la Policía de Puerto Rico a los clubes de tiro al efecto de interpelar a los tiradores al blanco al efecto de requerirse la siguiente información:

    a) Nombre del tirador

    b) Número de licencia

    c) Arma o Armas que utiliza

        1. Número de serie

        2. Clase

        3. Marca

        4. Calibre

    d) Calibre de municiones

    e) Cantidad de las municiones (Anejo II)

5. Al momento de preparar este escrito patrullas de la Policía de Puerto Rico y personal de la Policía se habían trasladado a los clubes de Río Grande, Fajardo, Mayagüez (Caballeros de Colón), Aibonito, Ponce de León Gun Club, Armería AAA en la Ave. Kennedy y Pan American Gun Club al propósito de requerir la información antes descrita.

6. Véase que el comunicado de referencia es claro; el propósito es requerir información al propósito de ver si los tiradores al blanco están comprando municiones "utilizada por los compradores a otros fines"

7. No es difícil comprender que "a otros fines" se trata de fines ilegítimos.

8. El operativo resultante no es otra cosa que un registro y allanamiento sin orden puesto que el fin de la policía de Puerto Rico es interpelar a los

Tiradores al Blanco al propósito de buscar delitos lo que obviamente constituye a todas luces una gestión ilegal, inconstitucional y en violación al debido proceso de ley.

9. Sabemos por información provista por el Club de Tiro de Aibonito (Aibonito Shooting Club) a través de comunicación enviada por William Ramírez, su Vicepresidente, que la Policía incluso no les permitió usar sus facilidades dis que porque no estaba presente un "instructor"; cosa inconcebible porque tiradores autorizados no necesitan de instructor para poder practicar ese deporte y tampoco existe ningún requerimiento en ley ni reglamentario a ese efecto.

10. La gestión que se está llevando a cabo es una gestión ilegal e inconstitucional porque constituye a todas luces un registro y allanamiento ilegal.

11. Siendo la actuación predicada una no conforme a la ley y la Constitución del Estado Libre Asociado de Puerto Rico y la Constitución de los Estados Unidos de América señalamos particularmente:

   a) La actuación es violatoria de la Sec. 10 Art. II de la Constitución del Estado Libre Asociado de Puerto Rico

   b) Viola la Cuarta Enmienda de la Constitución de los Estados Unidos de América

   c) Violenta lo preceptuado en los casos de:

   1. Pueblo Vs. Yip Berríos 142 DPR 386

   2. Pueblo Vs. Ferreira Morales 148 DPR 238 (1998)

   3. ELA Vs. Coca Cola 115 DPR 197 (1984)

   4. Donovan Vs. Dewey 452 Us 594 (1981)

   5. Artículo 2.02 (c) de la Ley de Armas 404 de 11 de septiembre de 2000

   6. No está tampoco autorizado bajo el Reglamento 7311 de 4 de marzo de 2007

12. De lo preceptuado anteriormente es más que claro que el comunicado de referencia propone la creación de un estado de derecho que no existe en pos de autorizar un registro y allanamiento sin orden.



13. Tanto los clubes de tiro al blanco como sus miembros se han visto intimidados y asediados por la intromisión a todas luces ilegal en sus actividades al punto donde los tiradores se retiran al ver la presencia de la policía en las facilidades porque se sienten asediados y perseguidos.

14. La falta de autorización y falta de legitimidad en ley por parte de los demandados requiere inmediata acción judicial al efecto de que se emita un cese y desista de estas acciones porque de no existir de la misma se continuará violando los derechos de los demandantes al so color de autoridad someterles a allanamientos y registros ilegales.

15. Cualquier alegación de inspección administrativa bona fide por parte de los demandados sería y es insostenible habida cuenta de que el comunicado de referencia y las acciones llevadas a cabo lo que persiguen es descubrir actividades delictivas( que en estos lugares y por estas personas no existe), siendo dichas acciones de plano ilegales; Pueblo Vs. Ferreira Morales (Supra).

16. Que debe a la brevedad posible obligarse al desistimiento de estas acciones y de plano ordenar que las mismas no se repitan.

17. Debido a los hechos expuestos el vehículo procesal adecuado para resolver el asunto planteado lo es el que se invoca mediante este documento ya que no existe ningún otro mecanismo en ley propuesto y de existir cualquier otra solución la misma sería tardía por lo que lamentablemente no habrá forma de evitar que día a día se escale el daño que se le va a causar a los demandantes al mantenrles en constante acedio mediante registros y allanamientos ilegales.



18. Cualquier otro mecanismo en derecho propuesto resultaría ser totalmente ineficaz.

19. Este foro invocado tiene jurisdicción para conceder el remedio solicitado en virtud e la Regla 59 de Procedimiento Civil y la Ley de Derechos Civiles de 1974 32 LPRA§ 3524.

**POR TODO LO CUAL**, con el mayor de los respetos se solicita del Honorable Tribunal que declare Ha Lugar esta solicitud de Sentencia Declaratoria e Injunction y emita en su sentencia un Injunction permanente ordenándole cesar y desistir del operativo y las acciones llevabadas a cabo

mediante el comunicado de referencia al Superintendente de la Policía, y a sus agentes.

**RESPETUOSAMENTE SOMETIDO**, en Bayamón, Puerto Rico, a 13 de noviembre de 2008.

Oscar Acarón Montalvo
Abogado-Notario
Colegiado Número 9299
Box 6433
Bayamón, PR 00960-5433
(787) 786-4383



14 NOV 2008



Estado Libre Asociado de Puerto Rico
# Policía de Puerto Rico

*Anejo I*

**CUARTEL GENERAL**
TEL 787-793-1234

### AUMENTO EN LAS VENTAS DE MUNICIONES Y RECOMENDACION
### RE: OS-11-DIC-4-158; 7/OCTUBRE/08

| SUPERINTENDENCIA AUXILIAR DE DROGAS, NARCOTICOS, CONTROL VICIOS Y ARMAS ILEGALES |
|---|

SADAI-3-4-692                                    9 de Octubre de 2008

Referido al Capt. Gustavo Collazo Martínez, Director, Negociado de Armas Ilegales.

Remito comunicación de referencia, en la cual el Capt. Tito Pérez Lebrón 5-8339, Director, Oficina de Información Criminal, recomienda que a través de nuestra Superintendencia se realice un censo en los polígonos de tiro, que se encuentran ubicados en diferentes partes de la Isla, a los fines de tener constancia de la cantidad y el tipo de bala utilizada por los socios de estos clubes de tiro.

De acuerdo al análisis llevado a cabo por la Oficina de Información Criminal, cada mes se ha observado un aumento en las ventas de municiones realizadas en las armerías de Puerto Rico. En la actualidad no se tiene un cuadro claro, si realmente las balas compradas están siendo utilizadas con el propósito antes señalado y/o están siendo utilizadas por los compradores para otros fines.

Favor de coordinar un plan de trabajo estratégico, como el recomendado por el Capt. Pérez y aprobado por el Superintendente de la Policía.

A estos efectos hemos solicitado a la Superintendencia Auxiliar en Operaciones de Campo la asignación de cincuenta (50) efectivos para que se unan al personal de su Negociado para cumplir con nuestra encomienda.

Cor. Luis F. Miranda Morales 1-10776
Superintendente Auxiliar de Drogas,
Narcóticos, Control Vicios y Armas Ilegales

Anejo