

ESTADO LIBRE ASOCIADO DE PUERTO RICO
## Departamento de Justicia
APARTADO 9020192, SAN JUAN, PR 00902-0192

Antonio Miguel Sagardía De Jesús
Secretario de Justicia

Tel. (787) 723-4983
(787) 721-7771

15 de octubre de 2009

Hon. Héctor A. Torres Calderón
Presidente
Comisión de Seguridad Pública
Cámara de Representantes
El Capitolio
San Juan, Puerto Rico

Señor Presidente:

Nos referimos al P. de la C. 2030, el cual nos fue remitido para el correspondiente análisis. El título del mismo es el siguiente:

**LEY**

Para enmendar los artículos 1.02, 3.01, 3.02, 3.03 y 3.04 de la Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, conocida como "Ley de Armas de Puerto Rico", a los fines de permitir a aquellas personas que deseen organizarse en asociaciones de tiro no tengan que pertenecer obligatoriamente al Comité Olímpico de Puerto Rico ni a ninguna de las federaciones de tiro existentes; y para otros fines relacionados.

Tomando como fundamento el derecho constitucional a la libertad de organización y asociación, así como las leyes antimonopolísticas, se menciona en la Exposición de Motivos de la medida legislativa que no existe razón alguna "para que las personas que lícitamente porten armas y practiquen el tiro tengan que estar obligatoriamente afiliados al Comité Olímpico de Puerto Rico o a alguna de las federaciones de tiro existentes". Las enmiendas propuestas "ofrecería[n] la oportunidad legal a aquellas personas, grupos o entidades que no desean formar

parte de las instituciones antes descritas, pero quieren tener los medios legales para realizar y participar en eventos o actividades deportivas, educativas y recreativas, que no forman parte del cartel olímpico".

Expuesto en términos generales el propósito de la medida que nos ocupa, procederemos a emitir nuestros comentarios legales sobre la misma.

La Ley de Armas de Puerto Rico[1] faculta al Superintendente de la Policía de Puerto Rico a expedir permisos y licencias del deporte de tiro al blanco a todas aquellas entidades e individuos que lo soliciten. Para que el Superintendente considere la expedición de un permiso de tiro al blanco, el Secretario del Departamento de Recreación y Deportes debe certificar que una persona es participante *bona fide* de dicho deporte. En el caso de las licencias para clubes de tiro, el Secretario debe certificar que una entidad es un club, organización o federación de tiro al blanco *bona fide*.[2] Como se señala en la Exposición de Motivos, la Ley de Armas establece como uno de los requisitos para la concesión de una licencia para club de tiro la presentación de una certificación de afiliación a una federación de tiro.[3] En el caso de los individuos, la Ley de Armas requiere que la persona que solicite el permiso de tirador sea miembro de un club u organización de tiro al blanco, así como también de una federación de tiro.[4] La federación de tiro es definida por la Ley de Armas como "cualquier federación adscrita al Comité Olímpico de Puerto Rico que represente el deporte olímpico de tiro al blanco".[5]

El Comité Olímpico de Puerto Rico es un organismo deportivo con fines no pecuniarios, reconocido por el Comité Olímpico Internacional como la única autoridad para integrar, inscribir y representar las delegaciones deportivas de Puerto Rico en eventos internacionales bajo su patrocinio y en el de las federaciones deportivas internacionales.[6] Cabe señalar, que el Comité Olímpico no es una entidad del Estado Libre Asociado, aunque sí goza de una gran deferencia y apoyo por parte de éste. Ejemplo de ello, es la Ley Orgánica del Departamento de Recreación y Deportes, en cuyo Artículo 8[7] dispone que:

---

[1] Ley Núm. 404 de 11 de septiembre de 2000, según enmendada; 25 L.P.R.A. sec. 455 *et seq*.
[2] *Véanse*, Artículos 3.01, 3.02 y 3.04 de la Ley de Armas, *supra*; 25 L.P.R.A. secs. 457, 457a y 457c.
[3] Art. 3.02 de la Ley de Armas, *supra*; 25 L.P.R.A. Sec. 457a.
[4] Art. 3.04 de la Ley de Armas, *supra*; 25 L.P.R.A. Sec. 457c.
[5] Art. 1.02(n) de la Ley de Armas, *supra*; 25 L.P.RA. Sec. 455(n).
[6] Art. 2(c) de la Ley Núm. 71 de 1987; 15 L.P.R.A. Sec. 1002.
[7] 3 L.P.R.A. Sec. 455p.

> El Departamento reconoce la autonomía del Comité Olímpico y las federaciones deportivas nacionales para dirigir el deporte olímpico y para regirse por sus propios reglamentos y determinaciones exentos de la intervención del Estado en los asuntos de jurisdicción olímpica y federativa, sin menoscabar la facultad del Departamento para fiscalizar los fondos o donativos otorgados por éste.

Así pues, mediante la Ley de Armas se ha sostenido el carácter olímpico del deporte de tiro al blanco en Puerto Rico. El proyecto que nos ocupa propone alejarse de esta característica al incorporar a las asociaciones de tiro en las disposiciones de la Ley de Armas, básicamente como entidades alternativas a las federaciones de tiro en las gestiones que la Ley le ha encargado a estas últimas. Más aun, las enmiendas propuestas definen y le adscriben los siguientes deberes y funciones a las asociaciones de tiro:

> Asociación de tiro.- Significa cualquier agrupación dedicada a promover actividades educativas, deportivas o recreativas, relacionadas con las armas de fuego, y que no esté afiliada al Comité Olímpico de Puerto Rico, ni a ninguna de las federaciones de tiro existentes. Incluye las siguientes actividades, sin limitarse a las mismas: certificación, entrenamiento y educación en el uso y manejo de armas de fuego; certificación de instructores; coordinación y celebración de eventos, competencias, charlas, talleres y conferencias a individuos, grupos y otras entidades. Estas asociaciones estarán debidamente inscritas y certificadas por el Departamento de Estado y deberán mantener vigente dicha certificación. Los locales, oficinas y planta física de estas asociaciones, estarán sujetos a inspecciones periódicas por la Policía de Puerto Rico y el Departamento de Recreación y Deportes. Además, cumplirán con el pago de cuotas requerido en la presente Ley.

El Departamento de Justicia entiende que no existe impedimento legal para la aprobación de este proyecto. Sin embargo, recomendamos que debe evaluarse con detenimiento las repercusiones que pueda tener la exclusión de las entidades olímpicas en los procesos de concesión de licencias y permisos para el deporte de tiro al blanco. Debe tomarse en cuenta que el permiso de tiro al blanco faculta al poseedor para "transportar armas de fuego y municiones, **sin límite de número...**". Nos preocupa que con la aprobación de este proyecto proliferen las agrupaciones

de tiro al blanco alejadas de los valores morales y filosóficos que deben caracterizar el ejercicio de este deporte. De ese ser el caso, el proyecto ante nuestra consideración no adelantaría el interés del Estado en reglamentar las armas de fuego, con el fin de "promover una mayor seguridad y bienestar" para el Pueblo de Puerto Rico.[8]

<u>En vista de ello, y como cuestión de política pública, el Departamento de Justicia dará deferencia a los comentarios de la Policía de Puerto Rico y del Departamento de Recreación y Deportes sobre esta medida. Son éstas las entidades públicas encargadas de implementar las disposiciones de la ley objeto de enmiendas por la medida.</u>

No obstante lo anterior, debemos advertir sobre la inaplicabilidad de la legislación antimonopolística a la situación que no ocupa, según se menciona en la Exposición de Motivos de la medida. La Ley de Monopolios y Restricción del Comercio[9] prohíbe las prácticas antimonopolísticas y protege la libre y justa compensación en los negocios y el comercio. En términos específicos, la misma establece que son ilegales los contratos, combinación en forma de *trust* o en otra forma, o conspiración para restringir irrazonablemente los negocios o el comercio en Puerto Rico.[10] Evidentemente, tales prohibiciones no son aplicables a la concesión de licencias y permisos de tiro por parte del Estado, y a las afiliaciones a entidades sin fines lucrativos requeridas como parte de dicho proceso.

Esperamos que nuestros comentarios le sean de utilidad. Recomendamos que se consulte también al Comité Olímpico de Puerto Rico y a la Federación de Tiro de Armas Cortas y Rifles de Puerto Rico.

Cordialmente,

Antonio M. Sagardía De Jesús

---

[8] *Véase* Exposición de Motivos de la Ley de Armas de Puerto Rico, supra.
[9] Ley Núm. 77 de 25 de junio de 1964, según enmendada; 10 L.P.R.A. Sec. 257 *et seq.*
[10] Art. 2 de la Ley de Monopolios y Restricción del Comercio, supra; 10 L.P.R.A. Sec. 258.