
Estado Libre Asociado de Puerto Rico
**POLICIA DE PUERTO RICO**

16 de octubre de 2009

Honorable Héctor J. Torres Calderón
Presidente
Comisión de Seguridad Pública
Cámara de Representantes
El Capitolio

Estimado señor Presidente:

Hacemos referencia al Proyecto de la Cámara 2030, sometido por la Comisión de Seguridad Pública de la Cámara de Representantes ante nuestra consideración, para el correspondiente análisis y comentarios.

El objetivo del mismo es enmendar los artículos 1.02, 3.01, 3.02, 3.03 y 3.04 de la Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, conocida como "Ley de Armas de Puerto Rico", a los fines de permitir a aquellas personas que deseen organizarse en asociaciones de tiro que no tengan que pertenecer obligatoriamente al Comité Olímpico de Puerto Rico ni a ninguna de las federaciones de tiro existentes; y para otros fines relacionados.

Se arguye en su Exposición de Motivos que la Sección 6 del Artículo II de la Constitución de Puerto Rico le garantiza a las personas a asociarse y organizarse libremente para cualquier fin lícito. Y, que al amparo de dicho corolario constitucional, aquellas personas con licencia de armas y que practiquen el deporte del tiro, no tienen por qué estar afiliadas al Comité Olímpico de Puerto Rico o a alguna de las federaciones de tiro existentes.

De este modo, la pieza legislativa que nos atañe pretende enmendar la Ley de Armas, supra, con el objetivo ulterior de reconocer a las asociaciones de tiro como organizaciones bona fide dedicadas a promover actividades educativas, deportivas o recreativas, relacionadas con las armas de fuego, y que no esté

afiliada al Comité Olímpico de Puerto Rico, así como tampoco a ninguna de las federaciones de tiro existentes.

Iniciemos el presente análisis haciendo referencia a quien Puerto Rico, como en todo Estado de Derecho, si bien los ciudadanos suelen ostentar privilegios, como resultaría el uso de un arma, dicha acción debe estar regulada estrictamente por parte del Gobierno, máxime cuando nos enfrentamos a un asunto intrínseco de seguridad pública.

Abonando a lo anterior, en Puerto Rico el Tribunal Supremo ha establecido la máxima de que la posesión y/o portación de un arma de fuego no es un derecho y sí un privilegio; es decir, una actividad' controlada o restringida por el Estado". (Refiérase a <u>Pueblo de Puerto Rico vs. Héctor Gerardino</u> del Río, 113 D.P.R. 684, (1982).

Sobre el particular, la Ley de Armas, supra, regula el deporte del tiro del blanco, concediéndole al Secretario de Recreación y Deportes responsabilidades tales como: fomentar el desarrollo del deporte de tiro al blanco en Puerto Rico, cooperando para este fin con los clubes, la Federación de Tiro y organizaciones de tiro existentes o que puedan organizarse en el futuro, por todos los medios disponibles a su alcance; certificar que una persona es participante bona fide del deporte de tiro al blanco al blanco, para que el Superintendente considere la expedición de un permiso de tiro al blanco; certificar que una entidad es un club o federación al blanco bona fide, para que el Superintendente considere la expedición del permiso correspondiente.



En cuanto al Superintendente, respecto al deporte del tiro al blanco, éste ostenta deberes como los siguientes: expedir permisos de tiro al blanco a todas aquellas personas con licencia de armas que lo soliciten, y que cumplan y reúnan los requisitos exigidos por la propia ley; llevar un registro en el cual conste el nombre, edad, y dirección de toda persona a quien se le haya expedido un permiso de tiro al blanco, así como su número de licencia de armas y el número del sello federativo de la Federación a la cual pertenece; expedir licencias a los clubes de tiro al blanco que las soliciten previa recomendación favorable del Secretario, entre otras.

<u>Debemos indicar que las enmiendas que nos ocupan, es decir que las asociaciones de tiro sean reconocidas como organizaciones bona fide, sin que tengan que estar afiliadas al Comité Olímpico, así como a ninguna de las federaciones de tiro existentes, inciden más en la práctica de tiro al blanco en su modalidad de deporte, que en un asunto como tal de seguridad pública.</u>

Esto, porque las enmiendas propuestas salvaguardan las mismas potestades que ostentan en cuanto a clubes de tiro, ya bien del Secretario del Departamento de

2

Recreación y Deportes así como el propio Superintendente. Un ejemplo de ello, es que en el caso del Superintendente, se le reconoce su facultad de inspeccionar las instalaciones donde ubique la asociación.

En ese aspecto, entendemos debe entonces procederse a auscultar la opinión del Departamento de Recreación y Deporte, y del Comité Olímpico de Puerto Rico, ya que como mencionamos previamente, las enmiendas propuestas se relacionan estrechamente con la práctica como tal del deporte del tiro, y no trastocan las facultades del Superintendente en torno a la expedición de licencias de tiro, llevar un registro de las organizaciones dedicadas al deporte del tiro al blanco, entre otras, establecidas en el Artículo 3.01 de la Ley Núm. 404, supra.

En suma, que no tenemos reparo a la aprobación del P. de la C. 2030. Como de costumbre, la Policía de Puerto Rico se encuentra a la disposición de esta Honorable Comisión para aclarar cualquier asunto sobre la pieza legislativa objeto del presente análisis.

Cordialmente,

Sr. José E. Figueroa Sancha
Superintendente

3