IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jose A. Cruz-Kerkado, *et al.* <br> *Plaintiffs* <br> v. <br> Commonwealth of Puerto Rico, *et al.* <br> *Defendants* | CIVIL ACTION <br> Case No 3:16-cv-2748 <br> Constitutional Rights |

**MOTION FOR ORAL ARGUMENT
ON DISPOSITIVE MOTIONS**

**To the Honorable Court:**

**COMES NOW**, the Plaintiff by and through the undersigned counsel and pursuant to Rule 78(a) of Civil Procedure and Local Civil Rule 7(f), file this *Motion for Oral Argument*.

Pursuant to Local Civil Rule 7(f) plaintiffs request that the Court schedule *Oral Argument* on dispositive motions. On December 12, 2016, plaintiffs filed its *Opposition* (Docket No. 20) to both defendant PRSA's (Docket No. 18) and Commonwealth's (Docket No. 19) dispositive motions.

Plaintiff asks to move the Court to enter declaratory judgment in favor of the plaintiffs for Second Amendment and Freedom of Association claims, because this involves an issue of law. Plaintiffs are law-abiding responsible citizens whose training activities are within the scope of the Second Amendment. Their right to practice with firearms for self-defense and safety are ancillary to the core of the Second Amendment. The Commonwealth of Puerto Rico, however, enforces a *ban* on non-sport gun clubs and non-sport target practice by weapon license holders. The Commonwealth does not just regulate such practice, but also *prohibits* the lawful exercise of citizens that attempt to engage in firearm education and practice *unrelated* to sport.

Section 1.02 (m) of the Puerto Rico Weapons Act unreasonably restricts federations to those ascribed to the sport of Olympic target shooting. Plaintiffs however, assert that sections 3.02 and 3.04 of Puerto Rico Weapons Act are unconstitutional. Section 3.02 (A) *bans* non-sport gun-clubs by *excluding* self-defense practice unrelated to sports, while allowing gun-club licenses *exclusively*

to target shooting *sports* clubs. Section 3.03 (7) mandates that each gun-club have a certificate of affiliation to the sports target shooting federation. Section 3.04 (B) and 3.04 (D) also restrict lawful exercise of the Second Amendment to shooting sport activates *unrelated* to individual self-defense. Section (B) requires membership to a *sports* shooting sports club and Section (D) requires mandatory membership to keep post-license "target-shooting permit" issued by Puerto Rico Police Department.

Without said permit, law-abiding citizens face restrictions on the purchase of firearms and ammunition, which restrict their ability to further train on firearm safety. Section 2.02 (D) limits the number of firearms the licensee can purchase to two (2) without post-license target shooting permit, and section 6.02 also limits the number of rounds of ammunition that can be purchased to 50 per weapon for each year. Such bizarre restrictions of the Puerto Rico Weapons Act unreasonably infringe upon the Second Amendment and encroaches the right to Free Association, because it requires a post-license "target-shooting permit" with *mandatory* membership into PRSA affiliated clubs. Each individual weapon license holder is required to ascribe to a PRSA certified club and pay PRSA Stamp fee to keep a permit. Each must pay gun-club membership dues and the PRSA stamp.

Mandatory affiliation for the individual and for gun-clubs to a private organization that promotes *sport* as a prerequisite for the permit or even a gun-club license, constitutes an infringement and violation of the right to freely associate for a lawful purpose. In this case, for *non-sport training*. Contrary to defendant's assertions the PRSA has met all test requirements for State Action:

| | |
|---|---|
| State Compulsion: | Individual and Club affiliation into PRSA is *mandated by the law*. |
| Nexus/Joint Act: | PRSH conducted *joint inspection* of CAT with Recreation Officials. |
| Public Function: | *Certifies gun-clubs*, receives public funds, sponsors Olympic Team. |

Contrary to assertion in support of existing law, the PRSA has sought to lobby for exclusions of *its own* athletes from the weapon license's target practice permit requirement, and *both* the Justice Department and the Puerto Rico Police Department have testified by written memorandums of law

that there is *no legal impediment* to simply do away with mandatory affiliation requirements. In fact, the Police has testified that such affiliation has *nothing* to do with safety, but exclusively a "sport".

The national organization that advocates firearm safety and certify instructors, the National Rifle Association has *voluntary* membership, and Puerto Rico's other sport Federations, which are also ascribed to the Olympic Committee, do not charge mandatory fees, nor impose membership affiliation requirements *by law* to non-athletes. Aside from Kerkado's individual claim, coplaintiff organizations have standing under the doctrine of associational standing, to bring this suit on behalf of their members because: Students/members would otherwise have standing to sue in their own right; the interest it seeks to protect are germane to each organization's purpose; and neither the claim asserted nor the relief requires the participation of individual member in this lawsuit.

Oral argument may be helpful in reaching a decision in this case.

For the foregoing reasons, the plaintiff respectfully requests pursuant to Rule 78(a) of Civil Procedure and Local Civil Rule 7(f) that the Court schedule Oral Argument in the case.

In San Juan, Puerto Rico, this 17th. Day of December 2016.

Respectfully submitted,

/S/ Humberto Cobo-Estrella, Esq.
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 200-2715
Email: hcobo@hcounsel.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*