THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. CRUZ-KERKADO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 16-2748 (ADC) |

### ORDER

The Court hereby **GRANTS** the motion to join filed at **ECF No. 19**, but does not yet decide the underlying motions to dismiss. The Court hereby **STRIKES** the opposition to the motions to dismiss that plaintiffs filed at **ECF No. 20**, due to its failure to comply with the page limit set forth in Local Civil Rule 7(d). *St. Paul Fire & Marine Ins. Co.* v. *Warwick Dyeing Corp.*, 26 F.3d 1195, 1206 (1st Cir. 1994) (striking a filing for flaunting "our rules concerning page limits"); *see also Air Line Pilots Ass'n* v. *Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994) (when administering local rules, "district courts are entitled to demand adherence to specific mandates contained in the rules."). Rule 7(d) provides that a motion opposition "shall not exceed fifteen (15) pages in length." However, as defendants observe at **ECF No. 23**, plaintiffs' opposition is thirty-seven (37) pages in length and, thus, is excessively long. *See* **ECF No. 20**.

The Court hereby reminds the parties that they must abide by the local rules, unless and until the Court specifically orders otherwise as to a particular subject. L. Cv. R. 1(a), 1(f). Failure to do so "may entail sanctions." L. Cv. R. 1(e). Here, compliance is especially important in order to ensure the expeditious determination of the action. *See* Fed. R. Civ. P. 57.

The action raises some constitutional issues of exceptional importance, and they deserve "the best advocacy available," *Igartúa* v. *Obama*, 842 F.3d 149, 160 (1st Cir. 2016), so that good arguments are neither waived, nor ignored. But the complaint, as it currently stands, is hardly a model of clarity or draftsmanship. For example, although the complaint clearly raises claims under the Second Amendment to the U.S. Constitution, only Count III cites the Second Amendment as a basis for relief. *See* **ECF No. 1** at 27-29. The complaint also asks the Court not to deviate from an earlier trial-court decision that rejected some similar claims – *Williams* v. *Commonwealth of Puerto Rico* – even though some of plaintiffs' claims may require at least partial reconsideration of that non-binding decision. *See id*. at 2. Moreover, the three "colorable legal claims" that the Court highlighted at **ECF No. 5** barely emerge out of the thirty-five (35) page complaint's disorganization and verboseness.

The Court hereby **GRANTS** plaintiffs until January 4, 2017, to file a new opposition to the motions to dismiss. The new opposition may be no more than thirty (30) pages in length, due to the fact that it will be responding to two distinct motions to dismiss. *See* **ECF Nos. 18**,

**19**.  The Court also urges plaintiffs to amend the complaint to clarify that the Second Amendment is a basis of relief for each of its claims and to set forth more succinctly the claims themselves, including the three "colorable" claims already noted at **ECF No. 5**.  Finally, the Court advises the parties not to italicize, underline, capitalize, or bold their words for emphasis because such signaling is "unnecessary."  *HSBC Realty Credit Corp. (USA)* v. *O'Neill*, 745 F.3d 564, 566 n.2 (1st Cir. 2014); *see also* Bryan A. Garner, The Elements of Legal Style § 4.3 (2d ed. 2002) ("Italicizing your own words for emphasis is a typographic trick that can annoy readers.").

In sum, the Court hereby **GRANTS** the motion to join at **ECF No. 19**, **STRIKES** the opposition at **ECF No. 20**, **GRANTS** plaintiffs until January 4, 2017, to file a proper opposition, **ORDERS** the parties to comply with the local rules unless specifically ordered to do otherwise, and urges plaintiffs to consider filing an amended complaint that, among other things, makes explicit that the Second Amendment constitutes one of the grounds upon which the Puerto Rico firearm-licensing regime is being challenged and that also makes plain what each of its claims – including those noted by the Court at **ECF No. 5** – are.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 21st day of December, 2016.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                  **Chief United States District Judge**