## *"Ley de Armas de Puerto Rico"*

Ley Núm. 404 de 11 de Septiembre de 2000, según enmendada

[Ir a Tabla de Contenido]

(Contiene enmiendas incorporadas por las siguientes leyes:
Ley Núm. 27 de 3 de Junio de 2002
Ley Núm. 274 de 8 de Diciembre de 2002
Ley Núm. 137 de 11 de Septiembre de 2004
Ley Núm. 125 de 31 de Mayo de 2004
Ley Núm. 89 de 26 de Agosto de 2005
Ley Núm. 149 de 26 de Octubre de 2007
Ley Núm. 258 de 13 de Agosto de 2008
Ley Núm. 103 de 27 de Septiembre de 2009
Ley Núm. 105 de 27 de Septiembre de 2009
Ley Núm. 93 de 16 de Junio de 2011
Ley Núm. 97 de 20 de Junio de 2011
Ley Núm. 34 de 20 de Enero de 2012
Ley Núm. 63 de 19 de Abril de 2012
Ley Núm. 43 de 30 de Junio de 2013
Ley Núm. 141 de 2 de Diciembre de 2013
Ley Núm. 142 de 2 de Diciembre de 2013
Ley Núm. 78 de 1 de Julio de 2014
Ley Núm. 146 de 26 de Agosto de 2014
Ley Núm. 105 de 2 de Julio de 2015
Ley Núm. 138 de 8 de Agosto de 2016)

Para crear la "Ley de Armas de Puerto Rico" y derogar las Leyes Núm. 17 de 19 de enero de 1951, según enmendada, y la Núm. 75 de 13 de junio de 1953, según enmendada; a fin de unificar los requisitos para la concesión de las licencias de tener, poseer y portar armas, y las de tiro al blanco y de caza; establecer las sanciones y multas a imponerse; disponer que las sentencias que se impongan por incurrir en violaciones a esta Ley se cumplirán de manera consecutiva; establecer un registro de la venta de municiones; establecer un límite máximo a la cantidad de municiones que podrá obtener un tenedor de armas que no posea un permiso de tiro al blanco o de caza; limitar la cantidad de armas que podrán ser autorizadas a una persona que tenga licencia de armas; crear el Sistema de Registro Electrónico en la Policía de Puerto Rico; y para otros fines.

## EXPOSICION DE MOTIVOS

Durante los pasados seis años, nuestro Gobierno se ha dedicado a establecer una política pública de cero tolerancia contra el crimen, mediante la cual los agentes del orden público velan

por el cumplimiento estricto de las leyes que rigen la Isla.  Previo al comienzo de nuestra gestión pública, todos los índices de criminalidad estaban en una espiral ascendente sin precedente.  Se tomaron las medidas correctivas, lo que tuvo como resultado, por ejemplo, que para el 1998, ocurriera una reducción del 32.5% en los delitos Tipo I y una reducción del 8.3% en todos los delitos, en relación con el año anterior;  estadísticas que se mantienen en descenso durante este año.  Estos números reafirman el compromiso de nuestra administración de lograr un ambiente de paz, tranquilidad y mayor seguridad pública para  nuestros ciudadanos.  Sin embargo, estamos conscientes que debemos realizar esfuerzos específicos, dentro del marco conceptual de las leyes federales sobre esta materia y en particular las disposiciones de ésta en el "Firearms Owners Protection Act of 1986", para lograr una solución efectiva al problema del control de armas de fuego en manos de delincuentes en Puerto Rico, el cual es una vertiente directa de la actividad criminal.

La Ley Núm. 17 de 19 de enero de 1951, según enmendada, conocida como "Ley de Armas de Puerto Rico", fue aprobada a raíz de un acontecimiento histórico.  El Gobierno de la Isla entendió prudente crear una legislación como medida de control de armas para evitar que este tipo de  acción resurgiera dentro de un pueblo que hasta ese suceso mantuvo una tradición pacífica.  Con  el transcurrir de los años, la Ley Núm. 17, antes citada, ha sido enmendada con la intención de atemperar la misma a la realidad social de Puerto Rico, y utilizar la medida como una herramienta para controlar el crimen.  Hoy, transcurridas cuatro décadas desde su aprobación y a pesar de haber sido extensamente enmendada, resulta evidente que la Ley de Armas de Puerto Rico no es el instrumento jurídico más eficaz para atender las distintas situaciones relacionadas con el manejo de armas en la Isla.

La actividad criminal de  las últimas dos décadas ha sido mayormente producto del aumento en el tráfico ilegal de sustancias controladas, que a su vez, ha causado un aumento vertiginoso en el uso de las armas de fuego ilegales.  Datos estadísticos  recopilados por la Policía durante este período evidencian la seriedad del problema.  Las armas de fuego cuya tenencia es ilegal han sido traídas de forma clandestina desde otras jurisdicciones, y algunas han sido adquiridas durante escalamientos o robos al Gobierno y a los hogares o negocios de dueños debidamente autorizados para la tenencia de las mismas en Puerto Rico.  Estas armas son utilizadas durante la comisión de todo tipo de actos criminales, situación que hace necesario adoptar medidas legislativas cuya naturaleza sancionadora constituya un eficaz disuasivo al delincuente.

Esta medida presenta disposiciones innovadoras que responden al interés apremiante del Gobierno de Puerto Rico en lograr una ley cuya implantación permita a las agencias del orden público ser más efectivas en la lucha contra el crimen. A tales efectos, la Ley orienta a las personas autorizadas en Puerto Rico a manejar armas de fuego para que lo hagan responsablemente, y a su vez, apercibe al delincuente de las serias consecuencias de incurrir en actos criminales utilizando armas de fuego.

Por primera vez en nuestro ordenamiento jurídico se regula lo relacionado a la tenencia y uso de municiones para armas de fuego.  La Ley limita la venta de municiones al tipo de munición utilizada por las armas que el comprador tenga inscritas a su nombre.

Consistente con la política pública de Nuestros Niños Primero, esta Ley tipifica como delito menos grave el que una persona deje al alcance de un menor un arma, en aquellos casos en lo cuales el menor se apodere de la misma, causándose daño a sí mismo o a otra persona.

Además, con el fin de erradicar  el uso ilegal de armas con inmenso potencial de destrucción, esta Ley regula en forma particular, igual que la Ley Federal de Armas, la posesión o uso de cualquier arma de asalto semiautomática, sus copias o duplicados, en cualquier calibre.

Por último, se crea en la Policía de Puerto Rico un Registro Electrónico, el cual mediante el uso de una tarjeta electrónica, centralizará en dicha agencia todas las transacciones de armas y municiones que se realizan entre armeros autorizados de armas y personas con licencia en Puerto Rico.

Mediante la aprobación de esta Ley, el Estado ejercita su poder inherente de reglamentación, con el fin de promover una mayor seguridad y bienestar público para el Pueblo de Puerto Rico.

## CAPITULO I. — DISPOSICIONES PRELIMINARES

**Artículo 1.01. — Título de la Ley.** (25 L.P.R.A. § 455 nota)

Esta Ley se conocerá como la "Ley de Armas de Puerto Rico"

**Artículo 1.02. — Definiciones.** (25 L.P.R.A. § 455)

Para efectos de esta Ley, los siguientes términos tendrán el significado que a continuación se expresa:

(a) **"Agente del orden público"** — Significa cualquier miembro u oficial del Gobierno de Puerto Rico o de los Estados Unidos de América, así como cualquier subdivisión política de Puerto Rico o de Estados Unidos, entre cuyos deberes se encuentra el efectuar arrestos, incluyendo pero sin limitarse a los miembros del Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales, Policía de Puerto Rico, Policías Auxiliares, Policía Municipal, los agentes investigadores del Negociado de Investigaciones Especiales del Departamento de Justicia, los oficiales de custodia de la Administración de Corrección, los oficiales de custodia de la Oficina de Servicios con Antelación al Juicio, Guardia Nacional mientras se encuentren en funciones o ejercicios oficiales, los oficiales de custodia de la Administración de Instituciones Juveniles, el cuerpo de seguridad interna de la Autoridad de los Puertos, el Director de la División para el Control de Drogas y Narcóticos y los Inspectores de Sustancias Controladas de la Administración de Servicios de Salud Mental y contra la Adicción, los agentes investigadores de la Secretaría Auxiliar de Investigaciones del Sistema Correccional del Departamento de Corrección y Rehabilitación, y los Inspectores de la Comisión de Servicio Público, así como los alguaciles del Tribunal General de Justicia de Puerto Rico y de los tribunales federales con jurisdicción en todo Puerto Rico, y los inspectores de rentas internas del Departamento de Hacienda.

(b) **"Ametralladora  o arma automática"** — Significa un arma, de cualquier descripción, independientemente de su tamaño y sin importar por qué nombre se le designe o conozca, cargada o descargada, que pueda disparar repetida o automáticamente un número de balas contenidas en un abastecedor, cinta u otro receptáculo, mediante una sola presión del gatillo. El término "ametralladora" incluye también una subametralladora, así como cualquier otra arma de fuego provista de un dispositivo para disparar automáticamente la totalidad o parte de las balas o municiones contenidas en el abastecedor, o cualquier combinación de las partes de un arma de

fuego destinada y con la intención de convertir, modificar o alterar dicha arma en una ametralladora.

(c) **"Arma"** — Se entenderá como toda arma de fuego, arma blanca o cualquier otro tipo de arma, independientemente de su denominación.

(d) **"Arma blanca"** — Significa un objeto punzante, cortante o contundente que pueda ser utilizado como un instrumento de agresión, capaz de infligir grave daño corporal.

(e) **"Arma de fuego"** — Significa cualquier arma, sin importar el nombre por el cual se conozca, diseñada o que pueda ser fácilmente convertida para ser o que sea capaz de lanzar una munición o municiones por la acción de una explosión. Esta definición no incluye aquellos artefactos de trabajo tales como, pero sin limitarse a, las pistolas de clavos utilizadas en la construcción, mientras se utilicen con fines de trabajo, arte u oficio.

(f) **"Arma larga"** — Significa cualquier escopeta, rifle o arma de fuego diseñada para ser disparada desde el hombro.

(g) **"Arma neumática"** — Significa cualquier arma, sin importar el nombre por el cual se conozca, que mediante la liberación de gas o mezcla de gases comprimidos es capaz de impulsar uno (1) o más proyectiles.

(h) **"Arma de fuego antigua"** —

**(A)** cualquier arma de fuego con un mecanismo de tipo escopeta o fusil de mecha (*"matchlock"*), escopeta o fusil de chispa (*"flintlock"*), copo de percusión (*"percusion cap"*) manufacturado en o antes de 1898; o

(B) cualquier réplica de un arma de fuego descrita en el subinciso (A) anterior si dicha réplica:

(1) no está diseñada o rediseñada para utilizar munición de fuego anular (*"rimfire"*) o munición de tipo convencional de fuego central fijo (*"centerfire"*), o

(2) utiliza munición de fuego anular (*"rimfire"*) o munición de tipo convencional de fuego central (*"centerfire"*) que ya no es manufacturada en los Estados Unidos y que no se consigue por los canales normales y ordinarios de comercio; o

(3) cualquier rifle de carga por el cañón (*"muzzle loading rifle"*), escopeta de carga por el cañón (*"muzzle loading shotgun"*) o pistola de carga por el cañón (*"muzzle loading pistol"*) que esté diseñada para utilizarse con pólvora negra, o un substituto de pólvora negra, y que no pueda utilizar munición de tipo fijo.  Para los propósitos de este subinciso, el término Arma de fuego Antigua no incluirá cualquier arma que incorpore un armazón (*"frame"*) o  recibidor (*"receiver"*), cualquier arma que sea convertida en un arma de carga por el cañón (*"muzzle loading weapon"*), o cualquier arma de carga por el cañón (*"muzzle loading weapon"*) que pueda ser convertida para ser capaz de disparar munición de tipo fijo mediante el reemplazo del  cañón (*"barrel"*), cerrojo (*"bolt"*), anima (*"breech lock"*), o cualquier combinación de éstas.

(4) El término "munición de tipo fijo" significará aquella que está completamente ensamblada, entiéndase con casquillo, pólvora, fulminante y proyectil.

(i) **"Armero"** — significa cualquier persona natural o jurídica que, por sí o por medio de sus agentes o empleados, compre o introduzca para la venta, cambie, permute, ofrezca en venta o exponga a la venta, o tenga a la venta en su establecimiento comercial cualquier arma de fuego o municiones, o que realice cualquier trabajo mecánico o cosmético para un tercero en cualquier arma de fuego o municiones.

(j) **"Armor piercing"** — Significa un proyectil que pueda ser usado en arma corta y que esté construido enteramente (excluyendo la presencia o trazas de otras sustancias) o una combinación

de aleación de tunsteno, acero, hierro, latón, bronce, berilio cúprico o uranio degradado; o un proyectil de cubierta completa mayor de calibre veintidós (22), diseñado e intencionado para usarse en arma corta y cuya cubierta tenga un peso de más de veinticinco por ciento (25%) de su peso total. Excluye la munición de escopeta requerida por ley federal o estatal ambiental o reglamentación de caza para esos propósitos, un proyectil desintegrable diseñado para tiro al blanco, un proyectil en que se determine por el Secretario del Tesoro de los Estados Unidos que su uso primario es para propósito deportivo, o cualquier otro proyectil o núcleo del proyectil en cual dicho Secretario encuentre que su uso primordial es para fines industriales, incluyendo una carga usada en equipos de perforación de pozos de petróleo o de gas.

(k) **"Casa"** — Significa la parte de una edificación que es utilizada u ocupada por una sola persona o una sola familia.

(l) **"Comité"** — Significa el Comité Interagencial para Combatir el Tráfico Ilegal de Armas, establecido en esta Ley.

(m) **"Escopeta"** — Significa un arma de fuego de cañón largo con uno (1) o más cañones con interiores lisos, diseñada para ser disparada desde el hombro, la cual puede disparar cartuchos de uno (1) o más proyectiles. Puede ser alimentada manualmente o por abastecedor o receptáculo, y se puede disparar de manera manual, automática o semiautomática. Esta definición incluirá las escopetas con el cañón cortado a menos de dieciocho (18) pulgadas.

(n) **"Federación de tiro"** — Significa cualquier federación adscrita al Comité Olímpico de Puerto Rico que represente el deporte olímpico de tiro al blanco.

(o) **"Licencia de armas"** — Significa aquella licencia concedida por el Superintendente que autorice al concesionario para tener, poseer y transportar armas, sus municiones, y dependiendo de su categoría, portar armas de fuego, tirar al blanco o cazar.

(p) **"Municiones"** — Significa cualquier bala, cartucho, proyectil, perdigón o cualquier carga que se ponga o pueda ponerse en un arma de fuego para ser disparada.

(q) **"Pistola"** — Significa cualquier arma de fuego que no tenga cilindro, la cual se carga manualmente o por un abastecedor, no diseñado para ser disparado del hombro, capaz de ser disparada en forma semiautomática o un disparo a la vez, dependiendo de su clase.

(r) **"Policía"** — Significa la Policía de Puerto Rico.

(s) **"Portación"** — Significa la posesión inmediata o la tenencia física de un arma, cargada o descargada, sobre la persona del portador, entendiéndose también cuando no se esté transportando un arma de conformidad a como se dispone en esta Ley.

(t) **"Revólver"** — Significa cualquier arma de fuego que contenga un cilindro giratorio con varias cámaras que, con la acción de apretar el gatillo o montar el martillo del arma, se alinea con el cañón, poniendo la bala en posición de ser disparada.

(u) **"Rifle"** — Significa cualquier arma de fuego diseñada para ser disparada desde el hombro, que dispara uno o tres proyectiles. Puede ser alimentada manual o automáticamente por un abastecedor o receptáculo y se puede disparar de manera manual o semiautomática. El término "rifle" incluye el término "carabina".

(v) **"Secretario"** — Significa el Secretario del Departamento de Recreación y Deportes.

(w) **"Superintendente"** — Significa el Superintendente de la Policía de Puerto Rico.

(x) **"Transportación"** — Significa la posesión mediata o inmediata de un arma, con el fin de trasladarla de un lugar a otro. Dicha transportación deberá realizarse por una persona con licencia de armas vigente, y el arma deberá estar descargada y ser transportada dentro de un estuche cerrado que no refleje su contenido, y el cual a su vez no podrá estar a simple vista.

(y) **"Vehículo"** — Significa cualquier medio que sirva para transportar personas o cosas por tierra, mar o aire.

(z) **"Cambio de categoría"** — Significa incorporar permisos a una licencia de armas de fuego, independientemente de su categoría, portación, caza, o tiro al blanco.

(aa) **"Parte de arma de fuego"** — Es cualquier artículo que de ordinario estaría unido a un arma de fuego siendo parte necesaria para la operación de dicha arma y esencial al proceso de disparar un proyectil.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 142-2013]*

## CAPITULO II. — LICENCIA Y REGLAMENTACIÓN

**Artículo 2.01. — Registro Electrónico.** (25 L.P.R.A. § 456)

El Superintendente expedirá licencias de armas y/o de armeros de conformidad con las disposiciones de esta Ley, las cuales facilitarán la inscripción electrónica de todas las transacciones de armas de fuego y municiones por parte de la persona tenedora de una de éstas.  Corresponderá al Superintendente disponer mediante reglamentación la forma en que funcionará el sistema de Registro Electrónico, y éste se asegurará que el sistema diseñado haga llegar directamente a la Policía toda transacción que efectúe un tenedor de licencia.  Se le concede a la Policía de Puerto Rico el término de seis (6) meses contados a partir de la vigencia de esta Ley para instalar este Registro.

La licencia de armas será representada por un carné lo suficientemente pequeño como para ser portado en billeteras de uso ordinario, y el cual contendrá al menos una fotografía del peticionario, el nombre completo de éste, su fecha de nacimiento, sus señas personales y su número de la licencia de armas.  Contendrá también la fecha de expedición de la licencia y la fecha de su vencimiento, como más adelante se dispone.  Además, contendrá los mecanismos para lograr acceso al sistema de Registro Electrónico de la Policía para constatar su veracidad y otros datos pertinentes, tales como identificar el alcance del mismo mediante las categorías de portación, tiro, caza o todas las categorías.  El carné no contendrá la dirección del peticionario ni mención de sus armas o municiones autorizadas a comprar, pero el registro electrónico de la Policía contendrá y suministrará a sus usuarios tal información.

Disponiéndose que, mientras la Policía implementa y hace disponible a los armeros el sistema de Registro Electrónico, el Superintendente expedirá a cada concesionario de licencias de armas un carné provisional que al menos contenga una fotografía del concesionario y exprese su nombre completo, su fecha de nacimiento, sus señas personales, el número de licencia, y los calibres correspondientes a las  municiones que está autorizado a comprar.  Contendrá también la fecha de expedición de la licencia y la fecha de su vencimiento, como más adelante se dispone.  El carné oficial expedido de conformidad con las disposiciones de esta ley será el único documento acreditativo de autoridad legal para realizar las actividades autorizadas.  Una vez esté debidamente implementado el sistema de Registro Electrónico, el Superintendente únicamente podrá expedir el carné electrónico.  De no estar disponible dicho sistema al momento de realizar alguna transacción, la misma se realizará según el procedimiento que el Superintendente disponga mediante reglamento.

"Ley de Armas de Puerto Rico"  [Ley 404-2000, según enmendada]

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.02. — Licencia de Armas.** (25 L.P.R.A. § 456a)

(A) El Superintendente expedirá una licencia de armas a cualquier peticionario que cumpla con los siguientes requisitos:

(1) Haber cumplido veintiún (21) años de edad.

(2) Tener un certificado negativo de antecedentes penales expedido no más de treinta (30) días previo a la fecha de la solicitud y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.11 de esta Ley o sus equivalentes, tanto en Puerto Rico, los Estados Unidos o el extranjero.

(3) No ser ebrio habitual o adicto a sustancias controladas.

(4) No estar declarado incapaz mental por un tribunal.

(5) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno construido.

(6) No haber sido separado de las Fuerzas Armadas bajo condiciones deshonrosas, o destituido de alguna de las agencias del orden público del Gobierno de Puerto Rico o sus municipios.

(7) No estar bajo una orden del tribunal que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, alguno de los niños de ese compañero o a persona alguna, y no tener un historial de violencia.

(8) Ser ciudadano de los Estados Unidos de América o residente legal de Puerto Rico.

(9) No ser persona que, habiendo sido ciudadano de los Estados Unidos alguna vez, renunció a esa ciudadanía.

(10) Someter una declaración jurada atestiguando el cumplimiento con las leyes fiscales; estableciéndose que será razón para denegar la expedición de la licencia solicitada o para revocar ésta el que el peticionario haya incumplido con las leyes fiscales del Estado Libre Asociado de Puerto Rico.

(11) Cancelar un comprobante de rentas internas de cien dólares ($100) a favor de la Policía de Puerto Rico; Disponiéndose, que en los casos en que se deniegue la licencia, la cantidad pagada no será reembolsable.

(12) Someter en su solicitud una (1) declaración jurada de tres (3) personas que no tengan relación de consanguinidad o afinidad con el peticionario y que so pena de perjurio, atestigüen que el peticionario goza de buena reputación en su comunidad, y que no es propenso a cometer actos de violencia, por lo que no tienen objeción a que tenga armas de fuego. Esta declaración será en el formulario provisto por el Superintendente junto a la solicitud de licencia de armas.

(13) Someter su solicitud cumplimentada bajo juramento ante notario, acompañada de una muestra de sus huellas digitales, tomada por un técnico de la Policía de Puerto Rico o agencia gubernamental estatal o federal competente, y acompañada de dos (2) fotografías de dos (2) pulgadas por dos (2) pulgadas de tamaño, a colores, suficientemente reciente como para mostrar al peticionario en su apariencia real al momento de la solicitud.

(14) Someter una certificación negativa de deuda de la Administración para el Sustento de Menores, expedida no más de treinta (30) días previo a la fecha de la solicitud.

(B) Toda solicitud, en duplicado y debidamente cumplimentada, junto a los documentos y el comprobante arriba indicados, se radicarán en el cuartel general de la Policía o en las comandancias de[l] área donde resida el peticionario, reteniendo éste la copia sellada para su constancia. Dentro

de un término de cinco (5) días laborables, el Superintendente expedirá una certificación de que la solicitud y todos los documentos requeridos han sido entregados, o requerirá la cumplimentación de los requisitos de la solicitud para poder emitir la certificación. A partir de que se expida la mencionada certificación, el Superintendente, dentro de un término que no excederá de ciento veinte (120) días naturales, determinará y certificará por escrito si el peticionario cumple con los requisitos establecidos en esta Ley para la concesión de la licencia de armas. Esto podrá lograrse mediante una investigación en los archivos de cualquier agencia gubernamental de Puerto Rico, Estados Unidos o el exterior a la que pueda tener acceso (incluyendo los archivos del *National Crime Information Center*  y del *National Instant Criminal Background Check System* , entre otros). De resultar la investigación del Superintendente en una determinación de que la persona no cumple con todos los requisitos establecidos en esta Ley, no le será concedida la licencia de armas, pero sin menoscabo a que el peticionario pueda solicitarla nuevamente en un futuro. Si el Superintendente no emite una determinación dentro del plazo antes mencionado de ciento veinte (120) días, éste tendrá la obligación de expedir un permiso especial con carácter provisional a favor del peticionario, en un término [de] diez (10) días naturales. Dicho permiso especial con carácter provisional concederá todos los derechos, privilegios y prerrogativas de una licencia de armas ordinaria, durante una vigencia de sesenta (60) días naturales, período dentro del cual el Superintendente deberá alcanzar una determinación. Si al concluir la vigencia de dicho permiso con carácter provisional el Superintendente aún no hubiere alcanzado una determinación sobre la idoneidad del peticionario, dicho permiso con carácter provisional advendrá automáticamente a ser una licencia de armas ordinaria.

(C) El Superintendente podrá, discrecionalmente y de forma pasiva, sin perturbar la paz y tranquilidad del investigado o interrumpir la privacidad del hogar, realizar cuantas investigaciones estime pertinentes después de remitirse la licencia al peticionario; Disponiéndose, que el hecho de que se estén haciendo o no se hayan hecho las investigaciones no podrá ser impedimento para que se remita la licencia dentro de los términos antes indicados. Si después de realizada la investigación pertinente por el Superintendente resultare que el peticionario ha dado información falsa a sabiendas en su solicitud o no cumple con los requisitos establecidos en esta Ley, se procederá de inmediato a la revocación e incautación de la licencia ya la incautación de todas las armas de fuego y municiones que tuviera el peticionario, quedando éste sujeto a ser procesado por el delito de perjurio y por las correspondientes violaciones a esta Ley.

Todo ciudadano a quien se le otorgue una licencia y/o permiso, será responsable del uso de las licencias y del manejo de las armas, quedando libre de responsabilidad por dicho uso individual el Estado Libre Asociado de Puerto Rico, sus departamentos, agencias y municipios, excepto cuando éstos tengan responsabilidad vicaria por los actos de sus empleados o agentes.

(D) La licencia de armas que en esta sección se establece faculta al concesionario a ser propietario de un máximo de dos (2) armas de fuego, salvo lo dispuesto más adelante sobre adquisiciones por vía de herencia o que el concesionario posea un permiso de tiro al blanco o de caza, en cuyo caso no habrá límite establecido. Disponiéndose, que todo concesionario que posea quince (15) o más armas vendrá obligado a mantener el ochenta por ciento (80%) de éstas en un lugar seguro, bajo llave y fijado al inmueble de forma que las armas no puedan ser sustraídas fácilmente. Todo concesionario obligado a cumplir con el requisito de seguridad, deberá someter al Superintendente una declaración jurada atestiguando que cumple con el requisito de seguridad. El Superintendente impondrá multa administrativa de mil dólares ($1,000) por cada arma que le sea sustraída al concesionario de su propiedad que no cumpla con las medidas de seguridad aquí establecidas.

Estos requisitos de seguridad y la multa correspondiente aplicarán a toda persona que tenga en su poder más de quince (15) armas; todo concesionario deberá exhibir en un área prominente y visible a la clientela un aviso claramente legible en que se informe de este requisito. La licencia, además, faculta al concesionario a adquirir, comprar, vender, donar, traspasar, ceder, tener, poseer, custodiar y transportar, conducir armas de fuego, municiones y cualquier accesorio pertinente, en todo lugar sujeto a la jurisdicción del Estado Libre Asociado de Puerto Rico; Disponiéndose, que:

(1) Las armas de fuego se podrán portar, conducir y transportar de forma oculta o no ostentosa, y el Superintendente dispondrá mediante reglamento, el procedimiento para que cualquier agente del orden público según descrito en esta Ley pueda expedir un boleto de cortesía que será preparado a esos efectos, el cual será remitido a la Oficina de Licencia de Armas de la Policía de Puerto Rico, donde se archivará en el expediente del tenedor de licencia. El Superintendente podrá imponer una multa de hasta doscientos dólares ($200) por reincidir en portar, conducir o transportar armas de forma ostentosa o no oculta, así como el procedimiento de revisión de la misma, a solicitud de la parte interesada a quien se le impone la multa. El Superintendente celebrará una vista administrativa en un término no mayor de cuarenta y cinco (45) días para sostener, revisar, modificar o eliminar la multa impuesta.

(2) Salvo que se posea además un permiso de portación, el arma no se podrá portar en la persona del concesionario; y que para poder transportarla sin permiso de portación, se tendrá que hacer con el arma descargada, dentro de un estuche cerrado que no refleje su contenido, el cual no podrá estar a simple vista. Disponiéndose, que cuando se trate de un guardia de seguridad privado, con permiso de portar, uniformado y en el ejercicio de sus funciones, éstos podrán portar el arma a simple vista.

(3) Las armas de fuego o municiones sólo se podrán donar, vender, traspasar, ceder, dejar bajo la custodia o cualquier otra forma de traspaso de control de dominio, a personas que posean licencia de armas o de armero o una de las personas mencionadas en Artículo 2.04 de esta Ley.

(4) El concesionario sólo podrá transportar un arma de fuego a la vez, salvo los concesionarios que posean a su vez permisos de tiro al blanco o de caza, quienes no tendrán limitación de cantidad para portar armas de fuego en su persona mientras se encuentren en los predios de un club de tiro autorizado o en aquellos lugares donde se practique el deporte de caza, en conformidad a las leyes aplicables.

(5) El concesionario sólo podrá comprar municiones de los calibres que puedan ser utilizados por las armas que posee inscritas a su nombre.

(6) Esta licencia de armas no autoriza al concesionario a dedicarse al negocio de compra y venta de armas de fuego, limitándose la compra y venta de éstas a sus armas personales.

(7) Esta licencia de armas no autoriza al concesionario a dedicarse al negocio de compra y venta de armas de fuego o municiones, limitándose la compra y venta de éstas a sus armas y municiones personales.

(E) Dentro del término de cuarenta y cinco (45) días de recibir su licencia de armas, prorrogable por treinta (30) días más si así se solicita dentro del término original, todo concesionario deberá radicar, de no haberla radicado antes, en el Cuartel General de la Policía de Puerto Rico personalmente o por correo certificado con acuse de recibo, una certificación expedida por un oficial autorizado de un club de tiro autorizado en Puerto Rico al efecto de que el peticionario ha aprobado un curso en el uso y manejo correcto y seguro de armas de fuego conforme a esta Ley. De no hacerlo, incurrirá en una falta administrativa de cien dólares ($100) por cada mes de atraso, hasta un máximo de seis (6) meses, al cabo de los cuales se revocará su licencia y se incautará la

misma, así como toda arma y municiones que el peticionario haya adquirido. El Superintendente, para estos propósitos autorizará la compra de hasta un máximo de quinientas (500) municiones adicionales a las permitidas por esta Ley. Dichas municiones tendrán que ser consumidas en su totalidad por el concesionario durante el entrenamiento para la certificación. Lo dispuesto en este inciso no menoscabará lo dispuesto en el inciso anterior.

El Superintendente habrá de atender cualquier reclamo de las personas que por razones de salud o circunstancias especiales, fuera de su control, no puedan cumplir con la obligación de certificación aquí impuesta. En todo caso en el que el Superintendente conceda una prórroga, el nuevo término para cumplir con los requisitos comenzará a partir de los diez (10) días después de resueltas las circunstancias que dieron lugar a la prórroga.

(F) La Policía de Puerto Rico expedirá los duplicados de carnés de licencia de armas que interese un peticionario dentro del término de treinta (30) días naturales de serle solicitado previo el pago de cincuenta dólares ($50) en un comprobante de rentas internas por cada duplicado. En el caso de cambio de categoría de la licencia, el costo para el cambio de categoría será de veinte dólares ($20).

Todo carné de la licencia de armas tendrá la fecha en la cual deberá ser actualizado, que será cinco (5) años de expedido, y ninguna persona podrá hacer transacciones de armas de fuego o municiones, ni tirar en un club de tiro, ni cazar, ni portar, conducir o transportar armas, si no hubiese solicitado su actualización como se indica en esta Ley, so pena de que se revoque la licencia de armas y se imponga multa administrativa de quinientos dólares ($500) por tirar en un club de tiro, cazar, portar, conducir o transportar armas. Transcurridos seis (6) meses de su fecha [de] vencimiento, sólo podrá vender sus armas de fuego a una persona con licencia de armero.

Cada cinco (5) años, en el quinto aniversario de la fecha de expedición de la licencia de armas, el peticionario vendrá obligado a renovar la misma cumplimentando una declaración jurada dirigida al Superintendente de la Policía, previo el pago del comprobante de rentas internas dispuesto en el Artículo 2.02 de esta Ley, haciendo constar que las circunstancias que dieron base al otorgamiento original se mantienen de igual forma o indicando de qué forma han cambiado. Dicha renovación se podrá realizar dentro de seis (6) meses antes o treinta (30) días después de la fecha de vencimiento de la licencia de armas. La no renovación de la licencia de armas transcurridos los treinta (30) días antes mencionados conllevará una multa administrativa de cincuenta dólares ($50) por mes hasta un máximo de seis (6) meses, cantidad que deberá ser satisfecha como requisito a la renovación. Si pasados seis (6) meses no renueva la licencia de armas, el Superintendente revocará la misma e incautará las armas y municiones; Disponiéndose, que el concesionario podrá renovar y reinstalar su licencia hasta seis (6) meses más después de la revocación o la incautación, lo que fuese posterior, mediante el pago del doble de la multa acumulada. Nada de lo anterior impide que una persona a quien se le ha revocado su licencia de armas por su inacción solicite de *novo* otra licencia y se le conceda, siempre que hubiese pagado cualquier multa pendiente, en cuyo caso podrá recobrar las armas incautadas, si el Superintendente no hubiese dispuesto de ellas.

Se dispone que en el caso de que el concesionario estuviere residiendo fuera de Puerto Rico a la fecha aniversario de la renovación de la licencia o durante el período de renovación antes indicado, éste no vencerá hasta treinta (30) días de regresar el concesionario a Puerto Rico.

Se dispone, además, que en el caso de que el concesionario fuese una mujer y ésta estuviere en estado de gestación a la fecha aniversario de la renovación de la licencia o durante el período de renovación antes indicado, dicho período no vencerá hasta noventa (90) días después del

alumbramiento. En todo caso que una mujer en estado de gestación venga obligada, bajo las disposiciones de esta Ley, a someter un certificado de entrenamiento, el término para radicarlo comenzará a partir de los noventa (90) días después del alumbramiento.

El Superintendente notificará a todo concesionario por correo dirigido a su dirección, seis (6) meses antes del vencimiento de la licencia de armas, la fecha en que ésta deberá ser renovada. El Superintendente pondrá a la disposición, a través de los cuarteles de área de la Policía, de los armeros y del Internet todos los formularios necesarios para llevar a cabo la renovación. Renovada la licencia, el Superintendente emitirá, previo satisfacción de derechos de renovación, el nuevo carné dentro de los próximos treinta (30) días naturales, a menos que tenga causa justificada para demorarlo.

Todo concesionario deberá informar al Superintendente su cambio de dirección residencial o postal dentro de treinta (30) días de realizarse el cambio, so pena de multa administrativa de doscientos dólares ($200), que deberá pagarse como requisito a la renovación de la licencia.

(G) En cualquier momento, una persona podrá entregar su licencia de armas a la Policía para su cancelación, y conjuntamente entregará sus armas a la Policía o las traspasará a otra persona con licencia de armas vigente o de armero.

(H) No será requisito poseer arma de fuego alguna para poder obtener licencia de armas y sus categorías.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 89-2005]*

## Artículo 2.03. — Transferencia de Fondos. (25 L.P.R.A. § 456b)

Se ordena al Departamento transferir al Superintendente las sumas que se recauden por concepto de los comprobantes de rentas internas que se acompañan en las solicitudes que se requieren en los Artículos 2.02, 2.05, 3.02, 3.04, 4.02, 4.04, y 7.04 de esta Ley, así como la totalidad de los fondos recaudados por razón de multas administrativas según se establecen en los diferentes Artículos de esta Ley. Estos fondos serán utilizados exclusivamente para todo lo directamente relacionado a la operación continua e ininterrumpida del Registro Electrónico y el proceso de expedición de Licencias de Armas, para sufragar el costo de cualquier campaña que se entienda necesaria llevar a cabo con el propósito de orientar al público sobre el uso y manejo de armas y de la legislación pertinente a esta materia. Disponiéndose, además, que para el Año Fiscal 2013-2014, se transferirá de los recursos de este Fondo Especial la cantidad de seis millones (6,000,000) de dólares al "Fondo para el Apoyo Presupuestario 2013-2014". Además, para el Año Fiscal 2014-2015, se transferirá de los recursos de este Fondo Especial la cantidad de un millón (1,000,000) de dólares al "Fondo de Responsabilidad Legal".

De igual forma, para el Año Fiscal 2015-2016 se transferirá de los recursos de este Fondo Especial la cantidad de un millón cuatrocientos dieciocho mil setecientos cincuenta y cuatro dólares ($1,418,754), que se encuentran contabilizados en la cuenta número 0400000-253-081-2002, o cualquier otra dirigida a estos fines dentro del sistema de contabilidad del Departamento de Hacienda, al Fondo de Responsabilidad Legal 2015-2016.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 43-2013; Ley 78-2014; Ley 105-2015]*

**Artículo 2.04. — Procedimiento de Expedición de Licencia de Armas a Ciertos Funcionarios del Gobierno.** (25 L.P.R.A. § 456c)

El Gobernador, los legisladores, los alcaldes, los secretarios, directores y jefes de agencias del Gobierno de Puerto Rico, los jueces estatales y federales, los fiscales estatales y federales y los procuradores de menores, el Superintendente, los miembros de la Policía, los funcionarios, agentes y empleados del gobierno de Puerto Rico que por razón del cargo y las funciones que desempeñan vienen requeridos a portar armas, y todo agente del orden público, podrán portar armas de fuego. Podrá portar armas de fuego además los ex-gobernadores, ex-legisladores, ex-superintendentes, ex-jueces estatales y federales, ex-fiscales estatales y federales, ex-procuradores de menores, ex-alcaldes de Puerto Rico y los ex-agentes del orden público, siempre que su retiro haya sido honorable, que no estén impedidos por esta Ley de poseer armas de fuego y que, en el caso de ex-agentes del orden público, hayan servido en dicha capacidad por no menos de diez (10) años. Además, los miembros de las Fuerzas Armadas de Estados Unidos y de la Guardia Nacional de Puerto Rico podrán portar sin licencia las armas que le asignen dichos cuerpos mientras se encuentren en funciones oficiales de su cargo.  A esos fines, el Superintendente establecerá un procedimiento expedito mediante el cual otorgará a los funcionarios antes mencionados, salvo a los agentes del orden público y al propio Superintendente, una licencia de armas con el correspondiente permiso de portar.

Aquellos agentes del orden público, funcionarios y empleados gubernamentales autorizados a portar y entrenar con armas pertenecientes al Estado Libre Asociado de Puerto Rico o al Gobierno Federal, podrán inscribir el calibre de su arma oficial para poder comprar y utilizar municiones en su licencia de armas con permiso de portar, previa autorización del jefe o director de la agencia y en armonía con las disposiciones de esta Ley.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.05. — Permisos de portación de armas expedidos por el tribunal.** (25 L.P.R.A. § 456d)

(A) La sala con competencia del Tribunal de Primera Instancia concederá, de no existir causa justificable para denegarlo, autorización al Superintendente para incluir en el carné del peticionario un permiso para portar, transportar y conducir, sin identificar arma en particular alguna, cualquier pistola o revólver legalmente poseído, previa notificación al Ministerio Público, y audiencia de éste así requerirlo, a toda persona poseedora de una licencia de armas que demostrare temer por su seguridad.  El peticionario deberá radicar junto a su solicitud de portación, el recibo de un comprobante de rentas internas por la cantidad de doscientos cincuenta (250) dólares a favor del Superintendente, cuyo comprobante deberá haber sido presentado previamente al Superintendente, y una certificación expedida por un oficial autorizado de un club de tiro en Puerto Rico, al efecto de que el peticionario ha aprobado un curso en el uso y manejo correcto y seguro de armas de fuego.

Los requisitos exigidos para la expedición de una licencia de armas dispuestos en el Artículo 2.02 de esta Ley serán considerados por el tribunal al momento de evaluar la concesión del permiso de portación.

El permiso para portar armas expedido por el Tribunal podrá renovarse concurrentemente con el procedimiento de renovación de la licencia de armas, mediante la presentación al Superintendente de un comprobante de cien (100) dólares a favor del Superintendente y una petición jurada en la que se haga constar que las circunstancias que dieron lugar a la concesión original de la licencia aún prevalecen al momento de presentarse la solicitud. En el caso de existir algún cambio, el mismo deberá ser justificado previo a la concesión de la renovación. El Superintendente notificará la renovación del permiso de portar armas al Tribunal dentro de un término de treinta (30) días.

Deberá acompañarse una declaración jurada a los efectos que cumple con todos los requisitos establecidos en el Artículo 2.02 de esta Ley y que todo el contenido de la solicitud es correcto y cierto.

(B) El permiso de portación aquí otorgado tendrá una duración sujeta a la vigencia de la licencia de armas, y podrá renovarse por términos consecutivos de cinco (5) años, junto a la licencia de armas.  En los casos en que se deniegue el permiso, las cantidades pagadas mediante comprobantes no serán reembolsables.

(C) Como parte de la solicitud de renovación de la licencia de armas y del permiso de portar, la persona deberá someter al Superintendente una nueva certificación en el uso, manejo y medidas de seguridad de armas de fuego, certificada por un club de tiro.  El Superintendente, para estos propósitos, autorizará la compra de hasta un máximo de doscientas cincuenta (250) municiones adicionales a las permitidas en esta Ley, las cuales tendrán que ser consumidas en su totalidad en el club de tiro al que el concesionario haya asistido durante el entrenamiento de certificación.

Todo agente del orden público a quien por razón de sus funciones se le asigne un arma será adiestrado anualmente en el uso y manejo de dicha arma por funcionarios o contratistas de las agencias que los emplean que estén cualificados para certificar el uso, manejo y medidas de seguridad de armas de fuego. Será deber de la agencia que emplea a dicho agente someter una certificación al Superintendente de que el adiestramiento aquí establecido se ha llevado a cabo.

Los concesionarios que no cumplan con el requisito de certificación antes descrito no podrán portar un arma hasta tanto sean certificados, so pena de multa administrativa de quinientos (500) dólares; en caso de una segunda infracción a lo dispuesto en este párrafo, el Superintendente además revocará el permiso de portación, sin mediar autorización del tribunal.  En el caso de agentes del orden público, concluido un periodo de gracia de 60 días, las agencias no podrán utilizar personal no certificado de conformidad con esta sección en funciones que requieran el uso y/o portación de armas.

(D) El permiso de portación será incorporado por el Superintendente a la licencia de armas del concesionario, haciendo constar la categoría de portar, según lo establecido en el Artículo 2.02(F), dentro de los diez (10) días naturales siguientes de haber entregado el concesionario la autorización del tribunal.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.06. — Licencia de Armas, Permisos de Portación; Personas exentas del pago del Comprobante.** (25 L.P.R.A. § 456e)

De interesar solicitar una licencia de armas o cualquiera de los permisos establecidos en esta Ley, las siguientes personas estarán exentas del pago de los comprobantes y sellos de rentas internas a que se refieren los Artículos 2.02, 2.05 y 3.04, respectivamente.
(1) Las personas con impedimento físico que se dediquen al deporte de tiro al blanco, según sea certificado por el Comité Olímpico;
(2) los funcionarios del Gobierno enumerados en el Artículo 2.04 de esta Ley.;
(3) los funcionarios, agentes y empleados del Gobierno de Puerto Rico, que, por razón del cargo y las funciones que desempeñan, vienen requeridos a portar armas;
(4) los ex gobernadores, ex legisladores, ex superintendentes, ex jueces estatales y federales, ex fiscales estatales y federales, ex procuradores de menores, y ex alcaldes de Puerto Rico, siempre que su retiro haya sido honorable, y
(5) los ex agentes del orden público, siempre que el retiro haya sido honorable y que hayan servido más de diez (10) años.

*[Enmiendas: Ley 27-2002]*

**Artículo 2.07. — Acusación por delito grave; ocupación de armas.** (25 L.P.R.A. § 456f)

Luego de una determinación de causa probable para el arresto de cualquier persona a la cual se le haya otorgado una licencia de armas, por la comisión de cualquiera de los delitos especificados en el Artículo 2.11 o de violaciones a las disposiciones de esta Ley, el tribunal suspenderá provisionalmente la licencia hasta la determinación final del procedimiento criminal. Disponiéndose además que el tribunal ordenará la ocupación inmediata de la totalidad de las armas y municiones del concesionario para su custodia en el Depósito de Armas y Municiones de la Policía.  De resultar el acusado con una determinación de no culpabilidad, final y firme, el juez ordenará la inmediata devolución de su licencia de armas y de las armas y municiones.  Toda arma y municiones así devueltas deberán entregarse en las mismas condiciones en que se ocuparon.  El concesionario estará exento del pago por depósito.  De resultar la acción judicial en una de culpabilidad, final y firme, el Superintendente revocará la licencia permanentemente y se incautará finalmente de todas sus armas y municiones.

**Artículo 2.08. — Licencia de Armero; Informe de Transacciones.** (25 L.P.R.A. § 456g)

(A) Ninguna persona podrá dedicarse al negocio de armero o comerciante en armas de fuego y municiones, sin poseer una licencia de armero expedida por el Secretario del Departamento de Hacienda.  Dichas licencias vencerán a partir de un (1) año desde la fecha de su expedición y estarán nuevamente sujetas a las formalidades y requisitos de solicitud de esta Ley.  Las licencias de armeros estarán sujetas a la aprobación y certificación de la Policía, previa inspección, sobre las medidas de seguridad exigidas en la edificación donde esté ubicado el establecimiento.  La solicitud para renovación de una licencia deberá radicarse con treinta (30) días de antelación a la fecha de su vencimiento.

(B) Cada transacción referente a la introducción de armas a Puerto Rico por armeros o a la venta de armas y municiones entre armeros deberá ser informada mediante el sistema electrónico establecido por esta Ley.  De no estar disponible dicho sistema al momento de la transacción, será informada al Superintendente en formulario que proveerá éste, debiendo expresar en el mismo el nombre, domicilio, sitio del negocio y particulares de la licencia, tanto del vendedor como del comprador, así como la cantidad y descripción, incluyendo el número de serie de las armas o municiones objeto de cada transacción, según lo requiera el Superintendente.

(C) Un armero que posea una licencia expedida de acuerdo con esta Ley, podrá adquirir un arma que esté inscrita en el registro de armas bajo las disposiciones de esta Ley por compra de la persona que la haya inscrito a su nombre, siempre que tal persona tenga una licencia de armas expedida de acuerdo con esta Ley. Al efectuarse cualquier venta de armas de fuego o municiones, la transacción deberá ser informada mediante el sistema electrónico establecido por esta Ley. De no estar disponible dicho sistema al momento de la transacción, el vendedor y comprador deberá notificarlo por escrito y con acuse de recibo al Superintendente, ambos mediante un mismo formulario que proveerá éste a esos fines.  En el caso de venta múltiple de armas, más de una (1) a la vez o más de un (1) arma a la misma persona dentro de un período de treinta (30) días consecutivos, y de no estar disponible el sistema electrónico, el armero, dentro de veinticuatro (24) horas luego de entregar las armas, notificará mediante facsímil y por teléfono al Superintendente y anotará en sus libros el nombre y número de identificación de la persona que recibió la información.  De igual forma se procederá cuando se lleve a cabo cualquier venta unitaria mayor a seiscientas (600) municiones a persona con licencia de armas con permiso de Tiro al Blanco o Caza. De no lograr comunicación vía facsímil y telefónica, la notificación será mediante correo certificado con acuse de recibo, o personalmente.

(D) Cuando el armero, a su mejor juicio, detecte anormalidad en el carné de un concesionario o la entrega de armas sea negada o prohibida por disposición de ley federal, notificará de inmediato, vía facsímil y teléfono al Superintendente o a la persona que fehacientemente éste designe y notifique a los armeros.  El Superintendente procederá de inmediato a investigar al concesionario para determinar si procede la cancelación de la licencia y la formulación de cargos criminales.

Toda infracción a lo dispuesto en el párrafo (A) anterior constituirá delito grave, y será sancionada con pena de reclusión por un término fijo de seis (6) años.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de doce (12) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años. Disponiéndose que los trabajos de ajustes, mecánicos o cosméticos entre personas con licencia de armas no constituirán delito alguno.

Toda infracción a lo dispuesto en los párrafos (C) y (D) anteriores será sancionada con pena de multa administrativa que no excederá de quinientos (500) dólares por no notificar en la primera infracción, y dos mil (2,000) dólares por infracciones subsiguientes, disponiéndose que de surgir una tercera falta, el Superintendente podrá optar por imponer la multa o iniciar el procedimiento para cancelar la licencia de armero y de surgir otra falta, el Superintendente procederá a cancelar la licencia de armero.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.09. — Requisitos de un Peticionario para Licencia de Armero.** (25 L.P.R.A. § 456h)

(A) Toda persona que desee obtener o trasladar de local una licencia de armero radicará ante el Secretario del Departamento de Hacienda una solicitud jurada ante notario, acompañada de un comprobante de rentas internas de quinientos (500) dólares, en el formulario que proveerá el Secretario de Hacienda para éstos propósitos.  Luego de la aprobación de la solicitud por el Secretario de Hacienda, la misma será remitida al Superintendente de la Policía de Puerto Rico, y ninguna licencia será expedida de conformidad con este Artículo si se demostrare que el peticionario no cumple con los requisitos establecidos en el Artículo 2.02(A), excepto que tendrá que ser ciudadano de los Estados Unidos.

(B) Ninguna licencia de armero será expedida de conformidad con este Artículo, sin que previamente se haya practicado por la Policía una investigación de todas las declaraciones contenidas en la solicitud y sin que los archivos de la Policía y los demás archivos accesibles (incluyendo los archivos del *National Crime Information Center* y del *National Instant Criminal Background Check System*) hayan sido examinados a los fines de determinar cualquier convicción anterior del peticionario.  No se expedirá licencia alguna si no se cumplieran con todas las disposiciones de este Artículo, o si las declaraciones contenidas en la solicitud no resultaren ciertas.

(C) Si el peticionario es una corporación o una sociedad, la solicitud deberá estar firmada y jurada por el presidente, el secretario y el tesorero de la corporación, o por todos los socios directores de la sociedad; deberá indicar el nombre de la corporación o de la sociedad, sitio y fecha de su incorporación o constitución, sitio de su oficina principal o domicilio, nombre de la ciudad o pueblo, calle y número donde será establecido el negocio, agencia, sub agencia, oficina o sucursal para la cual se interese la licencia.  Una licencia expedida bajo las disposiciones de este Artículo será válida solamente para los negocios mencionados y descritos en la licencia. Dicha licencia no podrá traspasarse a ningún otro negocio ni a ninguna otra persona, y quedará automáticamente cancelada al disolverse la corporación o sociedad o sustituirse cualquiera de los oficiales de la corporación que suscribieron la solicitud, o al ingresar algún nuevo socio director en el caso de una sociedad, aunque dicha  licencia podrá ser renovada tan pronto se cumpla con lo dispuesto en este Artículo en relación con el nuevo oficial o el nuevo socio.  En estos casos, el Secretario de Hacienda expedirá una licencia provisional mientras se efectúa el trámite de renovación.

(D) Cuando el peticionario es una corporación o sociedad, no se expedirá licencia alguna si cualquier oficial de la corporación o socio director de la sociedad no cumple con los requisitos establecidos en el Artículo 2.02(A), excepto que tendrá que ser ciudadano de los Estados Unidos.

(E) En todo caso, la licencia de armero deberá ser expedida dentro de ciento veinte (120) días de radicada la solicitud personalmente o por correo certificado al Secretario del Departamento de Hacienda, sin perjuicio de que el Superintendente pueda continuar su investigación posteriormente y revocar la licencia si hubiera causa legal para ello.

**Artículo 2.10. — Condiciones para Operaciones de Armeros; Constancias de Transacciones.**
(25 L.P.R.A. § 456i)

Una persona, sociedad o corporación a la cual se le hubiera expedido una licencia de armero podrá dedicarse a la venta de armas  y municiones, o al negocio de armero bajo las siguientes condiciones:

(a) El negocio se explotará solamente en el local designado en la licencia.  Los armeros a quienes la Policía no les hubiese certificado que han cumplido con las medidas de seguridad de acuerdo con esta Ley, no podrán iniciar operaciones hasta cumplir con las mismas, ni podrán mantener en tal local armas o municiones que no sean aquellas que se esté autorizado a poseer y portar por el armero de acuerdo con las disposiciones de esta Ley.  La infracción de este inciso por el armero o aspirante a armero constituirá falta administrativa que será sancionada con multa no menor de cinco mil (5,000) dólares ni mayor de cincuenta mil (50,000) dólares, a discreción del Superintendente.  Además, conllevará que el Superintendente revoque la licencia.  Éste deberá inscribir cualquier modificación en el Registro Electrónico.

(b) Ningún armero recibirá arma alguna para su reparación, modificación, limpieza, grabación, pulimento, o para efectuar cualquier otro trabajo mecánico, sin que se le muestre previamente la licencia de armas, ni aceptará un arma de fuego bajo condición alguna que tenga su número de serie mutilado.  La infracción de este inciso por parte del armero constituirá falta administrativa, y será sancionada con multa de diez mil (10,000) dólares.  No cumplir con este requisito conllevará la revocación de la licencia por el Superintendente.

(c) La licencia de armero o copia certificada de la misma deberá colocarse en el establecimiento, de modo que pueda leerse con facilidad. No cumplir con este requisito podrá conllevar imposición de multa administrativa de cinco mil (5,000) dólares.

(d) Todo armero deberá tener en algún lugar visible al comprador o cliente la siguiente advertencia:
**"El uso de un dispositivo de seguridad (locking device o safety lock) es recomendable para un arma de fuego.  Toda arma cargada, así como sus municiones deberán mantenerse fuera del alcance de menores o personas no autorizadas a utilizarlas.  Es aconsejable guardar sus armas separadas de las municiones."**
No cumplir con este requisito conllevará la imposición de una multa administrativa de cinco mil (5,000) dólares.

(e) Se llevará constancia de cada arma vendida y de cada venta de municiones, en libros destinados a este fin que serán impresos en la forma que prescriba el Superintendente, quien suministrará estos libros a los armeros, previo el pago por éstos de los costos correspondientes, según se disponga mediante reglamento.  La constancia de cada venta será firmada personalmente por el comprador y por la persona que efectúe la venta, haciéndolo cada uno en presencia del otro; y dicha constancia expresará la fecha, día y hora de la venta, calibre, fabricación, modelo y número de fábrica del arma, calibre, marca y cantidad de municiones, y el nombre y número de licencia de armas. El vendedor anotará la descripción de las municiones, la cantidad que vende y la fecha, día y hora de la venta en el formulario que le proveerá el Superintendente.  De igual forma, en el Registro Electrónico se llevará constancia de cualquier arma o municiones vendidas.  El Superintendente tendrá que dar acceso al Registro Electrónico a la persona, sociedad o corporación a la cual se le hubiera expedido una licencia de armero, a los únicos fines de poder registrar las transacciones a realizarse y que las mismas son conformes a las disposiciones de esta Ley. El Superintendente tendrá la obligación de mantener el registro organizado de forma que facilite

comprobar en cualquier momento la cantidad de municiones que adquiere cada tenedor de licencia, y no autorizará la venta de calibres distintos a los que estén inscritos a favor del concesionario.

(f)  Cuando las municiones vendidas sean de las descritas en el segundo párrafo del Artículo 6.01 de esta Ley, el vendedor llevará un registro especial en libros y formularios destinados a este fin que serán impresos en la forma que prescriba el Superintendente, también suministrado de conformidad al inciso anterior, en el que aparecerá el nombre del comprador, la descripción de las municiones, y la fecha día y hora de la venta. Además, dicho registro contendrá lo siguiente:

(1) Una descripción completa de cada arma, incluyendo:

(i)  el fabricante de la misma;

(ii) el número de serie que aparezca grabado en la misma;

(iii) el calibre del arma; y

(iv) el modelo y tipo del arma.

En el caso de ventas al por mayor de armas del mismo calibre, modelo y tipo, el armero puede acumular dichas ventas en sus récords, siempre y cuando las mismas sean hechas en una misma fecha y a un solo comprador.

(2) El nombre y dirección de cada persona de la cual se recibió el arma para la venta en la armería, conjuntamente con la fecha de adquisición.

(3) El nombre, número de licencia y dirección de la persona, natural o jurídica, a quien se vendió y la fecha de la entrega.

La utilización del sistema de registro electrónico no eximirá del cumplimiento de las disposiciones de este Artículo.

(g) Los documentos y libros deberán mantenerse en el negocio indicado y descrito en la licencia, y deberán estar disponibles durante horas laborables para su inspección por cualquier funcionario del Ministerio Público o agente del orden público.  En los casos de revocación de la licencia según se prescribe en este Artículo o del cese de operaciones del negocio, dichos libros y constancias deberán ser entregados inmediatamente al Superintendente.

(h) No se exhibirán armas, municiones o imitaciones de los mismos en ningún lugar de un establecimiento comercial dedicado a la venta de armas, donde puedan ser vistas desde el exterior del negocio.  No cumplir con este requisito podrá conllevar la imposición de una multa administrativa de cinco mil (5,000) dólares.  Disponiéndose, que en casos de inobservancia de las medidas de seguridad o de las medidas dispuestas en este Artículo en dos (2) o más ocasiones, por parte de los armeros, el Superintendente, previa notificación escrita, podrá revocar la licencia.  De la persona no estar de acuerdo, podrá llevar una acción de revisión, en conformidad a la Ley Núm. 170 del 12 de agosto de 1988, según enmendada [3 L.P.R.A. §§ 2101 et seq.].

(i) Todo armero a quien se le haya expedido una licencia bajo las disposiciones de este Artículo, que deje de llevar las constancias y libros que aquí se exigen, incurrirá en delito grave y convicto que fuere, será sancionado con pena de reclusión por un término fijo de doce (12) años y pena de multa que no excederá de cien mil (100,000) dólares.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años. Además, el Superintendente revocará cualquier licencia de armas o de armero que esta persona posea.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.11. — Fundamentos para Rehusar Expedir Licencia.** (25 L.P.R.A. § 456j)

El Superintendente no expedirá licencia de armas ni el Secretario del Departamento de Hacienda expedirá licencia de armero, o de haberse expedido se revocarán y el Superintendente se incautará de la licencia y de las armas y municiones de cualquier persona que haya sido convicta, en o fuera de Puerto Rico, de cualquier delito grave o su tentativa, por conducta constitutiva de violencia doméstica según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada [3 L.P.R.A. §§ 601 et seq.], o conducta constitutiva de acecho según tipificada en la Ley Núm. 284 de 21 de agosto de 1999, según enmendada [33 L.P.R.A. §§ 4013 et seq.], ni por conducta constitutiva de maltrato de menores según tipificada en la Ley Núm. 342 de 16 de diciembre de 1999, según enmendada *[Nota: Actual Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores"][8 L.P.R.A. §§ 1101 et seq.]*. Disponiéndose, además, que tampoco se expedirá licencia alguna a una persona con un padecimiento mental que lo incapacite para poseer un arma, un ebrio habitual o adicto al uso de narcóticos o drogas, ni a persona alguna que haya renunciado a la ciudadanía americana o que haya sido separado bajo condiciones deshonrosas de las Fuerzas Armadas de los Estados Unidos o destituido de alguna agencia del orden público del Gobierno de Puerto Rico, ni a ninguna persona que haya sido convicta por alguna violación a las disposiciones de esta Ley o de la anterior Ley de Armas.

**Artículo 2.12. — Registro de Armas; Pérdida y Entrega de Arma de Fuego; Muerte del Poseedor de Licencia.** (25 L.P.R.A. § 456k)

(A) El Registro de Armas creado en el Cuartel General de la Policía, se ajustará en su organización y funcionamiento a las disposiciones de esta Ley y será llevado en forma computadorizada, sistemática y ordenada de manera que se facilite la búsqueda de información. Este Registro deberá estar debidamente custodiado.

(B) Toda arma de fuego legalmente poseída después de entrar en vigor esta Ley, deberá ser inscrita en el Registro de Armas; en caso de que no estuviere previamente inscrita.  El Superintendente entregará al declarante una constancia de dicha inscripción.

(C) Toda persona que posea o tenga bajo su dominio un arma o municiones debidamente autorizadas por Ley y las pierda, se le desaparezcan, se las roben o sean sustraídas mediante apropiación ilegal, deberá notificarlo mediante la presentación de una querella al distrito o precinto Policíaco donde éste resida o en el cuartel de la Policía más cercano, inmediatamente advenga en conocimiento de su pérdida, desaparición, robo o apropiación.  Si no cumple con tal obligación, será culpable de delito menos grave y convicta que fuere, será sancionada con pena de multa hasta un máximo de cinco mil (5,000) dólares por cada arma o cada quinientas (500) o fracción de municiones dejadas de informar.

El Superintendente investigará todo informe de pérdida, desaparición, robo o apropiación ilegal, y llevará un registro detallado del resultado de éstos a los fines de levantar estadísticas sobre informes de pérdida, desaparición, robo o apropiación ilegal de armas o municiones. De ser intencionalmente falsa la información prestada por el querellante, el Superintendente notificará el hecho al Ministerio Público para que se presenten cargos criminales.

(D)  Cuando falleciere una persona debidamente autorizada para la tenencia de armas, será deber de todo administrador, albacea o fideicomisario, o de cualquiera de ellos que actúe en Puerto Rico, y de cualquier subadministrador, agente o persona autorizada legalmente para administrar los

bienes, notificar su fallecimiento al Superintendente dentro de los treinta (30) días siguientes a la fecha del fallecimiento.   La notificación expresará el nombre, residencia y circunstancias personales del fallecido.   No notificar este hecho constituirá delito menos grave que será sancionado con pena de multa no mayor de quinientos (500) dólares.  El Superintendente dispondrá lo necesario para el recibo, almacenamiento, custodia, que podrá ser por una persona con licencia de armas o una armería designada por el administrador, albacea o fideicomisario y/o disposición de dichas armas, mientras se distribuye la herencia.  Si las armas fueren adjudicadas a un heredero que sea elegible para obtener una licencia de armas, y se le expidiere tal licencia, dicha arma o armas le será entregada; disponiéndose que si dicho heredero ya fuera dueño del número máximo de armas permitido en esta Ley, el Superintendente concederá una autorización para la tenencia de las armas adquiridas por disposición de herencia, según el formulario que establezca éste mediante reglamento.  De serle denegada tal licencia, o de disponerse la venta de dicha arma en pública subasta, la misma podrá ser adquirida únicamente por una persona con licencia de armas vigente, mediante subasta o por un armero debidamente autorizado por esta Ley y, de no ser así adquirida, dicha arma será entregada para su decomiso al Superintendente, tal como se dispone en esta Ley.  Disponiéndose además que el Superintendente no entregará ninguna arma que, previo al fallecimiento de su dueño, no hubiese sido debidamente inscrita a tenor con el párrafo (B) de este Artículo.

(E) Cualquier adquisición, compra, venta, donación, cesión o cualquier forma de traspaso de titularidad de un arma de fuego y municiones, deberá ser realizada ante una persona con licencia de armero, para su correspondiente inscripción en el Registro Electrónico y en sus libros, en conformidad a lo dispuesto en el Artículo 2.10 de esta Ley.   También podrán realizarse los mencionados medios de traspaso de titularidad entre concesionarios de licencia de armas mediante los formularios de traspaso de armas que provea el Superintendente, dentro de los cinco (5) días siguientes al otorgamiento, para la debida anotación y corrección en el Registro Electrónico.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

## Artículo 2.13. — Motivos Fundados para Facultar a los Agentes del Orden Público a Ocupar Armas. (25 L.P.R.A. § 456l)

Cualquier agente del orden público ocupará la licencia, arma y municiones que posea un concesionario cuando tuviese motivos fundados para entender que el tenedor de la licencia hizo o hará uso ilegal de las armas y municiones, para causar daño a otras personas; por haber proferido amenazas de cometer un delito; por haber expresado su intención de suicidarse; cuando haya demostrado reiteradamente negligencia o descuido en el manejo del arma; cuando se estime que el tenedor padece de una condición mental, se le considere ebrio habitual o es adicto a sustancias controladas; o en cualquier otra situación de grave riesgo o peligro que justifique esta medida de emergencia.  Un agente del orden público también ocupará la licencia, armas y municiones cuando se arreste al tenedor de la misma por la comisión de un delito grave o delito menos grave que implique violencia.  A solicitud de la parte a quien se le ocupó el arma, hecha dentro de los quince (15) días laborables luego de la ocupación del arma, el Superintendente celebrará una vista administrativa en un término no mayor de cuarenta y cinco (45) días para sostener, revisar o modificar la ocupación del agente del orden público.  El Superintendente deberá emitir su decisión en un plazo no mayor de cuarenta y cinco (45) días a partir de la celebración de dicha vista

administrativa formal y de resultar favorable a la parte afectada la determinación de Superintendente, éste ordenará la devolución inmediata del arma o armas ocupadas.

[Enmiendas: *Ley 27-2002*; *Ley 137-2004*]

### Artículo 2.14. — Armas de Asalto Semiautomáticas; Fabricación, importación, distribución, posesión y transferencia. (25 L.P.R.A. § 456m)

(A) No se podrá fabricar o hacer fabricar, ofrecer, vender, alquilar, prestar, poseer, usar, traspasar o importar un Arma de Asalto Semiautomática.  No obstante, esta prohibición no será de aplicación a:

(1) la posesión, uso, transferencia, en Puerto Rico, o importación desde el territorio de los Estados Unidos, por personas cuya licencia contenga la categoría de tiro al blanco, de caza o posea licencia de armero, de aquellas armas de asalto legalmente existentes en la Nación de los Estados Unidos de Norte América, a la fecha de entrar en vigor esta Ley; o

(2) la fabricación, importación, venta o entrega, por personas con licencia de armero, para uso de estas armas en el cumplimiento del deber por los Agente del Orden Público, del Gobierno de Puerto Rico o de los Estados Unidos, o para el uso de las fuerzas armadas del Gobierno de los Estados Unidos o de Puerto Rico.

(B) Las Armas de Asalto Semiautomáticas a que se refiere este Artículo son las siguientes:

(1) Norinco, Mitchell, y Poly Technologies Avtomat Kalashnikovs (todos los modelos de AK);

(2) Action Arms Israeli Military Industries UZI y Galil;

(3) Beretta Ar70 (SC-70);

(4) Colt AR-15;

(5) Fabrique National FN/FAL, FN/LAR, y FNC;

(6) SWD M-10, M-11, M-11/9, y M-12;

(7) Steyr AUG;

(8) INTRATEC TEC-9, TEC-DC9 y TEC-22; y

(9) Escopetas revolving cylinder, tales como (o similares a) la Street Sweeper y el Striker 12.

Además, será considerada como un arma de asalto semiautomática:

(1) Un rifle semiautomático que pueda ser alimentado mediante retroalimentación por un abastecedor o receptáculo removible y que contenga más de dos (2) de las siguientes características:

(a) culata plegadiza o telescópica;

(b) empuñadura de pistola (pistol grip) que sobresale manifiestamente por debajo de la acción del arma;

(c) montura para bayoneta;

(d) supresor de fuego o rosca para acomodar un supresor de fuego (flash suppressor); o

(e) lanzador de granadas, excluyendo los lanzadores de bengalas.

(2) Una pistola semiautomática que pueda ser alimentada mediante retroalimentación por un abastecedor o receptáculo removible y que contenga más de dos (2) de las siguientes características:

(a) un abastecedor o receptáculo de municiones que se fija a la pistola por fuera de la empuñadura de la pistola (pistol grip);

(b) un cañón con rosca en su punta delantera capas de aceptar una extensión al cañón, supresor de fuego (flash suppressor), agarre para la mano al frente del arma o un silenciador;

(c) una cubierta que se puede fijar cubriendo parcial o total el cañón permitiendo a quien dispara el arma, sujetarla con la mano que no está oprimiendo el gatillo y no quemarse;

(d) un peso de manufactura en exceso a cincuenta (50) onzas descargada; o

(e) una versión semiautomática de un arma automática.

(3) Una escopeta semiautomática que contenga dos (2) o más de las siguientes características:

(a) culata plegadiza o telescópica;

(b) empuñadura de pistola (pistol grip) que sobresale manifiestamente  por debajo de la acción del arma;

(c) abastecedor o receptáculo de municiones fijo con capacidad para más de cinco (5) cartuchos; o

(d) capaz de recibir un abastecedor o receptáculo de municiones removible.

(C) Toda persona que viole las disposiciones de este Artículo incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta y seis (36) años; de mediar circunstancias atenuantes,  podrá ser  reducida hasta un mínimo de dieciocho (18) años.

No constituirá delito la posesión o uso de estas armas en el cumplimiento del deber por los miembros de la Policía, y aquellos otros agentes del orden público debidamente autorizados a portar armas de fuego conforme se establece en esta Ley.

La aplicación de las disposiciones de este Artículo serán prospectivas a partir de la aprobación de esta Ley.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 2.15. — Comité Interagencial para Combatir Tráfico Ilegal de Armas.** (25 L.P.R.A. § 456n)

Se establece el Comité Interagencial para Combatir el Tráfico Ilegal de Armas de Fuego, sin perjuicio ni menoscabo de las obligaciones y facultades que recaen en el Superintendente. Este Comité estará integrado por el Secretario del Departamento de Justicia, quien lo presidirá, el Superintendente de la Policía, el Secretario del Departamento de Hacienda, el Secretario(a) del Departamento de Estado, el Secretario(a) del Departamento de Educación, el Secretario(a) del Departamento de Transportación y Obras Públicas, el Secretario(a) del Departamento de Corrección y Rehabilitación, el Director(a) Ejecutivo(a) de la Administración de los Tribunales y el Director Ejecutivo de la Autoridad de los Puertos, un Director en Puerto Rico del Negociado Federal de Alcohol, Tabaco, Armas de Fuego y Explosivos, un Alcalde perteneciente a la Asociación de Alcaldes de Puerto Rico y un Alcalde perteneciente a la Federación de Alcaldes de Puerto Rico, quienes serán designados como representantes por los Alcaldes de los municipios afiliados a sus correspondientes organizaciones, un representante del deporte del tiro al blanco y

un representante del deporte de caza certificados por las federaciones de tiro y caza de Puerto Rico, respectivamente, y nombrados por el Secretario del Departamento de Recreación y Deportes, y un ciudadano que representará el interés público, quien será seleccionado y nombrado por consenso entre los funcionarios que integran el Comité.

El Comité tendrá a su cargo principalmente la evaluación del problema de importación, tráfico y uso ilegal de armas y municiones en Puerto Rico, con miras a detectar y desarticular los puntos, lugares o circunstancias que propicien la introducción y tráfico ilegal de estas armas y municiones.

Será responsabilidad del Comité, además, diseñar los planes de acción coordinados que sean efectivos para lograr los propósitos antes enunciados y para mejorar los sistemas de registro y control de armas y municiones en Puerto Rico.

El Comité examinará, revisará y hará las recomendaciones pertinentes al Gobernador de Puerto Rico y a la Asamblea Legislativa sobre las medidas legislativas, disposiciones o normas que deberán ser objeto de revisión, derogación o adaptación, a fin de combatir la importación y tráfico ilegal de armas y municiones.

El Comité adoptará un reglamento para su funcionamiento interno y sus decisiones serán adoptadas por mayoría.

El Comité atenderá con prioridad y establecerá los mecanismos viables y adecuados para identificar el modo y frecuencia con que se importan armas y municiones a Puerto Rico y su procedencia.  El Comité deberá, además, tomar medidas o formular recomendaciones para que las compañías de transportación marítima y las compañías de mudanza recopilen y pongan a disposición del Comité información confiable sobre el tráfico, importación y exportación de armas y municiones que facilite la consecución de los objetivos de esta Ley.

Será obligación del Secretario de Justicia, en su capacidad de Presidente y a nombre del Comité, rendir un informe anual a la Asamblea Legislativa con recomendaciones sobre la implantación de dicho reglamento en o antes del treinta y uno (31) de enero de cada año.

*[Enmiendas: Ley 27-2002; Ley 274-2002; Ley 125-2004; Ley 64-2008]; Ley 138-2016]*

**Artículo 2.16. — Centro de Rastreo y Análisis.** (25 L.P.R.A. § 456o)

El Superintendente, mediante reglamento, establecerá en el Cuartel General de la Policía un Centro de Rastreo y Análisis para investigar el origen de toda arma recuperada o que se encuentre en posesión ilegal de una persona.

CAPITULO III — PERMISOS DE TIRO AL BLANCO

**Artículo 3.01. — Facultades y Deberes del Secretario y del Superintendente.** (25 L.P.R.A. § 45)

El Secretario tendrá los siguientes deberes, poderes, funciones y obligaciones con respecto al deporte del tiro al blanco en Puerto Rico:
(a) Fomentar el desarrollo del deporte de tiro al blanco en Puerto Rico, cooperando para este fin con los clubes, la federación de tiro y organizaciones de tiro existentes o que puedan organizarse en el futuro, por todos los medios disponibles a su alcance.

(b) Certificar que una persona es participante bona fide del deporte de tiro al blanco, para que el Superintendente considere la expedición de un permiso de tiro al blanco.

(c) Certificar que una entidad es un club o federación de tiro al blanco bona fide, para que el Superintendente considere la expedición de el permiso correspondiente.

(d) Organizar y celebrar anualmente campeonatos de tiro con las armas permitidas por Ley.

(e) Nombrar los jueces, anotadores y oficiales de campo que actuarán en los mismos; y seleccionar y proveer los trofeos, medallas, o diplomas que se otorguen como premio a los vencedores.

(f) Declarar anualmente un "Campeón Nacional" en cada categoría a base de la puntuación en cada campeonato, y publicar una nota de la puntuación obtenida por los primeros seis (6) concursantes en cada categoría. El título de campeón lo ostentará el ganador en cada categoría durante el período que termina con la celebración del próximo campeonato. No será necesario igualar o sobrepasar el récord anterior para ser declarado campeón, sino que bastará con establecer la puntuación más alta entre los participantes.

(g) Asistir o delegar en una persona de su selección, a todos los concursos o torneos de tiro al blanco que se celebran en Puerto Rico bajo los auspicios de cualquier club u organización de tiro, cuando así lo estime conveniente o le sea solicitado por el club auspiciador.

(h) Dada la naturaleza turística de Puerto Rico, cooperar con los clubes y organizaciones de tiro en la celebración de torneos o campeonatos internacionales.

Por su parte, el Superintendente tendrá los siguientes deberes, poderes, funciones y obligaciones con respecto al deporte del tiro al blanco en Puerto Rico:

(a) Expedir permisos de tiro al blanco a todas aquellas personas con licencia de armas que lo soliciten, y que cumplan y reúnan los requisitos exigidos por las disposiciones de esta Ley; disponiéndose que a los Policías Estatales, Municipales, y las personas con impedimento físico se les eximirá del pago de los derechos de rentas internas que requiere la ley, haciendo la anotación correspondiente en el carné del concesionario y el registro central de la Policía contra la licencia de armas de la persona en cuestión.

(b) Cancelar los permisos de tiro al blanco según se dispone en esta Ley, notificando a los interesados.

(c) Llevar un registro en el cual conste el nombre, edad, dirección de toda persona a quien se le haya expedido un permiso de tiro al blanco, así como su número de licencia de armas y el número del sello federativo de la federación a la cual pertenece; además, informar al Secretario las cancelaciones de permisos vigentes de tiro por no renovar el sello federativo como aquí se dispone.

(d) Expedir licencias a los clubes de tiro al blanco que las soliciten, previa recomendación favorable del Secretario.

(e) Cancelar licencias expedidas a los clubes de tiro al blanco según se dispone en esta Ley, notificando a los interesados.

(f) Llevar un registro del nombre, dirección y demás circunstancias de los clubes de tiro al blanco que hayan obtenido las licencias correspondientes bajo las disposiciones de esta Ley.

(g) Llevar un registro del nombre, dirección y número de la licencia expedida a cada club de tiro al blanco.

(h) A requerimiento del club u organización patrocinador de torneos donde participarán competidores del extranjero, expedir permisos provisionales de tiro, en forma expedita, a los participantes de otras jurisdicciones, sin otros requisitos que los contemplados en el Artículo 3.05 de esta Ley.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 3.02. — Licencias para Clubes de Tiro; Reglamentación.** (25 L.P.R.A. § 45)

(A) Se concederán licencias para clubes de tiro sólo a aquellos clubes dedicados al deporte del tiro al blanco que estén constituidos conforme a lo dispuesto en esta Ley.  La solicitud de licencia deberá hacerse por el dueño o presidente y secretario del club u organización dedicada al deporte de tiro al blanco, y la licencia que se expida al efecto permitirá la práctica del deporte por dos (2) años, solamente en el sitio o sitios destinados para ello por el Secretario.  Todo club u organización que se dedique o quiera dedicarse al deporte de tiro al blanco suministrará en su solicitud de licencia los datos que a continuación se expresan:
> (1) Nombre del club u organización;
> (2) Localización del polígono;
> (3) Descripción de las facilidades con que cuenta al momento de la solicitud para la práctica del deporte;
> (4) Una lista, por duplicado, de los nombres del dueño del club o todos los directores y oficiales, incluyendo de cada cual su dirección postal y residencial, edad y ocupación, así como una certificación jurada de que el club cuenta con más de veinticinco (25) socios;
> (5) Cuando se trate de una corporación o una sociedad, una certificación de que ha sido debidamente constituida bajo las leyes de Puerto Rico;
> (6) Un comprobante de rentas internas a favor de la Policía de Puerto Rico  por doscientos (200) dólares, como pago por la cuota de solicitud.
> (7)      Una certificación de afiliación a la federación de tiro; y
> (8) Un certificado de seguro, que mantendrá vigente, de "todo riesgo",  de responsabilidad pública (cubierta amplia) por una cuantía no menor de trescientos mil (300,000) dólares por daños o lesiones corporales (incluso muerte) y daños a la propiedad ajena o de terceras personas. Dicho certificado de seguro deberá ser emitido por una compañía debidamente reconocida para hacer negocios en Puerto Rico por el Comisionado de Seguros de Puerto Rico.

(B) En los casos de la solicitud para la renovación de la licencia para un club de tiro, el club deberá cumplir con todos los requisitos dispuestos en el inciso anterior, salvo que el costo de la cuota de renovación será de cien (100) dólares.  La licencia así renovada tendrá también una vigencia de dos (2) años.

(C) El Superintendente podrá denegar la licencia original o la renovación solicitada a cualquier club u organización, si la solicitud no cumpliere con todos los requisitos del inciso (A) de este Artículo.

*[Enmiendas: Ley 27-2002]*

**Artículo 3.03. — Licencias para Clubes de Tiro; Revocación.** (25 L.P.R.A. § 457b)

No podrá funcionar en Puerto Rico club alguno que se dedique al deporte del tiro al blanco sin la correspondiente licencia expedida por el Superintendente, de acuerdo con el procedimiento establecido en el Artículo 3.02 de esta Ley.  Disponiéndose que las licencias de esos clubes estarán sujetas a revocación por el hecho de permitir tirar con armas de fuego a personas que no tengan

los permisos contemplados en esta Ley, todo ello sin menoscabo a las demás causas de revocación de licencias que se establecen en esta Ley.  Las personas que única y exclusivamente se dedican a la práctica o competencia del tiro al blanco con armas neumáticas en clubes de tiro, no estarán requeridas de licencia o permiso alguno.  Para este caso sí estarán requeridas de ser miembros o socios de algún club de tiro y una Federación de Tiro u Organización de Tiro.

**Artículo 3.04. — Permisos de Tiro al Blanco.** (25 L.P.R.A. § 457c)

(A) Toda persona que tenga una licencia de armas expedida de conformidad  con esta Ley, podrá solicitar al Superintendente un permiso de tiro al blanco.  Proveerá bajo juramento ante notario toda la información requerida en los formularios de solicitud preparados a esos efectos por el Superintendente, los cuales requerirán al menos un comprobante de rentas internas de veinticinco (25) dólares, un retrato dos (2) pulgadas por dos (2) pulgadas, y un sello de la federación de tiro.  El Superintendente, dentro del término de treinta (30) días laborables de recibida la solicitud, expedirá  el permiso solicitado, salvo que exista causa justificable para la denegación.

(B) No se expedirá permiso de tirador a persona alguna que no sea miembro de un club u organización de tiro al blanco y una federación de tiro, debidamente reconocidos por el Secretario.

(C) Los permisos de tiro al blanco vencerán junto a la licencia de armas del concesionario.  La solicitud de renovación de tales permisos se hará junto a la renovación de la licencia de armas mediante declaración jurada, y su costo será de diez (10) dólares pagaderos mediante comprobante de rentas internas a favor de la Policía de Puerto Rico.  Pasados los seis (6) meses luego del vencimiento de su licencia de armas, el peticionario vendrá obligado a iniciar el proceso señalado en el inciso (A) de este Artículo.

(D) El poseedor de un permiso de tiro al blanco deberá mantener en vigor su afiliación a un club de tiro debidamente reconocido por el Secretario y a la Federación de Tiro, durante el término de vigencia de dicho permiso.  De no cumplirse con este requisito, el permiso de tiro quedará automáticamente revocado.  Esta revocación en particular no conlleva una cancelación de su correspondiente licencia de armas y no impedirá que el interesado solicite de *novo* un permiso de tiro al blanco en fecha subsiguiente.

(E)  El permiso de tiro al blanco será incorporado por el Superintendente a la licencia de armas del concesionario, haciendo constar la categoría de tiro al blanco según lo establecido en el Artículo 2.02(F).

(F)  El permiso de tiro al blanco facultará al poseedor para transportar armas de fuego y municiones, sin límite de número, y a disparar armas en las facilidades o lugares de tiro y participar en cualquier campeonato, concurso o torneo de tiro auspiciado por cualquier club u organización de tiro, siempre que satisfaga el derecho de participación exigido por la institución organizadora; disponiéndose que el oficial del club encargado de las inscripciones negará el uso de las facilidades a cualquier persona que no presente su licencia de armas con categoría de tiro al blanco y evidencia de membresía activa de un club de tiro o los permisos contemplados en esta Ley.

(G) Previa certificación de la federación de tiro, el Superintendente podrá expedir un permiso de tiro al blanco, por el término de vigencia de la licencia de armas del padre, madre, tutor o encargado, a aquellos menores de edad que practiquen el deporte de tiro con armas de fuego, siempre que tengan siete (7) años cumplidos y medie la autorización del padre, madre, tutor o el custodio, siempre que éste posea a su vez un permiso de tiro al blanco.  El padre, madre, tutor o encargado del menor someterá junto con la solicitud de tiro al blanco una declaración jurada en la

que se haga responsable de todos los daños que pueda causar el menor mientras éste utiliza las armas de tiro al blanco.  El padre, madre, tutor o encargado del menor que suscriba la declaración jurada debe tener permiso vigente de tiro al blanco.  El menor sólo podrá usar y manejar armas de tiro al blanco en un club de tiro al blanco, siempre que esté acompañado y bajo la supervisión directa del padre, madre, tutor o encargado.

La solicitud de permiso para menores deberá acompañarse, además, con un comprobante de rentas internas de veinticinco (25) dólares y dos (2) retratos de dos (2) pulgadas por dos (2) pulgadas, uno de los cuales deberá adherirse a una licencia especial de tiro al blanco, cuyo carné será impreso sobre un fondo azul y lo suficientemente pequeño como para ser portado en billeteras de uso ordinario, será laminado y contendrá, además de la fotografía del menor, su nombre completo, su fecha de nacimiento, el número del permiso y un sello federativo.  No contendrá la dirección del peticionario ni descripción ni mención de armas.  Contendrá también la fecha de expedición de la licencia y la fecha en que deberá actualizarse el carné.  Esta licencia especial de tiro al blanco podrá ser renovada por períodos adicionales de cinco (5) años, previo los requisitos establecidos en el párrafo anterior y el pago de un derecho de diez (10) dólares en un comprobante de rentas internas.  No obstante, ninguna renovación podrá extender la vigencia de la presente licencia especial más allá de ciento veinte (120) días de la fecha en que el menor cumpla su mayoría de edad.  La solicitud de renovación se hará utilizando el formulario que para estos fines proveerá el Superintendente.  El Superintendente, dentro del término de diez (10) días de recibida la solicitud, expedirá el permiso solicitado, salvo que exista causa justificable para la denegación.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 3.05. — Permisos de Tiro al Blanco Provisionales.** (25 L.P.R.A. § 457d)

(A) Cualquier deportista domiciliado fuera de Puerto Rico que desee ingresar a Puerto Rico para practicar o competir en el deporte de tiro al blanco, deberá solicitar un permiso de tiro al blanco provisional. Los permisos de tiro al blanco provisionales habrán de solicitarse antes que las armas y municiones entren a la jurisdicción de Puerto Rico, mediante un formulario a tales efectos, el cual deberá contener una foto reciente de cada tirador, sus datos esenciales, número de pasaporte de ser ciudadano extranjero, número de licencia de armas o su equivalente expedido por la autoridad con jurisdicción para emitir dichas licencias en el lugar de domicilio del solicitante, de emitirse tal documento en dicho lugar de domicilio, número de armas que trae, su  tipo, calibre, marca y número de serie si lo tuviesen.

(B) En los casos que traten de un solo tirador invitado, el procedimiento será igual al anterior.  En todos los casos será necesario que quede asentado dentro de la documentación provista el día de llegada a la isla, el lugar de alojamiento y el día de partida.

(C) Como excepción a la ley de armas en cualquiera de los anteriores casos en que la persona llegue a Puerto Rico sin municiones, podrá comprar aquellas que le sean necesarias de acuerdo a los calibres que haya reseñado en su solicitud de permiso, dejando constancia del número de permiso provisional que le concediere el Superintendente.  La armería procederá a la venta, dejando constancia de ello y notificará a la Policía de Puerto Rico de igual manera y por los mismos medios que a esos propósitos han sido establecidos por esta Ley.  Disponiéndose, que cualquier munición no usada deberá ser devuelta al armero que vendió la misma, pudiendo solicitarse el

reembolso del costo de las mismas, menos un veinticinco (25) por ciento de dicho costo que podrá ser retenido por el armero para sufragar sus costos por el servicio provisto.

*[Enmiendas: Ley 27-2002]*

### Artículo 3.06. — Cancelación de Permisos de Tiro. (25 L.P.R.A. § 45)

El Superintendente cancelará el permiso de tirador a cualquier persona a quien le revoque su licencia de armas.  El Superintendente también cancelará el permiso a todo tirador que observase conducta desordenada o negligente en cualquier concurso, torneo o campeonato de tiro, o que tratase de participar en ellos en estado de embriaguez, o que advenga incapacitado mental, o que tomase parte o estuviere implicado en cualquier movimiento para derrocar por la fuerza, la violencia o cualquier medio ilegal al Gobierno de Estados Unidos o de Puerto Rico o cualquier subdivisión política de dichos Gobiernos o que dejase de pagar el sello federativo.

## CAPITULO IV — AGENCIAS DE SEGURIDAD QUE TRANSPORTEN VALORES EN VEHICULOS BLINDADOS

### Artículo 4.01. — Licencias especiales. (25 L.P.R.A. § 457f)

El Superintendente podrá expedir una licencia especial a las agencias de seguridad que se dediquen al transporte de valores en vehículos blindados que así lo soliciten y que estén debidamente autorizadas a operar como tales; autorizándolas a comprar, poseer, disponer y mantener en su lugar de negocio un depósito para armas largas que no sean automáticas y municiones para ser utilizadas única y exclusivamente por los agentes de seguridad empleados por ésta que estén asignados al transporte de valores en vehículos blindados y mientras estén en funciones de su empleo.

*[Enmiendas: Ley 27-2002]*

### Artículo 4.02. — Procedimiento de solicitud. (25 L.P.R.A. § 457g)

Toda agencia de seguridad que desee obtener la licencia que dispone el artículo anterior, radicará ante el Superintendente una solicitud mediante declaración jurada ante notario, acompañada de un comprobante de rentas internas por la cantidad de quinientos (500) dólares.  El solicitante especificará la dirección física y postal de su oficina principal.

El Principal Funcionario Ejecutivo de la agencia solicitante tendrá que obtener una licencia de armas con categorías de portación y tiro al blanco y cumplir con todos y cada uno de los procedimientos y condiciones requeridas por los Artículos 2.02, 2.05 y 3.04 de esta Ley.  Este será el custodio de las armas largas que le sean autorizadas y será el responsable directo del fiel cumplimiento de las disposiciones de este Capítulo, y cumplirá, además, con las disposiciones de esta Ley requeridas a un concesionario de una licencia de armas.

*[Enmiendas: Ley 27-2002]*

**Artículo 4.03. — Reglamento de la agencia.** (25 L.P.R.A. § 457h)

La agencia de seguridad deberá someter para la aprobación del Superintendente, junto con su solicitud de licencia, un reglamento sobre el uso, manejo y control de las armas largas bajo su posesión, que incluya, pero no se limite, a las condiciones en que sus agentes portarán las armas largas autorizadas a la agencia. El Superintendente deberá, mediante reglamentación, establecer unos requisitos mínimos que deberá contener el reglamento de cada agencia de seguridad.

*[Enmiendas: Ley 27-2002]*

**Artículo 4.04. — Vigencia de la Licencia Especial; Traspaso de la Licencia Especial.** (25 L.P.R.A. § 457i)

La licencia especial expedida bajo las disposiciones de este Capítulo será válida por un término de un (1) año, contado a partir de su expedición, y podrá ser renovada anualmente por igual término.  La solicitud de renovación se presentará ante el Superintendente con no menos de treinta (30) días de antelación a la fecha de su vencimiento acompañada de un comprobante de Rentas Internas a favor de la Policía de Puerto Rico por la cantidad de quinientos (500) dólares.

Esta licencia especial será válida solamente para los negocios mencionados y descritos en la licencia.  Dicha licencia no podrá traspasarse a ningún otro negocio ni a ninguna otra persona, y quedará automáticamente cancelada al disolverse la corporación o sociedad, presentarse una solicitud de liquidación bajo la Ley Federal de Quiebras o sustituirse el Principal Funcionario Ejecutivo que suscribiera la solicitud original, aunque dicha licencia especial podrá ser solicitada de *novo* tan pronto el nuevo Principal Funcionario Ejecutivo cumpla con las disposiciones de esta Ley. En estos casos, el Superintendente podrá expedir una licencia provisional por un término no mayor de treinta (30) días.

*[Enmiendas: Ley 27-2002]*

**Artículo 4.05. — Depósito de armas largas y municiones de la agencia.** (25 L.P.R.A. § 457j)

Toda solicitud para obtener la licencia especial para comprar, poseer, disponer y mantener en el lugar de negocio un depósito para armas largas y municiones, deberá acompañarse con prueba fehaciente de que la agencia de seguridad emplea cinco (5) personas o más para tales fines.

El solicitante de una licencia especial de comprar, poseer, disponer y mantener en su lugar de negocio un depósito de armas largas, cumplirá también con todas las disposiciones y requisitos de seguridad exigidos para las licencias de armeros, así como cualquier otro requisito que disponga el Superintendente mediante Reglamento.

Una vez el Superintendente certifique que el local del solicitante cumple con los requisitos de seguridad exigidos, se le expedirá la licencia especial solicitada.  El negocio del solicitante operará únicamente en el local designado, estará y sujeto a inspección por cualquier agente de la Policía o del Negociado de Investigaciones Especiales del Departamento de Justicia, y mantendrá la licencia en un sitio visible en su oficina.  No podrá mantenerse en dicho local arma alguna que no sean aquellas que se esté autorizando a poseer de acuerdo a las disposiciones de esta Ley.

*[Enmiendas: Ley 27-2002]*

## Artículo 4.06. — Límite de armas. (25 L.P.R.A. § 457k)

La licencia especial para poseer y mantener en su lugar de negocio un depósito de armas largas permitirá a la agencia de seguridad tener bajo su control y cuidado un número específico de armas largas tales como escopetas y rifles semiautomáticas, registradas a su nombre en los registros del Superintendente.  La agencia sólo podrá adquirir dos (2) armas largas en exceso del número de vehículos blindados que posea la agencia, según certifique la Comisión de Servicio Público, y que se dediquen al transporte de valores.

*[Enmiendas: Ley 27-2002]*

## Artículo 4.07. — Requisitos de los empleados de la agencia para el uso de armas largas. (25 L.P.R.A. § 457*l*)

Todo agente que trabaje para una agencia de seguridad que se dedique al transporte de valores podrá portar las armas largas propiedad de la agencia de seguridad si posee una licencia de armas con permiso de portación, luego de haber recibido y aprobado un curso en el uso y manejo de cada tipo de arma a portar, cuyo curso haya sido previamente aprobado por el Superintendente.  El curso deberá ser ofrecido por un instructor y un club de tiro debidamente autorizados por la Policía de Puerto Rico.

Se dispone que el costo del entrenamiento de los empleados será asumido por la agencia de seguridad, y no podrá ser traspasado bajo ninguna circunstancia al candidato.

La agencia de seguridad deberá someterle al Superintendente una solicitud con el nombre y circunstancias personales de cada empleado que ha cualificado para portar un arma larga en funciones de transporte de valores en vehículos blindados, certificando que éstos han recibido y aprobado el curso de uso y manejo de armas largas antes descrito.  A esos fines, el Superintendente expedirá una licencia especial para agente de seguridad.

De ser autorizado para portar el arma, el agente de seguridad sólo podrá usar las armas descritas en la licencia especial de la agencia de seguridad, sujeta a las condiciones impuestas en la licencia limitada, si alguna.

Aprobada la solicitud radicada por la agencia de seguridad, el Superintendente expedirá una autorización para que dichos empleados puedan portar las armas que tiene la agencia de seguridad durante sus horas laborales y mientras estén debidamente uniformados con el uniforme de la agencia de seguridad autorizada.

*[Enmiendas: Ley 27-2002]*

## Artículo 4.08. — Limitación de la licencia. (25 L.P.R.A. § 457m)

Toda licencia para portar sobre su persona un arma larga expedida por el Superintendente a un agente de seguridad se entenderá limitada estrictamente a las funciones relacionadas con el transporte de valores en vehículos blindados, a las escoltas de vehículos blindados, incluyendo la supervisión, a la seguridad de bóvedas y planta física, y a la seguridad interna.

El Propietario de las armas de fuego para cuya tenencia se expide una licencia especial será la agencia de seguridad a cuyo favor se expide tal licencia.  La autorización expedida por el Superintendente a la agencia de seguridad no le conferirá al agente de seguridad derecho alguno sobre dicha arma más allá del derecho a portarla mientras se encuentra en las funciones de su empleo.

*[Enmiendas: Ley 27-2002]*

## Artículo 4.09. — Facultad de la agencia de seguridad. (25 L.P.R.A. § 457n)

La agencia de seguridad podrá ocupar de inmediato cualquier arma de fuego de su propiedad en poder de un agente de seguridad empleado de dicha agencia en cualquier momento que lo entienda pertinente.  Además, de la agencia entender que tal agente está haciendo mal uso de dicha arma, o cuando tenga motivos fundados para creer que la portación por el agente de seguridad pone en peligro su vida o la vida de terceras personas, notificará tal acción inmediatamente al Superintendente para la acción o acciones que procedan.

*[Enmiendas: Ley 27-2002]*

## Artículo 4.10. — Causas para revocar o rehusar renovar una licencia especial. (25 L.P.R.A. § 457o)

Constituirá motivo para revocar o rehusar renovar una licencia especial bajo este Capítulo, cualquiera de las siguientes causas:
(a) Fraude o engaño en la obtención de la licencia.
(b) Violación de cualquiera de las disposiciones de esta Ley y sus reglamentos.
(c) Que el tenedor de una licencia especial o algún director u oficial de la agencia de seguridad fuere convicto de cualquier delito que conlleve la revocación de la misma, según se dispone en esta Ley.
(d) Violación a cualquiera de las disposiciones de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada (1 L.P.R.A. §§ 601 et seq].

*[Enmiendas: Ley 27-2002]*

## Artículo 4.11. — Incumplimiento de las agencias de seguridad que se dediquen al transporte de valores en vehículos blindados. (25 L.P.R.A. § 457p)

El custodio de armas de fuego y/o la agencia de seguridad que posea una licencia especial para las agencias de seguridad que se dediquen al transporte de valores en vehículos blindados, y que dejare de cumplir con cualquiera de las disposiciones de esta Ley, o que operare un depósito de armas sin estar debidamente autorizado para ello por el Superintendente, incurrirá en delito grave y convicto que fuere será sancionado con pena de multa no menor de cinco mil (5,000) dólares ni mayor de veinticinco mil (25,000) dólares, se le cancelarán todas las licencias obtenidas en virtud de las disposiciones de esta Ley, sin la posibilidad de que puedan ser solicitadas nuevamente y el

Superintendente ordenará que se ocupen inmediatamente todas las armas inscritas a nombre de ésta.

*[Enmiendas: Ley 27-2002]*

**Artículo 4.12. — Responsabilidad vicaria.** (25 L.P.R.A. § 457q)

Las agencias de seguridad a las que se le hayan conferido licencias para comprar, poseer, disponer y mantener un depósito de armas de fuego y municiones son responsables civilmente de forma vicaria por los perjuicios que se causaren con un arma de fuego de su propiedad, irrespectivamente de que el mismo sea causado por una persona que no estaba autorizada por la agencia a portar el arma, o de que la persona haya actuado intencional o negligentemente; salvo:
(a) Que la agencia demuestre que el daño fue causado en el ejercicio legítimo de las funciones de su agente o que dicho daño fue provocado por la víctima; o
(b) Que el arma de fuego que causare el daño haya sido robada del depósito de armas y municiones de la agencia, y ésta demostrare que había  tomado todas las medidas de seguridad a su alcance para custodiar sus armas, notificando a la Policía de Puerto Rico del robo y cumplido con todas las disposiciones de esta Ley.
Cualquier acuerdo o disposición contractual en contravención a este Artículo será nula y se tendrá por no puesta.

*[Enmiendas: Ley 27-2002]*

**Artículo 4.13. — Municiones.** (25 L.P.R.A. § 457r)

Se autoriza a las agencias de seguridad que obtengan la licencia especial que dispone este Capítulo a comprar una cantidad razonable de municiones para las armas que le han sido autorizadas por el Superintendente en la licencia.  La agencia de seguridad mantendrá un inventario perpetuo de las armas y municiones autorizadas, así como un registro del movimiento diario de éstas.  Estos registros estarán sujetos a inspección por la Policía de Puerto Rico.  Disponiéndose, además, que la adquisición, compra, venta, donación, cesión o cualquier forma de traspaso de titularidad de armas de fuego, municiones o accesorios, realizados en virtud de esta licencia especial, deben haber sido inscritos debidamente en el Registro Electrónico por los medios que dispone esta Ley.

*[Enmiendas: Ley 27-2002]*

## CAPITULO V — ARMAS

**Artículo 5.01. — Fabricación, Importación, Venta y Distribución de Armas.** (25 L.P.R.A. § 458)

Se necesitará una licencia expedida conforme a los requisitos exigidos por esta Ley para fabricar, importar, ofrecer, vender o tener para la venta, alquilar o traspasar cualquier arma de fuego, municiones o aquella parte o pieza de un arma de fuego donde el fabricante de la misma

coloca el número de serie del arma.  Toda infracción a este Artículo constituirá delito grave y será sancionada con pena de reclusión por un término fijo de quince (15) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticinco (25) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de diez (10) años.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 5.02. — Prohibición a la Venta de Armas a Personas sin Licencia.** (25 L.P.R.A. § 458a)

Ningún armero entregará un arma de fuego a un comprador sin que éste le muestre una licencia de arma vigente. Cuando el comprador del arma sea un cazador o tirador autorizado a poseer armas de fuego, la venta y entrega del arma se efectuará de la misma manera que se señala en esta Ley.

El armero o empleado de armero que a sabiendas venda una o más armas de fuego o parte de ésta(s) a una persona sin licencia, incurrirá en delito grave y convicto que fuere, será sancionado con pena de reclusión por un término fijo de quince (15) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticinco (25) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de diez (10) años.

Una convicción bajo este artículo conllevará la cancelación automática de la licencia del armero.  La convicción de un empleado de armero no conllevará la cancelación automática de la licencia de armero.

*[Enmiendas: Ley 27-2002; Ley 142-2013]*

**Artículo 5.03. — Comercio de Armas de Fuego Automáticas.** (25 L.P.R.A. § 458b)

Toda persona que venda o tenga para la venta, ofrezca, entregue, alquile, preste o en cualquier otra forma disponga de cualquier arma de fuego que pueda ser disparada automáticamente, independientemente de que dicha arma se denomine ametralladora o de otra manera, incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta y seis (36) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dieciocho (18) años.

Este delito no aplicará a la venta o entrega de una ametralladora o cualquier otra arma de fuego que pueda ser disparada automáticamente para uso de la Policía y otros agentes del orden público.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

## Artículo 5.04. — Portación y Uso de Armas de Fuego sin licencia. (25 L.P.R.A. § 458c)

Toda persona que transporte cualquier arma de fuego o parte de ésta, sin tener una licencia de armas, o porte cualquier arma de fuego sin tener su correspondiente permiso para portar armas, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de diez (10) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cinco (5) años.

No obstante, cuando se trate de una persona que (i) esté transportando o portando un arma de fuego que está registrada a su nombre, (ii) tenga una licencia de armas o permiso para portar armas expedido a su nombre que está vencido o expirado, (iii) no se le impute la comisión de cualquier delito grave que implique el uso de violencia, (iv) no se le impute la comisión de un delito menos grave que implique el uso de violencia, y (v) el arma de fuego transportada o portada no esté alterada ni mutilada, dicha persona incurrirá en un delito menos grave y, a discreción del Tribunal, será sancionada con una pena de cárcel que no excederá de seis (6) meses o una multa de cinco mil dólares ($5,000.00).

Disponiéndose, que también incurrirá en un delito menos grave que será sancionado, a discreción del Tribunal, con una pena de cárcel que no excederá de seis (6) meses o una multa de cinco mil dólares ($5,000.00), toda persona que esté transportando un arma de fuego sin tener licencia para ello que no cumpla con los requisitos (i) y (ii) del párrafo anterior, pero que cumpla con los requisitos (iii), (iv) y (v), y que además pueda demostrar con preponderancia de la prueba que advino en posesión de dicha arma de fuego por vía de herencia o legado, y que el causante de quien heredó o adquirió el arma por vía de legado tuvo en vida una licencia de armas. El Tribunal, a su discreción, podrá imponer la pena de prestación de servicios en la comunidad en lugar de la pena de reclusión establecida.

Cuando el arma sea una neumática, pistola o artefacto de descargas eléctricas, de juguete o cualquier imitación de arma y ésta se portare o transportare con la intención de cometer delito o se usare para cometer delito, la pena será de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de un (1) año.

Se considerará como "atenuante" cuando el arma esté descargada y la persona no tenga municiones a su alcance.

Se considerará como "agravante" cualquier situación en la que el arma ilegal se utilice en la comisión de cualquier delito o su tentativa.

Cuando una persona con licencia de armas vigente transporte cualquier arma de fuego o parte de ésta sin tener su licencia consigo incurrirá en una falta administrativa y será sancionada con una pena de multa de doscientos cincuenta dólares ($250.00).

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 149-2007; Ley 142-2013]*

**Artículo 5.05. — Portación y Uso de Armas Blancas.** (25 L.P.R.A. § 458d)

Toda persona que sin motivo justificado usare contra otra persona, o la sacare, mostrare o usare en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, arma neumática, punzón, o cualquier instrumento similar que se considere como un arma blanca, incluyendo las hojas de navajas de afeitar de seguridad, garrotes y agujas hipodérmicas, o jeringuillas con agujas o instrumentos similares, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día.  Las penas que aquí se establecen serán sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativas a la reclusión, reconocidas en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.

Queda excluida de la aplicación de este Artículo, toda persona que posea, porte o conduzca cualquiera de las armas aquí dispuestas en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación, oficio o por condición de salud, incapacidad o indefensión.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 5.05A. — Fabricación, posesión y distribución de armas blancas.** (25 L.P.R.A. § 458d-1)

Toda persona que, sin motivo justificado relacionado a algún arte, deporte, profesión, ocupación, oficio o por condición de salud o incapacidad, fabrique, importe, ofrezca, venda, posea o tenga para la venta, alquiler o traspaso una manopla, blackjack, cachiporra, estrella de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar que se considere como un arma blanca, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de un (1) año y un (1) día.

La prohibición establecida en este Artículo se extiende a cualquier persona recluida por la comisión de cualquier delito.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 5.06. — Posesión de Armas sin Licencia.** (25 L.P.R.A. § 458e)

Toda persona que tenga o posea, pero que no esté portando o transportando, un arma de fuego sin tener licencia para ello, incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes,

la pena establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de un (1) año.

Disponiéndose, que toda persona que cometa cualquier otro delito estatuido que implique el uso de violencia mientras lleva a cabo la conducta descrita en este párrafo, no tendrá derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.

En caso de que el poseedor del arma demuestre que
(i) el arma de fuego en su posesión está registrada a su nombre,
(ii) tiene una licencia de armas expedida a su nombre que está vencida o expirada,
(iii) no se le impute la comisión de un delito grave que no implique el uso de violencia,
(iv) no se le impute la comisión de un delito menos grave que implique el uso de violencia, y
(v) el arma de fuego en su posesión no esté alterada ni mutilada, dicha persona incurrirá en una falta administrativa y será sancionada con una multa fija de dos mil quinientos dólares ($2,500.00).

Disponiéndose, que también incurrirá en una falta administrativa que será sancionada con una multa fija de dos mil quinientos dólares ($2,500.00), toda persona que esté en posesión de un arma de fuego sin tener licencia para ello que no cumpla con los requisitos (i) y (ii) del párrafo anterior, pero que cumpla con los requisitos (iii), (iv) y (v), y que además pueda demostrar con preponderancia de la prueba que advino en posesión de dicha arma de fuego por vía de herencia o legado, y que el causante de quien heredó o adquirió el arma por vía de legado tuvo en vida una licencia de armas.

En caso de que el poseedor del arma demuestre con prueba fehaciente que posee una licencia de armas, aunque vencida, y que solicitó su renovación dentro del término provisto por esta Ley, no será culpable de delito alguno. Si no ha solicitado su renovación dentro del término máximo provisto en el Artículo 2.02 de esta Ley incurrirá en falta administrativa y tendrá que pagar una multa de cinco mil dólares ($5,000), además de la suma correspondiente de las multas establecidas en el Artículo 2.02.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 142-2013]*

**Artículo 5.07. — Posesión o Uso Ilegal de Armas Largas Semiautomáticas, Automáticas o Escopeta de Cañón Cortado.** (25 L.P.R.A. § 458f)

Toda persona que porte, posea o use sin autorización de esta Ley un arma larga semiautomática, una ametralladora, carabina, rifle, así como cualquier modificación de éstas o cualquiera otra arma que pueda ser disparada automáticamente o escopeta de cañón cortado a menos de dieciocho (18) pulgadas, y que pueda causar grave daño corporal, incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de veinticuatro (24) años,  sin derecho a sentencia suspendida,  a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.

No constituirá delito la posesión o uso de estas armas en el cumplimiento del deber por los miembros de la Policía, y aquellos otros agentes del orden público debidamente autorizados.

De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta y seis (36) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dieciocho (18) años.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 5.08. — Posesión o Venta de Accesorios para Silenciar.** (25 L.P.R.A. § 458g)

Toda persona que tenga en su posesión, venda, tenga para la venta, preste, ofrezca, entregue o disponga de cualquier instrumento, dispositivo, artefacto o accesorio que silencie o reduzca el ruido del disparo de cualquier arma de fuego, incurrirá en delito grave, y convicta que fuere, será sancionada con pena de reclusión por un término fijo de doce (12) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar circunstancias atenuantes, podrá ser  reducida hasta un mínimo de seis (6) años.

*[Enmiendas: Ley 27-2002]*

**Artículo 5.09. — Facilitación de Armas a Terceros.** (25 L.P.R.A. § 458h)

Toda persona que con intención criminal facilite o ponga a la disposición de otra persona cualquier arma de fuego que haya estado bajo su custodia o control, sea o no propietaria de la misma, incurrirá en delito grave y, convicta que fuere,  será sancionada con pena de reclusión por un término fijo de doce (12) años.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.

*[Enmiendas: Ley 27-2002]*

**Artículo 5.10. — Número de Serie o Nombre de Dueño en Arma de Fuego; Remoción o Mutilación.** (25 L.P.R.A. § 45)

Toda arma deberá llevar, en forma tal que no pueda ser fácilmente alterado o borrado, el nombre del armero o marca de fábrica bajo la cual se venderá el arma o el nombre del importador y, además, un número de serie o el nombre completo de su poseedor grabado en la misma.
Incurrirá en delito grave y sancionada con pena de reclusión por un término fijo de doce (12) años, toda persona que:
(a) voluntariamente remueva, mutile, cubra permanentemente, altere o borre el número de serie o el nombre de su poseedor en cualquier arma;
(b) a sabiendas compre, venda, reciba, enajene, traspase, porte o tenga en su posesión, cualquier arma a la cual se le haya removido, mutilado, cubierto permanentemente, alterado o borrado el número de serie o el nombre de su poseedor; o
(c) siendo un armero o un agente o representante de dicho armero, a sabiendas compre, venda, reciba, entregue, enajene, traspase, porte o tenga en su posesión, cualquier arma a la cual se le haya removido, mutilado, cubierto permanentemente, alterado o borrado su número de serie o el nombre de su poseedor.

De mediar  circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar circunstancias atenuantes, podrá ser  reducida hasta un mínimo de seis (6) años.

*[Enmiendas: Ley 27-2002]*

## Artículo 5.11. — Presunciones. (25 L.P.R.A. § 458j)

La posesión de un arma de fuego por una persona que no posea una licencia de armas se considerará evidencia prima facie de que dicha persona posee el arma con la intención de cometer delito.

La portación de un arma de fuego por una persona que no posea una licencia de armas con permiso para portar, se considerará evidencia prima facie de que dicha persona portaba el arma con la intención de cometer delito.

La posesión por cualquier persona de un arma a la cual se le haya removido, mutilado, cubierto permanentemente, alterado o borrado su número de serie o el nombre de su poseedor, se considerará evidencia prima facie de que dicha persona removió, mutiló, cubrió, alteró o borró dicho número de serie o el nombre de su poseedor.

La posesión por cualquier persona de un arma a la cual se le haya removido, mutilado, cubierto permanentemente, alterado o borrado su número de serie o el nombre de su poseedor se considerará evidencia prima facie de que dicha persona posee el arma con la intención de cometer un delito.

La posesión por cualquier persona de un arma al momento de cometer o intentar cometer un delito, se considerará evidencia prima facie de que dicha arma estaba cargada al momento de cometer o intentar cometer el delito.

La presencia de tres (3) o más armas de fuego en una habitación, casa, residencia, establecimiento, oficina, estructura o vehículo, constituirá evidencia prima facie de que el dueño o poseedor de dicha habitación, casa, residencia, establecimiento, oficina, estructura o vehículo, o aquellas personas que ocupen la habitación, casa, residencia, establecimiento, oficina o estructura, trafican y facilitan armas de fuego ilegalmente, siempre que estas personas no tengan una licencia de armas, de armero, de club de tiro o coto de caza.

La presencia de una ametralladora o cualquier otra arma de funcionamiento automático o de las municiones *armor piercing* en cualquier habitación, casa, residencia, establecimiento, oficina, estructura o vehículo, constituirá evidencia prima facie de su posesión ilegal por el dueño o poseedor de dicha edificación o vehículo, y por aquellas personas que ocupen la habitación, casa, edificio o estructura donde se encontrare tal ametralladora, arma de funcionamiento automático o escopeta de cañón cortado, y que tengan la posesión mediata o inmediata de la misma.  Esta presunción no será de aplicación en los casos que se trate de un vehículo de servicio público que en ese momento estuviere transportando pasajeros mediante paga, o que se demuestre que se trata de una transportación incidental o de emergencia.

La presencia de una ametralladora o cualquier otra arma de funcionamiento automático o de las municiones *armor piercing* en cualquier habitación, casa, residencia, establecimiento, oficina, estructura o vehículo constituirá evidencia prima facie de que el dueño o poseedor de dicha edificación o vehículo posee el arma o las municiones con la intención de cometer un delito.

"Ley de Armas de Puerto Rico"  [Ley 404-2000, según enmendada]

La presencia de un arma de fuego o de municiones en cualquier vehículo robado o hurtado, constituirá evidencia prima facie de su posesión ilegal por todas las personas que viajaren en tal vehículo al momento que dicha arma o municiones sean encontradas.

Las disposiciones de este Artículo no aplicarán a los agentes del orden público en el cumplimiento de sus funciones oficiales.

*[Enmiendas: Ley 27-2002]*

### Artículo 5.12. — Notificación por Porteador, Almacenista o Depositario de Recibo de Armas; Penalidades. (25 L.P.R.A. § 458k)

Todo porteador marítimo, aéreo o terrestre, y todo almacenista o depositario que a sabiendas reciba armas de fuego, accesorios o partes de éstas o municiones para entrega en Puerto Rico, no entregará dicha mercancía al consignatario hasta que éste le muestre su licencia de armas o de armero. Después de cinco (5) días laborables de la entrega, el porteador, almacenista o depositario notificará al Superintendente, dirigiendo la notificación personalmente o por correo certificado con acuse de recibo, el nombre, dirección y número de licencia del consignatario y el número de armas de fuego o municiones, incluyendo el calibre, entregadas, así como cualquier otra información que requiera el Superintendente mediante reglamento. Deberá, además, toda aerolínea comercial, que vuele a Puerto Rico y que haya recibido armas de fuego y/o municiones de parte de un pasajero para transportarlas a nuestro País como parte de su equipaje, notificar a la Policía de Puerto Rico sobre este importe, al momento que se le vaya a entregar dicha arma de fuego y/o municiones al pasajero. La línea aérea suministrará a la Policía el nombre del pasajero, dirección, teléfono y demás información de contacto, además de la cantidad, tipo, calibre y datos de registro de las armas y/o municiones que éste transporte al País. La Policía utilizará la información suministrada para corroborar que dicho transporte cumple con las leyes y reglamentos aplicables en Puerto Rico. Esta notificación se hará de conformidad a la reglamentación que la Policía de Puerto Rico adopte para hacer cumplir los términos de esta Ley.

Cuando el consignatario no tuviere licencia de armas o de armero, el porteador, almacenista o depositario notificará al Superintendente inmediatamente de tal hecho, el nombre y dirección del consignatario, y el número de armas de fuego o municiones para entrega.  Además, no entregará dicha mercancía a tal consignatario hasta tener autorización al efecto, expedida por el Superintendente.

La violación de cualquier obligación aquí establecida constituirá un delito grave que será sancionada con pena de reclusión por un término fijo de doce (12) años y pena de multa no menor de dos mil (2,000) dólares ni mayor de diez mil (10,000) dólares.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.

*[Enmiendas: Ley 27-2002; Ley 146-2014]*

**Artículo 5.13. — Almacenamiento y Custodia de Armas en Depósitos de Armas y Municiones.** (25 L.P.R.A. § 458*l*)

Todo armero vendrá obligado a implantar las medidas de seguridad exigidas por la Policía mediante reglamento para el almacenamiento o custodia de las armas y municiones.  La Policía examinará cada tres (3) meses los locales de los armeros, los cuales de no cumplir con las medidas de seguridad exigidas, tendrán treinta (30) días para cumplir con las mismas o de lo contrario, deberán depositar las armas y municiones que posean para la venta, para su almacenamiento y custodia en la bóveda de otro armero o en el Depósito de Armas y Municiones de la Policía de Puerto Rico, dentro del término que determine el Superintendente, en lo que corrigen la deficiencia.

Los armeros que, para corregir deficiencias, utilicen el Depósito de Armas y Municiones, pagarán por el almacenamiento y custodia de sus armas y municiones una mensualidad que se determinará mediante reglamento. Al establecer el costo de almacenamiento y custodia, se tomarán en consideración los costos de operación del Depósito de Armas y Municiones y el manejo de las armas y municiones para efectos de recibo, clasificación, custodia y entrega de las mismas.  Los costos a cargarse a los usuarios del Depósito de Armas y Municiones  bajo ningún concepto excederán los costos reales y razonables por concepto del servicio prestado.

El Superintendente o el encargado del Depósito de Armas y Municiones enviará periódicamente a los armeros, según se disponga por reglamento, una factura en la que se indicará el costo del almacenamiento y custodia de sus armas, de acuerdo a la utilización del Depósito de Armas y Municiones que durante dicho mes haya hecho el armero.  La falta de pago por un armero será motivo suficiente para que el Superintendente, previa la celebración de una vista formal, pueda revocarle la licencia que hubiere expedido.

En el Depósito de Armas y Municiones se almacenarán igualmente, mediante paga, las armas de aquellos ciudadanos con licencia de armas que interesen, como medida de seguridad, que sus armas sean guardadas temporeramente, sin menoscabo de que dichos ciudadanos puedan optar por guardar sus armas en negocios privados de armeros.

*[Enmiendas: Ley 27-2002]*

**Artículo 5.14. — Informes de Asistencia Médica a Personas Heridas.** (25 L.P.R.A. § 458m)

Cualquier persona, incluyendo profesionales de la salud, que practique una curación de una herida de bala o quemadura producida por pólvora, así como cualquier otra herida resultante del disparo de cualquier arma de fuego, ya sea en o fuera de un hospital, clínica, sanatorio u otra institución similar, deberá notificar tal caso inmediatamente al distrito o precinto policíaco en cuya jurisdicción se haya provisto tal servicio.  En el caso de que sea en un hospital o institución similar, la persona notificará al administrador o persona a cargo de la institución, para que éste notifique a las autoridades.  La falta de notificación de la prestación de este servicio constituirá delito menos grave, y convicta que fuere la persona, será sancionada con pena de multa de hasta cinco mil (5,000) dólares.

El Superintendente investigará todo informe de curaciones, procediendo con cargos criminales de justificarse y llevará un registro detallado del resultado de éstos a los fines levantar estadísticas sobre informes de curaciones.

*[Enmiendas: Ley 27-2002]*

**Artículo 5.15. — Disparar o Apuntar Armas.** (25 L.P.R.A. § 458n)

(A) Incurrirá en delito grave toda persona que, salvo en casos de defensa propia o de terceros o de actuaciones en el desempeño de funciones oficiales o de actividades legítimas de deportes, incluida la caza, o del ejercicio de la práctica de tiro en un club de tiro autorizado:

(1) voluntariamente dispare cualquier arma en un sitio público o en cualquier otro sitio, aunque no le cause daño a persona alguna, o

(2) intencionalmente, aunque sin malicia, apunte hacia alguna persona con un arma, aunque no le cause daño a persona alguna.La pena de reclusión por la comisión de los delitos descritos en los incisos (1) y (2) anteriores, será por un término fijo de cinco (5) años.

De mediar circunstancias agravantes, la pena establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de un (1) año.

Disponiéndose que, aquella persona que cometa el delito descrito en el inciso (1) anterior, utilizando un arma de fuego y convicto que fuere, no tendrá derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.

Del mismo modo, cuando una persona cometa el delito descrito en el inciso (2) anterior, utilizando un arma de fuego, mediando malicia y convicto que fuere, no tendrá derecho a sentencia suspendida, a salir en libertad bajo palabra o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.

(B) Cuando una persona incurra en el delito establecido en el inciso (A)(1) de este Artículo estando dentro de los límites de la finca o inmueble de otra persona, y el precarista o poseedor material en virtud de algún título o derecho de dicha finca o inmueble, a su vez esté presente en dicha finca y sepa sobre la comisión del delito establecido en el inciso (A)(1) de este Artículo, tendrá la obligación de alertar inmediatamente a la Policía sobre la comisión del delito establecido en el inciso (A)(1) de este Artículo, so pena de una multa administrativa por la cantidad de mil dólares ($1,000.00), salvo que concurran circunstancias que le impidan a dicho precarista o poseedor material alertar a la Policía inmediatamente. Disponiéndose, que en todo caso, dicho precarista o poseedor material deberá alertar a la Policía dentro de un término que no exceda de cuarenta y ocho (48) horas del momento en que se haya cometido el delito establecido en el inciso (A)(1) de este Artículo.

El Superintendente de la Policía deberá establecer mediante reglamento, todo lo relacionado a la notificación, análisis del caso e imposición de la multa que se dispone en el párrafo anterior. Dicho reglamento deberá proveer mecanismos para mantener la confidencialidad de la identidad del informante en aquellas circunstancias que así lo ameriten.

La primera versión de este reglamento se regirá por las disposiciones de la Sección 2.13 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme" [3 L.P.R.A. §§ 2101 y seq.].

Para fines de este párrafo, el término "precarista" significará aquella persona que usa y disfruta gratuitamente de un bien inmueble, sin tener título para ello, por tolerancia o por inadvertencia del dueño.

(C) Será culpable de delito grave con pena de reclusión por un término fijo de tres (3) años, toda persona que, salvo en casos de defensa propia o de terceros o de actuaciones en el desempeño de funciones oficiales o actividades legítimas de deportes, incluida la caza; actividades artísticas, actividades recreativas o deportivas legítimas, como por ejemplo el juego de "gotcha", "airsoft" o las recreaciones históricas, incurra en cualquiera de los actos descritos anteriormente utilizando un arma neumática. De mediar circunstancias agravantes, la pena establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día.

(D) Salvo en casos de defensa propia o de terceros, o de actuaciones en el desempeño de funciones oficiales, toda persona que disparare un arma de fuego desde un vehículo de motor, ya sea terrestre o acuático incurrirá en delito grave y convicta que fuere, le será impuesta una pena fija de veinte (20) años, sin derecho a sentencia suspendida, libertad bajo palabra, beneficios de programas de bonificaciones o desvío o alternativa a reclusión. De mediar circunstancias agravantes, la pena podrá ser aumentada hasta un máximo de cuarenta (40) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de diez (10) años.

*[Enmiendas: Ley 27-2002; Ley 97-2011; Ley 141-2013]*

### Artículo 5.16. — Recibo, Custodia y disposición de armas depositadas voluntariamente u ocupadas por la Policía; Destrucción de las armas consideradas estorbo público. (25 L.P.R.A. § 458o)

El Superintendente establecerá mediante reglamentación lo relacionado al recibo, custodia y disposición de aquellas armas que sean ocupadas o depositadas voluntariamente en la Policía por personas que tengan licencias; o fueren entregadas a la muerte del poseedor de una  licencia; o por habérsele cancelado la licencia al concesionario.

Se autoriza al Superintendente a vender, permutar, donar o ceder las armas a agencias del orden público federales, estatales o municipales u otras jurisdicciones.  Además, podrá vender las armas a armeros o a una persona con licencia de armas expedida a tenor con lo dispuesto a esta Ley, según disponga mediante reglamento.

Las armas o instrumentos ocupados de acuerdo con este artículo serán almacenadas por el Superintendente en el Depósito de Armas y Municiones de la Policía.

No obstante, toda ametralladora, escopeta de cañón cortado o cualquier otra arma o instrumento especificado en el Artículo 5.05 de esta Ley, que se porte, posea o transporte ilegalmente, se considerará como un estorbo público.

Cuando alguna de dichas armas o instrumentos sea ocupada la misma será entregada al Superintendente para que éste se encargue de su disposición y destrucción, mediante la reglamentación promulgada al efecto.

*[Enmiendas: Ley 27-2002]*

## Artículo 5.17. — Colecciones de Armas. (25 L.P.R.A. § 458p)

Nada de lo dispuesto en esta Ley impedirá que se conserven y mantengan colecciones privadas de armas y sus dueños las posean como adorno o materia de curiosidad, ni que se mantengan colecciones de armas como reliquias.  Para la conservación de toda arma de las incluidas en este Artículo, será necesario que el coleccionista primero obtenga un permiso de tiro al blanco o de caza, bajo las disposiciones de esta Ley.

Las Armas de fuego Antiguas, según se definen en esta Ley, que no estén provistas de número de serie por su manufacturero estarán exentas del requisito de registración, según definido en esta Ley, pero su existencia deberá ser informada al Registro de Armas de la Policía de Puerto Rico acompañada de tres (3) fotografías distintas que detallen sus particularidades para la correspondiente anotación de su existencia en el expediente del concesionario con licencia de armas y permiso de tiro.   Disponiéndose que de ser utilizada el Arma de fuego Antigua para cometer delito entonces se considerarán como arma de fuego no inscrita. Se dispone además que bajo ningún concepto se podrá requerir marcar, modificar o alterar de forma alguna el Arma de fuego Antigua.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

## Artículo 5.18. — Transportación de Armas Prohibidas; Confiscación. (25 L.P.R.A. § 458q)

El Secretario de Justicia confiscará cualquier propiedad, según este término es definido en la Ley Núm. 93 de 13 de julio de 1988, según enmendada, conocida como "Ley Uniforme de Confiscaciones de 1988" *[Nota: Actual Ley 119-2011, según enmendada, "Ley Uniforme de Confiscaciones de 2011"]*, en que se almacene, cargue, descargue, transporte, lleve o traslade o en el que se sorprenda almacenando, cargando, descargando, transportando, llevando o trasladando cualquier arma en violación de esta Ley.

Para la confiscación y disposición se seguirá el procedimiento establecido por la Ley Núm. 93, supra.

*[Enmiendas: Ley 27-2002]*

## Artículo 5.19. — Armas al Alcance de Menores. (25 L.P.R.A. § 458r)

(A) Toda persona que negligentemente dejare un arma de fuego o arma neumática, o municiones del arma, al alcance de una persona menor de dieciocho (18) años que no tuviere un permiso para tiro al blanco o caza, y éste se apodere del arma y causare daño a otra persona o a sí mismo, cometerá delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de dos (2) años.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día.

(B) Toda persona que intencionalmente facilite o ponga en posesión de un arma de fuego, o municiones del arma, a una persona menor de dieciocho (18) años que no tuviere un permiso para tiro al blanco o caza para que éste la posea o transporte, cometerá delito grave y convicta que fuere será sancionada con pena de reclusión por un término fijo de doce (12) años.  De mediar

circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar atenuantes, podrá ser reducida hasta un mínimo de seis (6) años. Si el menor causare daño a otra persona o a sí mismo con el arma o cometiere una falta grave mientras posee el arma de fuego, la persona que proveyó intencionalmente el arma habrá cometido delito grave y convicta que fuere será sancionada con pena de reclusión por un término fijo de veinte (20) años, sin derecho a sentencia suspendida, libertad bajo palabra, beneficios de programas de bonificación o desvío o alternativa a reclusión.   En este caso, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta (30) años; de mediar atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.

(C) Cuando el arma de fuego no estuviere legalmente inscrita a nombre de la persona, sea un tipo de arma prohibida bajo las disposiciones de esta Ley, con serie mutilada o que de alguna otra manera le fuere ilegal tener o poseer, toda persona que intencionalmente ponga en posesión de esa arma a una persona menor de dieciocho (18) años para que la posea o transporte, cometerá delito grave y convicta que fuere será sancionada con pena de reclusión por un término fijo de doce (12) años, sin derecho a sentencia suspendida, libertad bajo palabra, beneficios de programas de bonificación o desvío o alternativa a reclusión. De mediar circunstancias agravantes, la pena establecida podrá ser aumentada hasta un máximo de veinticuatro (24) años; de mediar atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.  Si el menor causare daño a otra persona o a sí mismo con el arma o cometiere una falta grave mientras posee el arma de fuego, la persona que proveyó intencionalmente el arma habrá cometido delito grave y convicta que fuere se le impondrá una pena de reclusión por término fijo de veinte (20) años, sin derecho a sentencia suspendida, libertad bajo palabra, beneficios de programas de bonificación o desvío o alternativa a reclusión. En este caso, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de treinta (30) años; de mediar atenuantes, podrá ser reducida hasta un mínimo de seis (6) años.

(D) Los incisos (A) a (C) de este Artículo no se configurarán en casos de situaciones en que un menor de edad tenga posesión de un arma en una situación de legítima defensa propia o de terceros o peligro inminente, en que una persona prudente y razonable entendería que de haber podido una persona autorizada mayor de edad tener acceso al arma, habría sido lícita su acción; ni cuando el padre o madre o custodio legal del menor, que sea el poseedor autorizado de un arma legalmente inscrita, le permita tenerla accesible, descargada y asegurada, en su presencia y bajo su supervisión directa y continua.

[Enmiendas: *Ley 27-2002*; *Ley 93-2011*]

## Artículo 5.20. — Apropiación ilegal de Armas o Municiones, Robo. (25 L.P.R.A. § 458s)

Toda persona que intencionalmente, independientemente de los medios que utilice para ello, se apropie ilegalmente de un arma de fuego o municiones, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de diez (10) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cinco (5) años.

En el caso que la persona se apropie ilegalmente, independientemente de los medios que utilice para ello, más de un arma de fuego o si la persona tuviere antecedentes penales por haber sido convicto por delito grave, la pena se duplicará.

*[Enmiendas: Ley 137-2004]*

**Artículo 5.21. — Alteración de vehículos de motor para ocultar armas de fuego ilegales.** (25 L.P.R.A. § 458s)

Toda persona que voluntariamente y a sabiendas posea un vehículo de motor cuyo diseño original haya sido alterado con el propósito de guardar u ocultar armas de fuego ilegales cometerá delito grave de cuarto grado y convicto que fuere será sentenciado a cumplir de seis (6) meses un día a tres (3) años de prisión. Se entenderá como vehículo de motor aquellos definidos en el Artículo 1.01 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como la "Ley de Tránsito de Puerto Rico".

*[Enmiendas: Ley 258-2008; Ley 105-2009]*

## CAPITULO VI — MUNICIONES

**Artículo 6.01. — Fabricación, Distribución,  Posesión y Uso de Municiones.** (25 L.P.R.A. § 459)

(A) Se necesitará una licencia de armas, de tiro al blanco, de caza o de armero, según sea el caso, para fabricar, solicitar que se fabrique, importar, ofrecer, comprar, vender o tener para la venta, guardar, almacenar, entregar, prestar, traspasar o en cualquier otra forma disponer de, poseer, usar o transportar municiones, conforme a los requisitos exigidos por esta Ley. Asimismo, se necesitará un permiso expedido por la Policía para comprar pólvora.  Toda infracción a este artículo constituirá delito grave, y será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de doce (12) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años.

Será considerado como circunstancia agravante al momento de fijarse la sentencia, incurrir en cualquiera de las conductas descritas en este artículo sin la licencia o el permiso correspondiente para comprar pólvora, cuando las municiones sean de las comúnmente conocidas como *armor piercing*.  No constituirá delito la fabricación, venta o entrega de las municiones antes descritas para uso de la Policía y otros  agentes del orden público del Gobierno de  Puerto Rico o de los Estados Unidos o para el uso de las Fuerzas Armadas de los Estados Unidos.

*[Enmiendas: Ley 27-2002]*

**Artículo 6.02. — Venta de Municiones a Personas sin Licencia; Límite en el Número de Municiones.** (25 L.P.R.A. § 459a)

Una persona con licencia de armas o de armero no podrá vender municiones a personas que no presenten una licencia de armas o los permisos contemplados en esta Ley.  La venta de municiones se limitará exclusivamente al tipo de munición utilizada por el arma o las armas que el comprador tenga inscritas a su nombre.

Toda infracción a lo dispuesto en el párrafo anterior constituirá delito grave y será sancionada con pena de reclusión por un término fijo de cinco (5) años.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de ocho (8) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años y un (1) día.

Una persona con licencia de armas, salvo las categorías de tiro al blanco o de caza, sólo podrá poseer como máximo cincuenta (50) balas por año natural por arma que posea.  Si dicha persona deseare sustituir las municiones, ya sea mediante reemplazo o adquisición de nuevas municiones por haber utilizado o perdido alguna de las mismas, deberá acudir al distrito o precinto policíaco donde reside.  La Policía le concederá una autorización para reemplazar las municiones manteniendo la cantidad establecida en este párrafo.  En los casos donde la persona desee adquirir nuevas municiones por haber utilizado o perdido alguna de éstas, deberá informar las circunstancias en que utilizó o perdió las mismas.  Para que se conceda el reemplazo de las municiones, las circunstancias en que se utilicen deberán ser actividades permitidas y legítimas al amparo de nuestro ordenamiento jurídico y lo dispuesto en esta Ley.  Las municiones entregadas deberán ser decomisadas por la Policía.

Toda infracción a lo dispuesto en el párrafo anterior constituirá delito menos grave y será sancionado con pena de reclusión que no excederá de seis (6) meses, pena de multa que no excederá cinco mil (5000)  dólares, o ambas penas a discreción del tribunal.  El tribunal, a su discreción, podrá imponer la pena de prestación de servicios en la comunidad en lugar de la pena de reclusión establecida.

Se considerará como circunstancia agravante al momento de fijarse la sentencia, incurrir en la venta de municiones aquí prohibidas cuando éstas sean de las comúnmente conocidas como *armor piercing*, aunque sean designadas o mercadeadas con cualquier otro nombre, así como la venta de municiones diferentes al tipo de armas que el comprador tenga inscritas a su nombre.  Una convicción bajo este artículo conllevará además la cancelación automática de la licencia del armero y/o del poseedor de la licencia de arma o permiso de tiro al blanco o caza.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 6.03. — Compra de Municiones de Calibre Distinto.** (25 L.P.R.A. § 459b)

Toda persona que, teniendo una licencia de armas válida, compre municiones de un calibre distinto a los que pueden ser utilizados en las armas de fuego inscritas a su nombre, incurrirá en delito grave y, convicta que fuere, será sancionada con pena de reclusión por un término fijo de seis (6) años.  De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de doce (12) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años.

*[Enmiendas: Ley 27-2002]*

## CAPITULO VII — DISPOSICIONES FINALES

**Artículo 7.01. — Licencias de Caza.** (25 L.P.R.A. § 460)

Todo lo referente al licenciamiento, reglamentación y control del deporte de caza se regirá por lo dispuesto en la Ley Núm. 241 de 15 de agosto de 1999, conocida como la Nueva Ley de Vida Silvestre de Puerto Rico [12 L.P.R.A. secs. 107 et seq.].  No obstante, el Superintendente facilitará la inscripción en el Registro Electrónico de las transacciones de armas y municiones de los tenedores de las licencias de caza, de conformidad a esta Ley.

*[Enmiendas: Ley 27-2002]*

**Artículo 7.02. — Armas Neumáticas.** (25 L.P.R.A. § 460a)

Por disposición del Congreso de los Estados Unidos, 15 U.S.C.A. §5001, el campo para legislar sobre las armas neumáticas en Puerto Rico queda ocupado, por lo que no se podrá prohibir su venta o uso, salvo la venta a menores de dieciocho (18) años de edad.

*[Enmiendas: Ley 27-2002]*

**Artículo 7.03. — Agravamiento de las Penas.** (25 L.P.R.A. § 460b)

Toda persona que resulte convicta de alguna de las disposiciones de esta Ley, y que dicha convicción esté asociada y sea coetánea a otra convicción de cualquiera de las disposiciones de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico" (24 L.P.R.A. §§ 2101 et seq.), con excepción del Artículo 4.04 de la misma, o de la Ley Núm. 33 de 13 de julio de 1978, según enmendada, conocida como la "Ley Contra el Crimen Organizado y Lavado de Dinero del Estado Libre Asociado de Puerto Rico" (25 L.P.R.A. §§ 971 et seq.) , será sancionada con el doble de la pena dispuesta en esta Ley.

Todas las penas de reclusión que se impongan bajo esta Ley serán cumplidas consecutivamente entre sí y consecutivamente con las impuestas bajo cualquier otra ley.  Además, si la persona hubiere sido convicta anteriormente por cualquier violación a esta Ley o por cualquiera de los delitos especificados en el Artículo 2.11 de esta Ley o usare un arma en la comisión de cualquier delito y como resultado de tal violación alguna persona sufriera daño físico o mental, la pena establecida para el delito se duplicará.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 7.04. — Conversión de licencias; término; Derechos; Licencias en Proceso de Trámite.** (25 L.P.R.A. § 460c)

(A) Toda licencia vigente para tener y poseer un arma de fuego, de tiro al blanco, de portar o licencia de funcionario público, deberá ser convertida en una licencia de armas con su

correspondiente categoría, si alguna, en conformidad a las disposiciones de esta Ley, en o antes de concluido un plazo de seis (6) meses a partir de la fecha en que comience a regir esta Ley.  La conversión de la licencia de caza es voluntaria por parte del tenedor de la misma, y podrá llevarse a cabo en cualquier momento de conformidad a las disposiciones de esta Ley.  Las licencias de tiro al blanco poseídas por menores de veintiún (21) años serán convertidas a permisos de tiro para menores, y dicha conversión será libre de costo.  Disponiéndose que hasta tanto sean convertidas, éstas se regirán bajo las disposiciones de las leyes bajo las cuales fueron emitidas.

Se dispone que una vez que se solicite la conversión de otra licencia a licencia de armas, la licencia original no vencerá hasta que se conceda la licencia de armas o se cancele por no cualificar, en armonía con esta Ley, el concesionario que solicita la conversión.

Se dispone también que toda arma previamente inscrita bajo cualquier otra licencia, al convertirse la licencia previa en una licencia de armas, advendrán automáticamente a quedar inscritas bajo la licencia de armas.

(B) Toda solicitud de conversión de licencia ante el Superintendente, según establecido en esta Ley, deberá ser acompañada de un comprobante de Rentas Internas por la cantidad de cincuenta (50) dólares, más un (1) dólar por cada arma que el peticionario tenga inscrita legamente.

(C) En el caso de las licencias pendientes de investigación, las cuales hayan sido solicitadas aunque aún no expedidas, por personas que habían solicitado:

(1) **Licencia de Tener y Poseer**: El Superintendente le entregará los documentos de la solicitud para que el peticionario someta su solicitud conforme a las disposiciones de esta Ley. Disponiéndose que si el Peticionario satisfizo el pago de los derechos correspondientes de conformidad con la Ley Núm. 17 de 19 de enero de 1951, según enmendada *[Nota: Derogada por el Art. 7.14 de esta Ley, según enmendada por la Ley 137-2014]* no tendrá que pagar los derechos establecidos en esta Ley.

(2) **Licencia de Tiro al Blanco**: El Superintendente le entregará los documentos de la solicitud para que el peticionario someta su solicitud de licencia de armas conforme a las disposiciones de esta Ley.  Disponiéndose que el Peticionario someterá un comprobante de rentas internas por la diferencia en la cantidad entre los derechos de solicitud dispuestos en esta Ley y los establecidos en la Ley Núm. 75 de 13 de junio de 1953, según enmendada *[Nota: Derogada por el Art. 7.14 de esta Ley, según enmendada por la Ley 137-2014]*.

(3) **Licencia de Caza**: Se regirá por las disposiciones de la Ley Núm. 241 de 15 de agosto de 1999, conocida como la Nueva Ley de Vida Silvestre de Puerto Rico.

(D) Toda licencia especial expedida a una agencia de seguridad que se dedique al transporte de valores en vehículos blindados o a sus agentes, expedida al amparo de la Ley Núm. 348 de 21 de diciembre de 1999 *[Nota: Derogada por el Art. 7.14 de esta Ley, según enmendada por la Ley 137-2014]*, continuará con su validez hasta la conclusión de su vigencia, cuando deberá ser renovada de conformidad con las disposiciones de esta Ley.

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

## Artículo 7.05. — Avisos en puertos y aeropuertos. (25 L.P.R.A. § 460d)

El Director de la Autoridad de Puertos de Puerto Rico colocará en todos los puertos y aeropuertos de entrada a Puerto Rico, en los lugares por donde tengan que pasar los viajeros que llegan, rótulos visibles en español e inglés que digan lo siguiente:

**"ADVERTENCIA SOBRE ARMAS DE FUEGO**
**Toda persona que traiga consigo o en su equipaje un arma de fuego, tendrá que notificarlo a la Policía de Puerto Rico a su llegada.  El no cumplir con esta notificación conlleva pena de reclusión.  La Policía le orientará sobre cómo proceder con su arma."**

**"FIREARMS' WARNING**
**Every person bringing a firearm with him/her or in his/her luggage, must give notice to the Puerto Rico Police upon arrival.  Noncompliance with giving this notice carries prison penalties.  The Police will inform you on how to proceed with your weapon."**

*[Enmiendas: Ley 27-2002]*

**Artículo 7.06. — Campaña Publicitaria Educativa.** (25 L.P.R.A. § 460e)

Del día 15 de noviembre hasta el 7 de enero de todos los años, el Superintendente llevará a cabo una campaña publicitaria educativa, apercibiendo al público sobre el peligro que constituye hacer disparos al aire, el delito que se comete, la pena que conlleva y concienciar a la ciudadanía sobre la importancia de denunciar tales actos, así como a no participar activa y pasivamente y/o a involucrarse en tal práctica. Para crear conciencia, dará información sobre las muertes y los heridos ocasionados en años anteriores por estos disparos, así como cualquier otro aspecto que entienda pertinente.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 103-2009]*

**Artículo 7.07. — Determinaciones Administrativas; Adjudicación; Reconsideración.** (25 L.P.R.A. § 460f)

Salvo que otra cosa se disponga expresamente, todas las determinaciones que tengan que realizarse en virtud de esta Ley se regirán por las disposiciones de vistas informales, adjudicaciones y reconsideraciones establecidas en la Ley Núm. 170 del 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" [3 L.P.R.A. §§ 2101 et seq.].

*[Enmiendas: Ley 27-2002]*

**Artículo 7.08. — Revisión.** (25 L.P.R.A. § 460g)

Una parte adversamente afectada por una orden o resolución final alcanzada en virtud de las disposiciones de esta Ley, que haya agotado todos los remedios administrativos, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones de conformidad con la Ley Núm. 170 del 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" [3 L.P.R.A. §§ 2101 et seq.].

*[Enmiendas: Ley 27-2002; Ley 137-2004]*

**Artículo 7.09. — Reglamentación.** (25 L.P.R.A. § 460h)

Tanto el Superintendente como el Secretario, al igual que el Secretario de Hacienda, establecerán todos aquellos reglamentos que esta Ley ordene para la implantación de las disposiciones de esta Ley, dentro de los seis (6) meses siguientes a la aprobación de la misma, y en conformidad a la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" [3 L.P.R.A. §§ 2101 et seq.].

*[Enmiendas: Ley 27-2002]*

**Artículo 7.10. — Formularios.** (25 L.P.R.A. § 460i)

Tanto el Superintendente como el Secretario, al igual que el Secretario de Hacienda, crearán todos aquellos formularios que esta Ley requiera para su implantación, dentro de los seis (6) meses siguientes a la aprobación de la misma.

*[Enmiendas: Ley 27-2002]*

**Artículo 7.11. — Moratoria y Amnistía.** (25 L.P.R.A. § 460j)

(A) Se establece un período de moratoria de ciento ochenta (180) días, contados a partir de que comience la vigencia de la enmienda del 2004 a esta Ley, para que toda persona que haya advenido a la posesión de un arma de fuego o municiones mediante herencia, o cualquier forma legal certificada mediante declaración jurada ante notario o que habiendo poseído legalmente un arma de fuego o municiones haya dejado vencer la autorización a dicha posesión, podrá solicitar una licencia de armas en virtud de esta Ley, de no poseer licencia de armas y la inscripción de dicha arma de fuego o municiones, sin que se inicie procedimiento penal alguno por la mencionada posesión ilegal.

(B) Se declara una amnistía general de quince (15) días, contados a partir de la fecha de vigencia de esta enmienda *[Nota: Actual Ley 142-2013]* a esta Ley, para que toda persona que tenga o posea ilegalmente un arma de fuego o municiones, o que posea un arma de fuego o municiones obtenidas de forma ilegal pueda deshacerse legalmente de las mismas, entregándolas de forma voluntaria a la Policía, sin que se inicie contra dicha persona procedimiento penal alguno.  Toda persona que entregue voluntariamente a la Policía un arma de fuego ilegalmente adquirida, encontrada sin que se conozca su procedencia o que de cualquier otro medio ilegal llegue a su poder y que constituya posesión o tenencia ilegal, no será acusado ni procesado por infringir estatuto o ley alguna que penalice dicha posesión o tenencia ilegal o contraria a la ley. La amnistía establecida en este inciso se limita estrictamente a la posesión incidental para la entrega del arma.  La Policía de Puerto Rico, con la colaboración de otras instrumentalidades públicas, tales como el Cuerpo de Bomberos y el Departamento de Corrección y Rehabilitación, designará los funcionarios públicos y los lugares en los que esos funcionarios designados estarán autorizados a recibir armas de fuego y municiones conforme a lo dispuesto en este inciso.

El Gobierno del Estado Libre Asociado de Puerto Rico no podrá radicar ni facilitar la radicación de cargos criminales por la posesión o tenencia ilegal de un arma de fuego entregada a la Policía por las personas que se acojan a esta amnistía y voluntariamente entreguen un arma de fuego. Disponiéndose, que para poder acogerse a los beneficios de la amnistía decretada en virtud de este inciso, será necesario que la parte interesada invoque esta Ley o que dicha parte realice actos afirmativos que indiquen claramente que el presunto beneficiario de esta amnistía tenía la intención manifiesta y el deseo de entregar voluntariamente el arma o armas de fuego o municiones pertinentes.

Durante la vigencia de esta amnistía, el Superintendente promoverá el apercibimiento al público, a través de los medios de comunicación, sobre la existencia de la amnistía y sobre el proceso para acogerse a la misma conforme a las disposiciones de esta Ley.

(C) Toda persona que no posea una licencia de armas vigente, pero que cualifique para solicitar y obtener una licencia de armas a tenor con los requisitos establecidos en esta Ley, y haya obtenido la posesión de una o más armas de fuego o municiones por vía de herencia o cualquier otro acto o negocio jurídico legítimo en nuestro ordenamiento jurídico, podrá:

(1) Solicitar, dentro del término de ciento veinte (120) días a partir de la fecha de aprobación de esta enmienda *[Nota: Actual Ley 142-2013]*  a esta Ley, la licencia de armas y la inscripción o registro de las armas y municiones en su posesión, junto con una declaración jurada en la que exponga la forma y circunstancias mediante las cuales advino en posesión de las armas de fuego y municiones en cuestión. Durante el trámite de la licencia, las armas y municiones deberán ser entregadas a un armero, quien estará a cargo de su custodia bajo los términos y condiciones que cada armero establezca; o

(2) En caso de tener una licencia de armas vencida o revocada por falta de renovación, podrá solicitar su renovación y la inscripción o registro de las armas y municiones en su posesión, junto con una declaración jurada en la que exponga la forma y circunstancias mediante las cuales advino en posesión de las armas de fuego y municiones, dentro del término de ciento veinte (120) días a partir de la fecha de aprobación de esta enmienda a esta Ley. Las personas que soliciten la renovación de una licencia de armas al amparo de este sub-inciso deberán pagar los derechos y satisfacer los costos establecidos en esta Ley para la renovación de la licencia, pero no así las multas o penalidades correspondientes al incumplimiento con el trámite de la renovación.

Durante el término de duración de la amnistía establecida en el inciso (c) de este Artículo, el costo de la renovación de la licencia de armas en comprobantes de rentas internas será de cincuenta dólares ($50.00).

(D) Toda persona que tenga una licencia de armas vigente y haya obtenido la posesión de una o más armas o municiones por vía de herencia o cualquier otro acto o negocio jurídico legítimo en nuestro ordenamiento jurídico, pero no las haya inscrito o registrado, podrá solicitar la inscripción de las armas o municiones en cuestión, dentro del término de sesenta (60) días a partir de la fecha de aprobación de esta enmienda a esta Ley. Junto con su solicitud de registro o inscripción de las armas o municiones, la persona deberá someter una declaración jurada en la que exponga detalladamente la forma y circunstancias mediante las cuales advino en posesión de las armas de fuego y municiones cuya inscripción o registro solicita.

*[Enmiendas: Ley 27-2002; Ley 137-2004; Ley 34-2012; Ley 63-2012; Ley 137-2004; Ley 142-2013]*

**Artículo 7.12. — Cinematografía y Cineastas.** (25 L.P.R.A. § 460k)

Toda persona natural o jurídica que realice o tenga la intención de realizar películas, documentales, novelas, obras, etc., en que se utilicen armas de fuego falsas o ficticias, neumáticas o de salva, gas, o cualquiera de las definidas en esta Ley, deberá indicar mediante comunicación escrita al Superintendente la fecha de entrada y utilización de las armas y describir las series si alguna, sitio, lugar y tiempo de utilización de las armas en la película, documental, novela, obra, o actividades artísticas similares.  Esta notificación se cumplirá antes de los diez (10) días  de comenzar el rodaje del mismo, so pena de  multa administrativa de hasta quinientos (500) dólares por cada ocasión que no informe como aquí se dispone.  El Superintendente dispondrá mediante reglamento el proceso para la notificación.

*[Enmiendas: Ley 137-2004]*

**Artículo 7.13. — Cláusula de Separabilidad.** (25 L.P.R.A. § 455 nota)

Si cualquier cláusula, párrafo, artículo, sección o parte de esta Ley fuere declarada inconstitucional por un tribunal competente, la sentencia a efecto dictada no afectará, perjudicará ni invalidará el resto de la misma.  El efecto de dicha sentencia quedará limitado a la cláusula, párrafo, artículo, sección o parte de la misma que así hubiese sido declarada inconstitucional.

*[Enmiendas: Ley 137-2004]*

**Artículo 7.14  — Derogación de Leyes.** (25 L.P.R.A. § 455 nota)

Salvo por lo dispuesto en el Artículo 7.04 de esta Ley, se derogan la Ley Núm. 17 de 19 de enero de 1951, según enmendada, la Ley Núm. 75 de 13 de junio de 1953, según enmendada y la Ley Núm. 348 de 21 de diciembre de 1999.

*[Enmiendas: Ley 137-2004]*

**Artículo 7.15. — Vigencia.** (25 L.P.R.A. § 455 nota)

Esta Ley comenzará a regir el 1ro. de marzo de 2001; excepto los Artículos 7.09 y 7.10 de esta Ley, los cuales comenzarán a regir inmediatamente después de su aprobación.

**Nota. Este documento fue compilado por personal de la Oficina de Gerencia y Presupuesto del Estado Libre Asociado de Puerto Rico, como un medio de alertar a los usuarios de nuestra Biblioteca de las últimas enmiendas aprobadas para esta Ley. Aunque hemos puesto todo nuestro esfuerzo en la preparación del mismo, este no es una compilación oficial y podría no estar completamente libre de errores inadvertidos. En el mismo se han incorporado todas las enmiendas hechas a la Ley a fin de facilitar su consulta. Para exactitud y precisión, refiérase a los textos originales de dicha ley y a la colección de Leyes de Puerto Rico Anotadas L.P.R.A.. Las anotaciones en letra cursiva y entre corchetes añadidas al texto, no forman parte de la Ley; las mismas solo se incluyen para el caso en que alguna ley fue derogada y ha sido sustituida por otra que está vigente. Los enlaces al Internet solo se dirigen a fuentes gubernamentales. Los enlaces a las leyes enmendatorias pertenecen a la página web de la Oficina de Servicios Legislativos de la Asamblea Legislativa de Puerto Rico. Los enlaces a las leyes federales pertenecen a la página web de la US Government Publishing Office GPO de los Estados Unidos de Norteamérica. Compilado por la Biblioteca de la Oficina de Gerencia y Presupuesto.**

Véanse además los siguientes Reglamentos y sus respectivas enmiendas, tal como aparecen en la página web del **Departamento de Estado de Puerto Rico**:

Reglamento 7311

Reglamento de la Ley 404-2000, "Ley de Armas de Puerto Rico". [Enmiendas: 7472, 7943 , 8407]

Reglamento 3687

Reglamento para la Concesión de Licencias para Portar Armas de Fuego, Aplicable A Jueces, Fiscales y otro Personal de Los Tribunales Estatales y Federales. [Enmienda: 5719]

Reglamento 5899

Procedimientos de Solicitud, Registro, Traspaso y Revocación de Licencias e Inscripción y Disposición de Armas de Fuego. [Anula los reglamentos 3738; 3264 y 3735]

Reglamento 6201

Reglamento del Proceso para Autorizar a Personas Naturales y Jurídicas a Ofrecer Cursos de Adiestramiento en el Uso y Manejo de Armas de Fuego y Municiones.

Reglamento 6244

Reglamento para la Celebración de Vistas Administrativas sobre Licencias de Tener y Poseer Armas de Fuego, Tiro al Blanco, Explosivos, Detectives Privados, y Portación como Funcionario Público.

Reglamento 7944

Reglamento para la Adquisición de un Arma de Fuego cuando el miembro de la Policía se acoge al Retiro por años de Servicios.

Reglamento 8406

Reglamento sobre Amnistía para la entrega de Armas de Fuego y/o Municiones que se tengan o posean legal o ilegalmente.

"Ley de Armas de Puerto Rico"  [Ley 404-2000, según enmendada]

TABLA DE CONTENIDO

Página

CAPITULO I. — DISPOSICIONES PRELIMINARES

Artículo 1.01. — Título de la Ley. ...........................................................................................3
Artículo 1.02. — Definiciones. ...............................................................................................3

CAPITULO II. — LICENCIA Y REGLAMENTACIÓN

Artículo 2.01. — Registro Electrónico..................................................................................6
Artículo 2.02. — Licencia de Armas......................................................................................7
Artículo 2.03. — Transferencia de Fondos.........................................................................11
Artículo 2.04. — Expedición de Licencia de Armas a Ciertos Funcionarios del Gobierno............................12
Artículo 2.05. — Permisos de portación de armas expedidos por el tribunal..............................12
Artículo 2.06. — Licencia de Armas, Permisos de Portación; Personas exentas del pago.................14
Artículo 2.07. — Acusación por delito grave; ocupación de armas.....................................14
Artículo 2.08. — Licencia de Armero; Informe de Transacciones........................................14
Artículo 2.09. — Requisitos de un Peticionario para Licencia de Armero..........................16
Artículo 2.10. — Condiciones para Operaciones de Armeros; Constancias de Transacciones...................17
Artículo 2.11. — Fundamentos para Rehusar Expedir Licencia..........................................19
Artículo 2.12. — Registro de Armas; Pérdida y Entrega de Arma de Fuego; Muerte del Poseedor ..........19
Artículo 2.13. — Motivos Fundados para Facultar a los Agentes del Orden Público a Ocupar Armas.......20
Artículo 2.14. — Armas de Asalto Semiautomáticas; Fabricación, importación, distribución, posesión y transferencia. .........................................21
Artículo 2.15. — Comité Interagencial para Combatir Tráfico Ilegal de Armas.........................22
Artículo 2.16. — Centro de Rastreo y Análisis. ...............................................................23

CAPITULO III. — PERMISOS DE TIRO AL BLANCO

Artículo 3.01. — Facultades y Deberes del Secretario y del Superintendente............................23
Artículo 3.02. — Licencias para Clubes de Tiro; Reglamentación........................................25
Artículo 3.03. — Licencias para Clubes de Tiro; Revocación.............................................26
Artículo 3.04. — Permisos de Tiro al Blanco.......................................................................26
Artículo 3.05. — Permisos de Tiro al Blanco Provisionales...............................................27
Artículo 3.06. — Cancelación de Permisos de Tiro.............................................................28

CAPITULO IV. — AGENCIAS DE SEGURIDAD QUE TRANSPORTEN VALORES EN VEHICULOS BLINDADOS

Artículo 4.01. — Licencias especiales.................................................................................28
Artículo 4.02. — Procedimiento de solicitud.....................................................................28
Artículo 4.03. — Reglamento de la agencia.......................................................................29
Artículo 4.04. — Vigencia de la Licencia Especial; Traspaso de la Licencia Especial....................29
Artículo 4.05. — Depósito de armas largas y municiones de la agencia.............................29
Artículo 4.06. — Límite de armas......................................................................................30

"Ley de Armas de Puerto Rico"  [Ley 404-2000, según enmendada]

Artículo 4.07. — Requisitos de los empleados de la agencia para el uso de armas largas........................30
Artículo 4.08. — Limitación de la licencia........................................................................................31
Artículo 4.09. — Facultad de la agencia de seguridad.........................................................................31
Artículo 4.10. — Causas para revocar o rehusar renovar una licencia especial......................................31
Artículo 4.11. —  Incumplimiento de las agencias de seguridad que se dediquen al transporte de
                valores en vehículos blindados...................................................................................32
Artículo 4.12. — Responsabilidad vicaria..........................................................................................32
Artículo 4.13. — Municiones...........................................................................................................33

## CAPITULO V — ARMAS

Artículo 5.01. — Fabricación, Importación, Venta y Distribución de Armas...............................................33
Artículo 5.02. — Prohibición a la Venta de Armas a Personas sin Licencia..............................................33
Artículo 5.03. — Comercio de Armas de Fuego Automáticas.................................................................34
Artículo 5.04. — Portación y Uso de Armas de Fuego sin licencia .........................................................34
Artículo 5.05. — Portación y Uso de Armas Blancas............................................................................35
Artículo 5.05A. — Fabricación, posesión y distribución de armas blancas...............................................35
Artículo 5.06. — Posesión de Armas sin Licencia................................................................................36
Artículo 5.07. — Posesión o Uso Ilegal de Armas Largas Semiautomáticas, Automáticas o Escopeta de
                Cañón Cortado .........................................................................................................37
Artículo 5.08. — Posesión o Venta de Accesorios para Silenciar...........................................................37
Artículo 5.09. — Facilitación de Armas a Terceros .............................................................................38
Artículo 5.11. — Presunciones........................................................................................................38
Artículo 5.12. — Notificación por Porteador, Almacenista o Depositario de Recibo de Armas;
                Penalidades.............................................................................................................39
Artículo 5.13. — Almacenamiento y Custodia de Armas en Depósitos de Armas y Municiones ..............40
Artículo 5.14. — Informes de Asistencia Médica a Personas Heridas ...................................................41
Artículo 5.15. — Disparar o Apuntar Armas......................................................................................41
Artículo 5.16. — Recibo, Custodia y disposición de armas depositadas voluntariamente u ocupadas
                por la Policía; Destrucción de las armas consideradas estorbo público........................42
Artículo 5.17. — Colecciones de Armas............................................................................................43
Artículo 5.18. — Transportación de Armas Prohibidas; Confiscación......................................................43
Artículo 5.19. — Armas al Alcance de Menores..................................................................................44
Artículo 5.20. — Apropiación ilegal de Armas o Municiones, Robo.........................................................45
Artículo 5.21. — Alteración de vehículos de motor para ocultar armas de fuego ilegales.........................45

## CAPITULO VI — MUNICIONES

Artículo 6.01. — Fabricación, Distribución,  Posesión y Uso de Municiones..............................................45
Artículo 6.02. — Venta de Municiones a Personas sin Licencia; Límite en el Número de Municiones......46
Artículo 6.03. — Compra de Municiones de Calibre Distinto.................................................................47

## CAPITULO VII — DISPOSICIONES FINALES

Artículo 7.01. — Licencias de Caza..................................................................................................47
Artículo 7.02. — Armas Neumáticas.................................................................................................47

"Ley de Armas de Puerto Rico"  [Ley 404-2000, según enmendada]

Artículo 7.03. — Agravamiento de las Penas........................................................47
Artículo 7.04. — Conversión de licencias; término; Derechos; Licencias en Proceso de Trámite..............48
Artículo 7.05. — Avisos en puertos y aeropuertos.................................................49
Artículo 7.06. — Campaña Publicitaria Educativa ..................................................49
Artículo 7.07. — Determinaciones Administrativas; Adjudicación; Reconsideración ..................50
Artículo 7.08. — Revisión...................................................................................50
Artículo 7.09. — Reglamentación.........................................................................50
Artículo 7.10. — Formularios..............................................................................50
Artículo 7.11. — Moratoria y Amnistía.................................................................50
Artículo 7.12. — Cinematografía y Cineastas.........................................................52
Artículo 7.13. — Cláusula de Separabilidad...........................................................52
Artículo 7.14. — Derogación de Leyes..................................................................53
Artículo 7.15. — Vigencia...................................................................................53


Reglamentos........................................................................................................53

Nota: Esta Tabla de Contenido no forma parte de la "Ley de Armas de Puerto Rico",
se incluye aquí para la facilidad de los usuarios de este documento.

⇒⇒⇒ Verifique en la Biblioteca Virtual de OGP la **Última Copia Revisada** (Rev.) para esta compilación.

[Volver a la página principal]