IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. CRUZ-KERKADO, *ET AL*<br><br>Plaintiffs<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO (BY WAY OF THE PUERTO RICO DEPARTMENT OF JUSTICE a/k/a DEPARTAMENTO DE JUSTICIA, *ET AL*<br><br>Defendants | CIVIL NO. 16-2748 (ADC) |

**MOTION TO STRIKE PLAINTIFFS'
"MOTION FOR DECLARATORY JUDGMENT" (DOCKET NO. 35)**

1. Plaintiffs have, once again, failed to abide by the Local Rules in this District. *See* Court Order, Docket No. 27.

2. On January 20, 2017, Plaintiffs filed a "Motion for Declaratory Judgment." (Docket No. 35).

3. A glance at the substance of the so-called "Motion for Declaratory Judgment" shows, however, that the motion is but a Surreply to the PRSA's Reply Brief regarding its Motion to Dismiss (Docket No. 34), as Plaintiffs attempt to refute the arguments made in that brief and ultimately request that the Court "deny defendants' dispositive motions," (Docket No. 35, p. 6), *e.g.*, the PRSA's motion to dismiss.

4. Local Rule 7(c) states that the filing of a reply memorandum (which includes surreplies) requires a party to seek leave from the Court. Plaintiffs have not done so.

5. Plaintiffs also needlessly request declaratory judgment relief, a remedy that has already been included in their Amended Complaint. (Docket No. 29). *See Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) ("Because an action for a declaratory

1

judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.") (emphasis in original).

6. This type of motion is inconsistent with the Federal Rules of Civil Procedure. *Id.* ("Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules.").

7. The only way Plaintiffs' motion could be consistent with the Federal Rules would be "to construe it as a motion for summary judgment on an action for a declaratory judgment." *See id.; see also Jenkins Starr, LLC v. Cont'l Ins. Co.,* 601 F. Supp. 2d 344, 346 (D. Mass. 2009) (treating Plaintiffs' "Motion for Declaratory Judgment" as a motion for summary judgment)

8. Plaintiffs' motion, however, does not comply with the Fed. R. Civ. P. 56 or Local Rule 56(b) requirements regarding the statement of uncontested facts that must accompany a motion for summary judgment.

9. Therefore, at this stage and in light of the pending motions to dismiss, Plaintiffs' motion is wholly improper.

**WHEREFORE**, defendant PRSA requests that the Court strike Plaintiffs' Motion for Declaratory Judgment.

RESPECTFULLY SUBMITTED.

**I hereby certify** that today I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.
 In San Juan, Puerto Rico, this 20TH day of January, 2017.

**MORELL, BAUZÁ,
CARTAGENA & DAPENA**
PO Box 13399
San Juan, PR 00908
Tel.  787-723-1233
Fax. 787-723-8763

*/s/ German J. Brau*
German J. Brau
USDC PR No. 202805
Email: german.brau@mbcdlaw.com

*/s/ Ramón E. Dapena*
Ramón E. Dapena
USDC PR No. 125005
Email: ramon.dapena@mbcdlaw.com

*/s/ Iván J. Lladó*
Iván J. Llado
USDC PR No. 302002
Email: ivan.llado@mbcdlaw.com

*Counsel for Defendant Puerto Rico Shooting Association a/k/a Federación de Tiro de Armas Cortas y Rifles de Puerto Rico*