IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE A. CRUZ KERKADO, et al. | |
| Plaintiffs | |
| v. | CIVIL NO. 16-2748 (ADC) |
| COMMONWEALTH OF PUERTO RICO, et al. | |
| Defendants | |

ANSWER TO THE AMENDED COMPLAINT

TO THE HONORABLE COURT:

COME NOW, defendants Commonwealth of Puerto Rico, Puerto Rico Police Department, and Puerto Rico Department of Leisure and Sports, without waiving neither any of their allegations in their Motion to Dismiss or any affirmative defense, and through the undersigned attorney, respectfully alleges and prays as follows:

GENERAL ALLEGATIONS

1.      All conclusions of law and jurisdiction contained in the Amended Complaint are disputed insofar as applicable to the factual allegations herein.

2.      All factual allegations contained in the Amended Complaint, except those specifically admitted below, and only as qualified herein, are hereby denied.

3.      Appearing defendants reserve the right to amend the answers and affirmative defenses set forth as deemed necessary.

## PARTIES

1.      Averment 1 is denied.

2.      Averment 2 is denied for lack of knowledge and/or information sufficient to form a belief as to the truth or falsity of the averment.

3.      Averment 3 is denied for lack of knowledge and/or information sufficient to form a belief as to the truth or falsity of the averment.

4.      Averment 4 is denied for lack of knowledge and/or information sufficient to form a belief as to the truth or falsity of the averment.

5.      Averment 5 is denied as stated.

6.      Averment 6 is denied as stated.

7.      Averment 7 is denied.

8.      Averment 8 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

## JURISDICTION

9.      Averment 9 is denied. Plaintiff José Kerkadó did not have his second amendment rights breached. Moreover, the corporate co-plaintiffs are not protected by the Second Amendment.

10.      Averment 10 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

11.      Averment 11 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

12.      Averment does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

13. Averment 13 is denied.

BACKGROUND

14. Averment 14 is denied for lack of knowledge and/or information sufficient to form a belief as to the truth or falsity of the averment. The last sentence is denied as plaintiffs do not have a Second amendment right to teach, train and practice firearm safety and self-defense unassociated with athletic sports.

15. Averment 15 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

16. Averment 16 is denied.

17. Averment 17 is denied.

18. Averment 18 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

19. Averment 19 is denied.

20. Averment 20 is denied. Plaintiffs do not have a Second Amendment right for the existence of non-federation (unaffiliated) gun clubs.

21. Averment 21 is denied.

22. Averment 22 is denied.

APPLICABLE LAW

23. Averment 23 is denied.

24. Averment 24 is denied.

25. Averment 25 is admitted as to the provisions of the Second Amendment, <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008), and <u>McDonald v. City of Chicago</u>, 561 U.S. 742 (2010). The

3

rest of the averment is denied.

26.     Averment 26 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

27.     Averment 27 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

28.     Averment 28 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

29.     Averment 29 is denied.

30.     Averment 30 is denied.

## UNLAWFUL REGULATION AT ISSUE

31.     Averment 31 is denied as stated. It contains Plaintiff's interpretation of the law.

32.     Averment 32 is denied.

33.     Averment 33 is denied.

## HARM SUFFERED

34.     Averment 34 is denied.

35.     Averment 35 is denied.

36.     Averment 36 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

37.     Averment 37 is denied.

38.     Averment 38 is denied.

## BASIS FOR INJUNCTIVE RELIEF

39.     Averment 39 is denied.

40.     Averment 40 is denied.

## DECLARATORY RELIEF

41.     Averment 41 is denied.

42.     Averment 42 is denied.

43.     Averment 43 is denied.

44.     Averment 44 is denied.

45.     Averment 45 is denied.

46.     Averment 46 does not require a responsive pleading by the appearing defendant, but in the event that it does, it is denied.

## PRAYER FOR RELIEF

The last paragraphs contain various statements and different requests for injunctive and declaratory relief grounded on various legal theories. These paragraphs, as such do not require a responsive pleading. However, in the alternative that they do, each and everyone is hereby opposed and denied.

## AFFIRMATIVE DEFENSES

1.     This Honorable Court lacks jurisdiction over the subject matter in the instant action.

2.     The complaint fails to state a claim upon which relief may be granted against the defendant.

3.     There is no pendent and/or supplement jurisdiction over the subject matter as to any claims under the constitution and/or laws of the Commonwealth of Puerto Rico.

4.     There is no venue.

5.     The complaint fails to state a claim cognizable under any applicable federal or state

statute.

6.      The complaint fails to state specific acts of the appearing defendants which amount to a deprivation of any of plaintiffs' constitutional, federal or Commonwealth's protected rights.

7.      The complaint fails to state a claim cognizable under any supplemental state law claims.

8.      The complaint fails to state the necessary elements under 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States.

9.      The appearing defendants are not liable under 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States, because their conduct did not reflect a reckless disregard to plaintiffs' constitutional rights.

10.     Plaintiff has not been deprived of any federally protected right or privilege by the appearing defendants.

11.     The complaint fails to allege any specific acts or omissions as required by 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States, therefore, no relief can be granted.

12.     The complaint fails to state the type of ill motive or intent actionable under 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States.

13.     The appearing defendants, at all times, acted according to law and in good faith in the performance of their duties.

14.     The appearing defendants acted at all times within the established framework of their authority and duties and neither negligently nor intentionally violated any of plaintiff's constitutional rights.

15.     The appearing defendants were not personally involved in the alleged violations of plaintiffs' protected rights.

16.     Plaintiffs' alleged damages are preexistent.

17.     The complaint fails to state specific facts adequate to show that plaintiffs suffered damages.

18.     The appearing defendants are entitled to qualified immunity.

19.     The instant action is barred by the Eleventh Amendment.

20.     The instant case is time barred.

21.     In the hypothesis that plaintiff is entitled to any relief, which the appearing defendants deny, plaintiff is not entitled to recover under 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States.

22.     Plaintiff's claims are precluded by the doctrines of abstention, *res judicata,* laches, claim preclusion, issue preclusion and/or collateral estoppel.

23.     Plaintiff has contributed to its damages, if any.

24.     The appearing defendants' actions, if any, were objectively reasonable viewed in the light of the facts and circumstances confronting them.

25.     There is no supplemental jurisdiction over the subject matter as to any claims under the Constitution or laws of the Commonwealth.

26.     There is no causal link between the alleged conduct and the alleged deprivation of plaintiff's federal and/or state protected rights.

27.     Plaintiff has failed to join indispensable parties.

28.     Appearing defendants did not have a culpable state of mind.

29.     Appearing defendants did not conspire against the plaintiff.

30.     The complaint claims against the appearing defendants do not rise to the level of a constitutional violation; therefore, it is not cognizable under 42 U.S.C. § 1983, and First and Second Amendments of the Constitution of the United States.

31.     Plaintiff is not entitled to recover attorney fees, expert witness fees, costs and other litigation expenses.

32.     The appearing defendant cannot be held liable for acts, omissions, fault or negligence, if any, of third parties that are not properly included as defendants in this case.

33.     The appearing defendants hereby reserve the right to amend the pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that may arise as a result of the discovery.

34.     Appearing defendants do not waive any other affirmative defense that may arise during discovery proceedings.

**WHEREFORE**, appearing codefendants, respectfully request and pray this Honorable Court that the complaint be dismissed, Plaintiffs be charged with costs and attorney's fees and grant any other relief that may be deemed proper.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record to their addresses of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 16th day of March 2017.

WANDA VÁZQUEZ GARCED
Secretary of Justice

8

WANDYMAR BURGOS VARGAS
Acting Deputy Secretary
In Charge of Litigation

SUSANA PEÑAGARICANO BROWN
Director
Federal Litigation Division
Department of Justice
spenagaricano@justicia.pr.gov

*S/ Idza Diaz Rivera*
IDZA DIAZ RIVERA
U.S.D.C. NO. 223404
Department of Justice
Federal Litigation Division
P.O. Box 9020192
San Juan, P.R., 00902-0192.
Tel. (787) 721-2900, Ext. 2647.
Fax (787) 723-9188
idiaz@justicia.pr.gov