IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| Jose A. Cruz-Kerkado, *et al.* *Plaintiffs* v. Commonwealth of Puerto Rico, *et al.* *Defendants* | CIVIL ACTION Case No 3:16-cv-2748 Constitutional Rights |
|---|---|

## Plaintiffs' Supplemental Opposition
## to PRSA and Commonwealth Motions to Dismiss (Dkt. #s 50 & #48)

**To the Honorable Court:**

**COMES NOW**, the plaintiffs represented by the undersigned counsel and submits this *Supplemental Opposition* to the Puerto Rico Shooting Association's ("PRSA") motion to dismiss (Dkt. #50) and Commonwealth of Puerto Rico's ("Commonwealth") motion to dismiss (Dkt. #48).

A timely opposition was filed by due date March 29, 2017, to PRSA 's motion to dismiss, but defendant PRSA filed today March 30, 2017, its Answer to Amended Complaint. The PRSA choose to defy Court Orders, to attempt to gain a strategic advantage.  But after careful examination of defendant's untimely Answer to Amended Complaint, plaintiffs submit the following PRSA admissions in support of plaintiffs' *Oppositions*.

### Individual Target Practice Permit

1. Puerto Rico Law requires PRSA affiliation for individual target shooting permits. (Dkt. 57, ¶21, pg. 8)
2. Puerto Rico Law requires PRSA affiliation by individuals to obtain a target practice permit. (Dkt. 57, ¶18, pg. 7)
3. Puerto Rico Law requires PRSA mandatory association. (Dkt. 57, ¶27, pg. 9)
4. PRSA charges a fee to members. (Dkt. 57, ¶21, pg. 9)
5. Individuals pay to the PRSA a $12 membership fee every 3 years. (Dkt. 57, ¶18, pg. 7)
6. PRSA has sponsored Olympic target shooting athletes, has received public assistance for sport activities, and does lobbying activities for related regulation. (Dkt. 57, ¶21, pg. 8-9)

### Target Shooting (Gun-Club) Range

7. Puerto Rico Law requires PRSA affiliation for a license to operate a shooting range. (Dkt. 57, ¶21, pg. 8)

8. Without PRSA affiliation, plaintiffs cannot obtain a permit from the government to operate a target shooting range. (Dkt. 57, ¶3, pg. 2)
9. Under Puerto Rico Law, PRSA affiliation is required for issuance of permit to operate a gun-range facility. (Dkt. 57, ¶8, pg. 3)
10. PRSA admits that Puerto Rico law requires affiliation to issue gun-range permits, which include a financial payment. (Dkt. 57, ¶16, pg. 6)
11. PRSA affiliated gun clubs pay membership fees (annual fee) of $25.00.
12. Target shooting sport activities are the normal way in which guns are employed by PRSA members. (Dkt. 57, ¶16, pg. 6)
13. PRSA is a sports-geared organization… (Dkt. 57, ¶17, pg. 7)
14. PRSA seeks to regulate sport of shooting in Puerto Rico. (Dkt. 57, ¶21, pg. 8)
15. PRSA collect fees to pay for its expenses and sports activities. (Dkt. 57, ¶18, pg. 7)
16. PRSA conducted inspections of plaintiffs proposed shooting range. (Dkt. 57, ¶21, pg. 8)
17. Phoenix did not comply with PRSA standards (Dkt. 57, ¶36, pg. 11).

A look at Commonwealth's dispositive motion also demonstrate views inconsistent with recent Supreme Court interpretations of the Second Amendment: "…plaintiffs do not have a Second Amendment right to teach, train and practice firearm safety and self-defense unassociated with athletic sports" (Dkt. 51, ¶14, pg. 3) and "Plaintiffs do not have a Second Amendment right for the existence of non-federated (unaffiliated) gun clubs" (Dkt. 51, ¶20, pg. 3).

Plaintiffs assert these admissions support a finding the PRSA is unlike any Commonwealth Basketball Federation and PRSA mandatory membership for individuals is unconstitutional. For the foregoing reasons, the Court should deny PRSA's dispositive motion (Dkt. #50) and deny Commonwealth of Puerto Rico's Justice Department dispositive motion (Dkt. #48).

**WHEREFORE**, plaintiffs respectfully move the Court to *deny* both motions to dismiss, with any other relief the Court deems equitable, just and appropriate.

In San Juan, Puerto Rico, on this 30th. Day of March 2017.

/S/ Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 200-2715
Email: *hcobo@hcounsel.com*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2017, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                          /S/ Humberto Cobo-Estrella, Esq.
                                          Attorney for the Plaintiffs