IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. CRUZ-KERKADO, *ET AL*<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>COMMONWEALTH OF PUERTO RICO (BY WAY OF THE PUERTO RICO DEPARTMENT OF JUSTICE a/k/a DEPARTAMENTO DE JUSTICIA, *ET AL*<br><br>　　　　Defendants | CIVIL NO. 16-2748 (ADC) |

**MOTION TO STRIKE PLAINTIFFS'
"MOTION FOR ENTRY OF JUDGMENT" AT DOCKET NO. 60**

　　　　COMES NOW Defendant Puerto Rico Shooting Association ("PRSA") a/k/a Federación de Tiro de Armas Cortas y Rifles de Puerto Rico, by and through counsel, and respectfully states and prays:

　　　　1.　　On March 1, 2017, this Court struck Plaintiffs' Motion for Declaratory Judgment from the record and warned Plaintiffs that its "repeated attempts [ ] to skirt the Rules of this Court [ ] are unacceptable . . . . " (Docket No. 44).

　　　　2.　　Despite this Court's order, Plaintiffs have filed *another* motion for entry of judgment, neglecting the warnings of this Court. (Docket No. 60).

　　　　3.　　To be sure, nothing has changed since this Court last struck Plaintiffs' previous motion for declaratory judgment, as there are multiple motions to dismiss still pending. Plaintiffs, however, insist on their improper filing, which again fails to cite any supporting case law.

　　　　4.　　As explained in PRSA's previous motion to strike at Docket No. 36, Plaintiffs' motion for entry of judgment is pointless, since the Amended Complaint already requests the declaratory judgment remedy. *See Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D.

1

452, 456 (S.D.N.Y. 1995) ("Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.") (emphasis in original).

5. Plaintiffs' motion is also inconsistent with the Federal Rules of Civil Procedure. *Id.* ("Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules.").

6. Plaintiffs' motion could be consistent with the Federal Rules only if it were "construe[d] . . . as a motion for summary judgment on an action for a declaratory judgment." *See id.; see also Jenkins Starr, LLC v. Cont'l Ins. Co.,* 601 F. Supp. 2d 344, 346 (D. Mass. 2009) (treating Plaintiffs' "Motion for Declaratory Judgment" as a motion for summary judgment).

7. However, Plaintiffs' motion for entry of judgment does not comply with Fed. R. Civ. P. 56 or Local Rule 56(b), which require that a motion for summary judgment be accompanied by a statement of uncontested facts.

8. So, once again, Plaintiffs' motion is wholly improper and should be stricken.

**WHEREFORE**, defendant PRSA requests that the Court strike Plaintiffs' Motion for Entry of Judgment at Docket No. 60.

RESPECTFULLY SUBMITTED.

**I hereby certify** that today I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.
 In San Juan, Puerto Rico, this 5th day of July, 2017.

**MORELL, BAUZÁ, CARTAGENA & DAPENA**
PO Box 13399
San Juan, PR 00908
Tel.  787-723-1233
Fax. 787-723-8763

*/s/ German J. Brau*
German J. Brau
USDC PR No. 202805
Email: german.brau@mbcdlaw.com

*/s/ Ramón E. Dapena*
Ramón E. Dapena
USDC PR No. 125005
Email: ramon.dapena@mbcdlaw.com

*/s/ Iván J. Lladó*
Iván J. Llado
USDC PR No. 302002
Email: ivan.llado@mbcdlaw.com

*Counsel for Defendant Puerto Rico Shooting Association a/k/a Federación de Tiro de Armas Cortas y Rifles de Puerto Rico*