**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Jose A. Cruz-Kerkado, Phoenix Military Institute, Corp., and Centro de Adiestramientos Tácticos de Puerto Rico Corp., Damas de la Segunda Enmienda, Corp. a/k/a Ladies of the Second Amendment and Gun Rights and Safety Association of Puerto Rico, Inc. a/k/a Puerto Rico NRA State Association<br>*Plaintiffs*<br>v.<br>Commonwealth of Puerto Rico (by way of the Puerto Rico Department of Justice a/k/a *Departamento de Justicia)*, Puerto Rico Police Department a/k/a *Policia de Puerto Rico*, Puerto Rico Department of Leisure and Sports a/k/a *Depatamento de Recreación y Deporte*, and the Puerto Rico Shooting Association a/k/a *Federación de Tiro de Armas Cortas y Rifles de Puerto Rico*<br>*Defendants* | CIVIL ACTION<br><br>Case No **3:16-cv-2748**<br><br><br>**Declaratory<br>And Injunctive Relief**<br><br>Constitutional Rights |

**PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

**COMES NOW,** the Plaintiffs through the undersigned attorney, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, file the following Motion for Summary Judgment, Statement of Uncontested Facts and Memorandum of Law in Support thereof and very respectfully requests Summary Judgment *for the plaintiffs* as a matter of law:

1.      The plaintiffs Jose A. Cruz-Kerkado, Phoenix Military Institute, Corp., Centro de Adiestramientos Tacticos de Puerto Rico, Corp., Damas de la Segunda Enmienda, Corp. a/k/a Ladies of the Second Amendment and Gun Rights and Safety Association of Puerto Rico, Inc. a/k/a Puerto Rico NRA State Association, (collectively referred herein as "plaintiffs"), filed an *Amended Complaint* for Declaratory and Injunctive Relief against defendants the Commonwealth of Puerto Rico, the Puerto Rico Police Department, the Puerto Rico Department of Leisure and Sports and the Puerto Rico Shooting Association (collectively referred herein as the "defendants").

2.      Cruz-Kerkado is an Armed Forces veteran that teach self-defense and firearm safety to civilians and advanced tactical self-defense courses to law enforcement.  Damas de la Segunda Enmienda, Corp. and the Gun Rights and Safety Association of Puerto Rico, Inc. members, like Cruz-Kerkado, but for the regulation in question, would fully exercise their Second Amendment right to teach, train and practice firearm *safety* and *self-defense* **unassociated** with an athletic sport. Phoenix is a veteran-owned educational not-for-profit institution with teaching on self-defense and *non-sport* related firearms training.  For approximately fifteen years, Phoenix has taught municipal and state police officers, security guards, business owners and many law-abiding civilians, the skills necessary to defend themselves, prevent and try to survive various dangerous situations. Skills not taught behind a stationary gun-range booth, with Olympic style shooting practice at non-moving targets, by instructors who may not have real-life combat experience.

3.      For thousands of Puerto Rico law-abiding citizens, like Kerkado, to purchase the firearms and ammunition to practice, they are required to *purchase* a post-licensing permit known as "Target Shooting" from the Puerto Rico Police. Said permit requires each permit holder to purchase and maintain active membership with a Target Shooting gun-club authorized by the Puerto Rico Shooting Federation. The permit holder is required to purchase a Federation Stamp as prerequisite to renewing his/her weapons license, every five years. This mandatory affiliation to a privately own Federation gun-club and the purchase of the Federation Stamp. Without said Target Permit, each individual face severe restrictions on the purchase of firearms and ammunition, and is unreasonably prohibited from engaging in adequate ongoing firearm safety practice or training. Not to mention a substantial financial burden because of required private gun-club memberships.

4.   Plaintiffs challenge Puerto Rico Weapons Act sections and administrative regulation to the extent that, they:

a. Require a target-shooting permit to the Weapon License, to purchase and own more than two firearms and/or fifty rounds of ammunition per weapon, per year. Without said permit the licensee faces said restrictions on his license.

b. The target-shooting permit to the Weapon License, also requires the individual to maintain a paid active membership with the sports Federation's affiliated (private) gun-clubs. Without gun-club membership the licensee cannot obtain or renew the target-shooting permit.

c. The target-shooting permit holder must pay for a Federation Stamp fee as part of his/her Weapon License renewal process. Without purchase of Federation Stamp, the licensee cannot renew target-shooting permit with the license.

d. Without Federation's endorsement, non-sport related gun-clubs cannot exist.

e. Without the purchase of a $250.00 Internal Revenue Stamp Tax, a licensee cannot apply and obtain Conceal Carry permit to carry for self-defense.

5.    The challenged sections **infringe** plaintiffs' and association member's *individual* Second Amendment right of the United States Constitution, it restricts plaintiffs' right to freely associate for a lawful purpose and unlawfully *tax* a potential life-saving Constitutional right. But for the above-referenced regulations prohibiting the lawful purchase and training for firearm safety and self-defense, **unconnected** with athletic sports or the "sports" Federation, plaintiffs would fully exercise their right to keep and bear arms guaranteed by the Second Amendment. But for the above-referenced regulations prohibiting non-sport related gun-clubs, plaintiffs Phoenix and CAT would provide a firearm safety and self-defense training facility that is consistent with the right to keep and bear arms guaranteed by the Second Amendment.

6.    The Puerto Rico Shooting Association rejected plaintiff Kerkado's proposed training facility, and without this sport federation's endorsement, plaintiff cannot obtain Sport's certification and a Police's license to operate an educational facility unconnected with any sport.

7.    But for the above-referenced regulations imposing a Stamp Tax on conceal carry permit applicant, plaintiffs would also avail themselves of the Conceal Carry permit process. The

$250.00 Tax Stamp constitutes abridgement of the Second Amendment. The fundamental right to self-defense should not be conditioned upon the payment of *tax* to the Puerto Rico Police. Said tax conditions a fundamental right to his/her ability to pay the excessive tax of **323%** on the filing fee ($78) to commence the *ex-parte* petition process for a conceal carry permit with the State Courts.

8.     The regulation at issue and sections of the P.R. Weapons Act in question, enforce a few impermissible restrictions that infringe on an individual's right to lawfully possess and carry firearms for self-defense. In this case, it is not the licensing scheme that is unconstitutional, but the unjustified restriction imposed on lawful gun owners without the target shooting "permit" and tax payment on conceal carrying permit *process*, itself. Restrictions that go beyond the licensing, but also infringe upon the lawful exercise by dissuading gun-owners from engaging in self-defense practice and conceal carry for self-defense. This is of paramount importance, because Puerto Rico is now faced with a massive power outage and law enforcement is engaged in emergency response because of the aftermath of Hurricane Maria. Citizens must defend themselves, protect their families and the home, including areas where law enforcement can't reach and in the dark of night.

9.     The Supreme Court has essentially ruled that Police does not have a constitutional duty to protect someone from harm. *Castle Rock v. Gonzales* 545 U.S. 748 (2005). It is the duty of each individual to protect themselves. Self-defense is "the central component" of the Second Amendment. *District of Columbia v. Heller* 554 US 570 (2008). As such, said amendment was not intended to secure the right of a few to practice Olympic sports, but to allow citizens to have the individual right to possess and carry a weapon for a lawful purpose, this includes a fundamental right to *self-defense*.[1] The Commonwealth recognized the justifiable use of force by citizens by

---

[1]  *"If the fundamental right of self-defense does not protect Caetano, then the safety of all Americans is left to the mercy of state authorities who may be more concerned about disarming the people than about keeping them safe."* - Supreme Court Justice Alito on *Caetano v Massachusetts* (2016).

way of an affirmative defense ("legítima defensa") from prosecution for the use of deadly force. As such, the Commonwealth has an obligation to accommodate the exercise of a recognized legal rights, in the least restrictive way possible, without imposing unwarranted hardship on the exercise by lawful citizens. An attempt to control unlawful use of firearms should not be tailored to impose a substantial burden on citizens, who abide by the law.

10.    Plaintiffs seek a declaratory judgment that defendants' regulations which includes portions of Puerto Rico Weapons Act sections 1.02(m), 3.01(c), 3.02 (A), 3.03 (7), 3.04 (B), 3.04 (D), 3.06, 2.02 (D), 6.02, and 2.05 (A), as well as its corresponding Police and Sports regulation, infringe the Second Amendment, in as much as the required target shooting permit, federation gun-club membership and Tax Stamp are unlawful and unenforceable, because it infringe Second Amendment and Fundamental Rights.

**WHEREFORE**, Plaintiffs request that the Court ***grant*** its Motion for Summary Judgment.

The plaintiffs request that this Court:

A.  Grant a declaratory judgment that defendants' regulation which includes portions of Puerto Rico Weapons Act sections 1.02(m), 3.01(c), 3.02 (A), 3.03 (7), 3.04 (B), 3.04 (D), 3.06, 2.02 (D), 6.02, and 2.05 (A), as well as its corresponding Police and Sports regulation, infringe the Second Amendment;

B.  Issue a Preliminary and Permanent Injunction enjoining and restraining defendants from enforcing their rules and regulations prohibiting non-sport gun-clubs and non-membership to gun-clubs and non-payment of the Conceal Carry Stamp Tax;

C.  Award the plaintiffs relief as allowed by statute and common law;

D.  Award the plaintiffs attorney's fees and costs pursuant to 42 U.S.C. §1988(b); and

E.  Award such other and further relief as the Court deems just, proper and equitable, including costs, pre-judgment and post-judgment interest.

Respectfully submitted.

In San Juan, Puerto Rico, this 27th day of October 2017.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to parties by operation of the Court's electronic filing system. Parties may access the filing through Court's system.

Respectfully submitted,

/S/ Humberto Cobo-Estrella, Esq.
**Humberto Cobo-Estrella, Esq.**
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: _hcobo@hcounsel.com_