UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. CRUZ-KERKADO, *ET AL* <br><br> Plaintiffs <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO, *ET AL* <br><br> Defendants | CIVIL NO. 16-2748 (ADC) |

**PRSA'S MOTION TO DENY OR, IN THE ALTERNATIVE, HOLD IN ABEYANCE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DKT NO. 63) PENDING A RULING ON PRSA'S MOTIONS TO DISMISS (DKT NO. 50)**

Defendant Federación de Tiro de Armas Cortas y Rifles de Puerto Rico a/k/a the Puerto Rico Shooting Association ("PRSA"), by counsel, and without submitting to this Court's jurisdiction, respectfully requests that this Court deny or, alternatively, hold in abeyance Plaintiffs' motion for summary judgment (Docket No. 63).

**INTRODUCTION**

Since the conception of this § 1983 case, one thing is clear (per Plaintiffs' own complaint): PRSA is a private entity—not a "state actor"—and its denial of Plaintiff Kerkado's request for PRSA affiliation is not attributable to the State. As such, it is blackletter law that Plaintiffs' § 1983 claim against PRSA cannot survive. PRSA filed, for

1

this reason, a motion to dismiss for failure to state a claim, Docket No. 50, which has been fully briefed and is pending before the Court.

Plaintiffs have tried to distract the Court's attention from PRSA's motion through meritless filings. On January 20, 2017, Plaintiffs filed a "Motion for Declaratory Judgment". Docket No. 35. This motion was struck upon PRSA's request, as it was wholly improper. Docket Nos. 36, 44. On June 28, 2017, Plaintiffs filed yet another "Motion for Declaratory Judgment". Docket No. 60. PRSA again moved to strike and the Court struck that motion as well. Docket No. 62.

Four months later, Plaintiffs filed a motion for summary judgment, which (1) violates the Local Rules of the District and Fed. R. Civ. P. 56; (2) is premature; and (3) forces PRSA to incur time and resources, notwithstanding that its pending motion to dismiss could render the motion for summary judgment moot.

Therefore, PRSA requests that the Court deny, or, alternatively, hold in abeyance Plaintiffs' motion for summary judgment, until the Court rules on PRSA's motion to dismiss.

## ARGUMENT

**1. For the Third Time, Plaintiffs Have Violated the Local Rules and the Federal Rules of Civil Procedure**

Local Rule 56(b) provides that when a motion for summary judgment is filed, "each fact asserted in the statement [of facts] shall be supported by a record citation" as

required by Local Rule 56(e). *See also* Fed. R. Civ. 56 (requiring a movant to support factual positions by "citing to particular parts of material in the record"). Local Rule 56(e) states:

> An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.

Plaintiffs' motion for summary judgment completely disregards this rule. Out of twenty-seven (27) assertions in the "Statement of Uncontested Facts", twenty-six (26) make reference to allegations in the amended complaint. And nineteen (19) of these proposed facts[1] cite <u>no other support</u> than the allegations in the complaint—most of which <u>were denied by PRSA</u> in its answer to the amended complaint. Docket No. 57.

It is well known that allegations in the complaint are not evidence. *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n. 2 (7th Cir. 2006) ("mere allegations of a complaint are not evidence."); *Woods v. Galan*, No. 10 C 7947, 2012 WL 4795899, at *1 (N.D. Ill. Oct. 9, 2012) (the only mention of [the defendant] comes in reference to the complaint . . . which is not evidence and cannot support a plaintiff's burden to produce evidence at the summary judgment stage").

---

[1] See Statement of Facts, Docket No. 63-2, ¶¶ 1-3, 5-8, 10-12, 17-18, 21-27.

So, those assertions in Plaintiffs' Statement of Facts that cite only the amended complaint are not properly supported (since they do not cite evidence on the record) and run afoul Local Rule 56(e) and Fed. R. Civ. P. 56.[2]

PRSA, unlike the other co-defendants, is a private entity. Its motion to dismiss explains precisely why a §1983 claim against it cannot survive, under Supreme Court precedent. And Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment, as well as its Statement of Uncontested facts, contain zero arguments (or facts) as to how the conduct of PRSA—a private entity—is attributable to the State.

Defendants thus request that the Court deny, or hold in abeyance Plaintiffs' motion for summary judgment until the Court rules on PRSA's motion to dismiss.

2. **In Light of PRSA's Motion to Dismiss, Plaintiffs' Motion for Summary Judgment is Premature, And Will Force the Parties to Unnecessarily Incur Time and Expenses at This Stage**

The procedural history of this case makes clear that a motion for summary judgment at this stage is premature and will constitute a waste of the Court's and the parties' resources.

On September 1, 2016, Plaintiffs filed a § 1983 complaint against PRSA and other parties, alleging violations to the First, Second and Fourteenth Amendments. PRSA

---

[2] Local Rule 56(e) states that in these cases, "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."

4

moved to dismiss because PRSA is a private (nongovernmental) entity and because its actions do not constitute state action attributable to the Commonwealth of Puerto Rico. Plaintiffs filed an opposition, and PRSA submitted a reply brief in support of its motion to dismiss. The Court subsequently found that "the complaint . . . [was] hardly a model of clarity or draftsmanship" and urged Plaintiffs to amend the complaint. Docket No. 27.

Plaintiffs filed an amended complaint on January 4, 2017. Docket No. 29. However, because the amended complaint was again devoid of any allegations that plausibly showed that PRSA's conduct was attributable to the State, PRSA filed another motion to dismiss as to the § 1983 claim against it. Plaintiffs filed an opposition and PRSA filed a reply brief.

PRSA thus has already incurred substantial amount of time and resources, due to the two complaints filed by Plaintiffs, and because it has also been obliged to file two separate motions to strike as a result of Plaintiffs' improper requests for declaratory judgment.

At this juncture, Plaintiffs' motion for summary judgment is simply not appropriate, especially in light of PRSA's motion to dismiss. Moore's Federal Practice states that "summary judgment motions usually are not appropriate at the very outset of litigation, when the record consists only of the pleadings." 11-56 Moore's Federal Practice – Civil § 56.60.  In addition, Courts have held that in cases like these where a motion to

dismiss is pending, the filing of a pre-discovery motion for summary judgment is premature. *See e.g.*, *Adams v. Town of Montague*, Civil No. 14-30178 (MGM), 2015 WL 1292402, at *1 (D. Mass. Mar. 23, 2015) (because "the parties have not conducted discovery and Plaintiffs did not include any evidence in support of their motion for summary judgment, Plaintiffs' motion for summary judgment is premature, and the Court will resolve the motion to dismiss rather than undertaking a summary judgment.").

A ruling on PRSA's motion to dismiss would ensure a just, speedy and inexpensive determination of this case. *See* Fed. R. Civ. P. 1. Fully briefing a summary judgment motion—when motions to dismiss are pending, and PRSA has already had to respond to two complaints and two (improper) motions for declaratory judgment—would not.  PRSA submits that the motion for summary judgment is premature, until its motion to dismiss has been ruled upon.

**WHEREFORE,** Defendant PRSA respectfully requests that this Honorable Court deny or hold in abeyance Plaintiffs' motion for summary judgment, pending a ruling on PRSA's motion to dismiss for failure to state a claim.

**RESPECTFULLY SUBMITTED**.

### CERTIFICATE OF SERVICE

It is hereby certified that today I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 3rd day of November, 2017.

**MORELL, BAUZÁ,**
**CARTAGENA & DAPENA**
PO Box 13399
San Juan, PR 00908
787-723-1233
Fax: 787-723-8763

*/s/ German J. Brau*
German J. Brau
USDC PR No. 202805
Email: german.brau@mbcdlaw.com

*/s/ Ramón E. Dapena*
Ramón E. Dapena
USDC PR No. 125005
Email: ramon.dapena@mbcdlaw.com

*/s/ Iván J. Lladó*
Iván J. Llado
USDC PR No. 302002
Email: ivan.llado@mbcdlaw.com

*Counsel for Defendant Federación de Tiro de Armas Cortas y Rifles de Puerto Rico a/k/a the Puerto Rico Shooting Association*