IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jose A. Cruz-Kerkado, *et al.* *Plaintiffs* v. Commonwealth of Puerto Rico, *et al.* *Defendants* | CIVIL ACTION Case **3:16-cv-2748** Declaratory Judgment |

**Plaintiffs' response to Defendant PRSA
"Motion to withdraw without prejudice certain Arguments…"**

**To the Honorable Court:**

**THE** Plaintiffs through undersigned counsel respectfully allege and respond:

Defendant *Federacion de Tiro de Armas Cortas y Rifles de Puerto Rico* a/k/a the Puerto Rico Shooting Association ("PRSA") has filed a motion to withdraw "certain argument" from its motion to dismiss. (Dkt. #70). After countless PRSA pleadings and relentless efforts attempting to frame this case into a §1983 controversy, now withdraw its affirmative defense: PRSA actions are not attributable to the State.

This case is not about the PRSA. Although the PRSA was initially brought as an indispensable party and monetary compensation was sought for damages, shortly after filing the initial Complaint, with the filing of an Amended Complaint and leave from the Court, said claim was voluntarily withdrawn by the plaintiffs. Exclusively circumscribing the controversy of this case to: Plaintiff's request for a declaratory judgment against the Commonwealth of Puerto Rico. The Court is asked to consider:

A) Does requiring mandatory affiliation of gunowners to the PRSH Clubs and PRSH Federation by law, infringe citizen's Second Amendment right.

      a. When they want to engage in non-sport related target practice.

      b. When they want to purchase and own more than two (2) firearms.

      c. When they want to purchase and own more than fifty (50) rounds of ammunition per weapon, per year.

      d. When the law requires purchasing a PRSA Federation Stamp for the weapon license's target practice permit renewal process.

B) Does requiring gunowners to pay a mandatory $250 tax stamp to Puerto Rico Police Department, as required by law for conceal carry permit application (processed by State Courts) infringe citizen's Second Amendment right.

In this case, we have seen the PRSA make ferocious efforts to try to prevent the plaintiffs from advancing their case. Naturally the PRSA is protecting its livelihood, as mandatory affiliation provides the Federation with a sure and steady flow of cash.

The Commonwealth, however, has relied on its symbiotic relationship with the PRSA, essentially adopting PRSA arguments. But in that process, the Commonwealth has failed to demonstrate how the above-mentioned requirements benefit its efforts to keep guns away from criminals. It hasn't even proffer substantial arguments on how these bizarre anachronism requirements serve any kind of public interest.

For this Court to determine constitutionality of above referenced requirements, the presence of the PRSA in this case, is no longer necessary. As a matter of fact, since December 12, 2017, the plaintiffs engaged PRSA counsel in an effort to find a way for the PRSA to be removed from the case, and at the same time expedite this process.

Attached the Court will find copies of electronic correspondence sent to PRSA Counsel on December 12, 2017, December 19, 2017, and January 1, 2018. (Exhibits) Defendant PRSA has kept quiet and counsel Dapena has failed to respond to our inquiries to find a way to simply the case's controversies. Truth be told, it has been 475 days since the case began on September 29, 2016, and because of PRSA relentless efforts to attempt to dismiss the case from the get-go with its plethora of arguments, no discovery in the case has been done, no joint scheduling memorandum was file, and no court hearing was held. The case hasn't moved forward from its initial stage, and now plaintiff's efforts to remove the PRSA from the case, and the PRSA motion to withdraw some arguments, may expedite this case.

A ruling of this Court to ease the financial burden of law-abiding citizens now, to arm themselves against the growing wave of violence, could help save lives. By making the already complicated process of obtaining a weapon license, affordable.

**WHEREFORE**, for the reasons set forth herein, plaintiffs ask the Court to issue a favorable ruling in the case, but if case is to be dismissed with regards to PRSA, plaintiffs respectfully ask it be dismissed without prejudice, and without attorney fees.

In San Juan, Puerto Rico, this 17th. Day of January 2018.

Respectfully submitted,

/S/ Humberto Cobo-Estrella, Esq.
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451 San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140 Email: hcobo@hcounsel.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiffs*