IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jose A. Cruz-Kerkado, et al., *Plaintiffs* v. Commonwealth of Puerto Rico, et al. *Defendants* | CIVIL ACTION<br><br>Case No **3:16-cv-2748** |

**MOTION FOR RECONSIDERATION
OF OPINION & ORDER (Dkt. #72) & JUDGMENT (Dkt. #73)**

**PLAINTIFFS**, by their attorney, respectfully move the Court for reconsideration of the *Opinion & Order* (Dkt. #72) and the *Judgment* (Dkt. #73) issued on this day.

The Opinion asserts "Plaintiffs simply assume, without supporting facts, argument, or authority, that individuals have an absolute right to *a particular style* of *tactical* firearm training under the Second Amendment." *Opinion & Order*, Dkt. #72, pg. 17. (Emphasis) Yet the issue here is precisely that the Commonwealth of Puerto Rico in conjunction with the Puerto Rico Shooting Association allows for NONE. No "tactical" or related "style" of firearm training is allowed.

Supporting facts were timely presented to the Court with Plaintiff's Oppositions (Dkt. #55 & Dkt. #56) and Plaintiff's subsequent Supplemental Opposition to PRSA and Commonwealth Motions to Dismiss (Dkt. #58-1) **Exhibit I** Although not filed separately, it was filed on 3/30/2017 with its corresponding motion for leave to file. (Dkt. #51) Which include PRSA's own *admissions*:

**Individual Target Practice Permit**

1. Puerto Rico Law requires PRSA affiliation for individual target shooting permits. (Dkt. 57, ¶21, pg. 8)
2. **Puerto Rico Law requires PRSA affiliation by individuals to obtain a target practice permit**. (Dkt. 57, ¶18, pg. 7)
3. **Puerto Rico Law requires PRSA mandatory association**. (Dkt. 57, ¶27, pg. 9)
4. **PRSA charges a fee to members**. (Dkt. 57, ¶21, pg. 9)
5. **Individuals pay to the PRSA a $12 membership fee every 3 year**. (Dkt. 57, ¶18, pg. 7)

1

6. PRSA has sponsored Olympic target shooting athletes, has received public assistance for sport activities, and does lobbying activities for related regulation. (Dkt. 57, ¶21, pg. 8-9)

**Target Shooting (Gun-Club) Range**

7. Puerto Rico Law requires PRSA affiliation for a license to operate a shooting range. (Dkt. 57, ¶21, pg. 8)
8. Without PRSA affiliation, plaintiffs cannot obtain a permit from the government to operate a target shooting range. (Dkt. 57, ¶3, pg. 2)
9. **Under Puerto Rico Law, PRSA affiliation is required for issuance of permit to operate a gun-range facility**. (Dkt. 57, ¶8, pg. 3)
10. **PRSA admits that Puerto Rico law requires affiliation to issue gun-range permits, which include a financial payment**. (Dkt. 57, ¶16, pg. 6)
11. PRSA affiliated gun clubs pay membership fees (annual fee) of $25.00.
12. Target shooting sport activities are the normal way in which guns are employed by PRSA members. (Dkt. 57, ¶16, pg. 6)
13. PRSA is a sports-geared organization… (Dkt. 57, ¶17, pg. 7)
14. PRSA seeks to regulate sport of shooting in Puerto Rico. (Dkt. 57, ¶21, pg. 8)
15. **PRSA collect fees to pay for its expenses and sports activities**. (Dkt. 57, ¶18, pg. 7)
16. PRSA conducted inspections of plaintiffs proposed shooting range. (Dkt. 57, ¶21, pg. 8)
17. Phoenix did not comply with PRSA standards (Dkt. 57, ¶36, pg. 11).

Individuals have the right to disagree with the "particular style" of firearm training imposed by the Commonwealth and the PRSA, because it ALSO *requires* affiliation and support of PRSA standards. Assuming *arguendo* the Opinion's assertion is true, the same can be said of the PRSA:

> "Defendant PRSA simply assume, without supporting facts, argument, or authority, that PRSA has the absolute right to impose its particular style of Olympic firearm training under the Second Amendments to individuals."

The Commonwealth currently forces individual compliance with the "particular style" of PRSA. It prevents individual self-defense training, which is what the Second Amendment was envisioned to permit. Individual self-defense is the core of the Second Amendment. If an individual is not

permitted to train in a self-defense manner and forced to train in an Olympic style shooting, this *infringes* individual capability of proficiently exercising his right to self-defense, AND it infringes in the process his or her right to *free association*, if to do so he/she must affiliate with the PRSA.

That's what the plaintiffs sought to change, the "absolute right" given by law to a private entity to tell the plaintiffs how to engage in training related to the Second Amendment. It is the *affiliation requirement* associated with the exercise of the Second Amendment that infringes plaintiffs' rights. The PRSA affiliation required by law for firearm training of any kind is also the core of the free association claim. Yet, the Opinion asserts plaintiff's claim that PRSA infringes their right to freely associate is "insufficient". As if paying for PRSA Stamp to renew Weapon License wasn't enough and non-PRSA affiliated gun-clubs are not allowed to exist by law.

Assuming *arguendo* associations lacked standing to assert claims on behalf of members, in this case, at least one individual plaintiff Cruz-Kerkado has standing on behalf of Phoenix and CAT, **"…the Court also considers Cruz-Kerkado to have standing to challenge PRSA's affiliation rejections of Phoenix…"** *Opinion & Order*, Dkt. #72, pg. 11. The Opinion also asserts **"…the Court considers Cruz-Kerkado to have asserted injuries causally connected to the defendants' conduct that may be redressed by the requested relief. Similarly, Phoenix and CAT, as entities, have standing based on the adverse affiliation and permitting decisions allegedly rendered against them."** *Opinion & Order*, Dkt. #71, pg. 12. These assertions are contradictory to the Opinion's assertion that "*None of these organizations have identified a single* ***member who intends to obtain, sought to obtain but was denied, or had revoked any of the permits at issue or affiliations****. Likewise, the organizations failed to* **identify a single member seeking, enrolled in, or even generally interested in the specific brand of tactical training proposed in Phoenix's rejected affiliation application**." *Opinion & Order*, Dkt. #71, pg. 12-13. Paragraph of the Amended Complaint (Dkt. #29) stated that Recreation & Sport deny Phoenix Instructor's licenses:

3

17. On August 18, 2016, the **federation sent a letter to Phoenix refusing to accept its affiliation requ**est. Without the federation's endorsement and certificate of affiliation Phoenix's proposed training facility can't be used for firearm education. A previous attempt by Phoenix to comply with affiliation requirement, by registering a Puerto Rico Tactical Shooting Association, was initially "certified" as a bona fide organization by the Sports Department in 2015, and **Phoenix instructors were licensed by Sports, only to be later met with fierce resistance under pressure by the federation, and in 2016, their instructor's license were unlawfully denied by Sports, at behest of the federation**. Per Sports officials, they made a mistake and should not have certified Phoenix's shooting association. Federation's refusal to grant affiliation to Phoenix and endorsement of its facility, is a reprisal for Phoenix's attempt to start a comparable "tactical" association with a non-sport "self-defense" approach. **The federation also sought to prohibit Phoenix from engaging in training of its students, by requesting in writing that all gun-clubs refrain from allowing Phoenix to use their facilities, and simultaneously, has denied Phoenix the opportunity to open its own** training facility in Hatillo. This hypocrisy is a fraudulent way to induce Phoenix to conform to federation's "Olympic" athletic standards. Amended Complaint, Dkt. #29, ¶17, pg. 5.

Commonwealth Sports & Recreation Department officials have already **refused to certify Phoenix instructors, without the required PRSA affiliation certificate**. Amended Complaint, Dkt. #29, ¶36, pg. 16.

In this case plaintiff Cruz-Kerkado, specifically asserted that "*Cruz-Kerkado does not want to associate, financially support or affiliate with a paid membership to Puerto Rico Shooting Association's affiliated gun-clubs and the federation, as required by the Puerto Rico Weapon's Act target-shooting permitting scheme.*" Amended Complaint, Dkt. #29, ¶1, pg. 1-2. Cruz-Kerkado is a member of both plaintiff's organizations Phoenix and CAT.

**PLAINTIFFS** respectfully move the Court for reconsideration of its Opinion & Order (Dkt. #72) and Judgment (Dkt. #73), given that at least one plaintiff Cruz-Kerkado had standing (per Court's Opinion) to asserts rights of claims brought by him, on behalf of Phoenix and CAT. In San Juan, Puerto Rico, on this 5th. day of April 2018.

Respectfully submitted,

/S/ Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiffs*
